UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x
                                          :
In re DIGITAL MUSIC ANTITRUST            :   MDL Docket No. 1780 (LAP)
LITIGATION                                :   ECF Case
—————————————————————— x


**JOINT RESPONSE TO PLAINTIFFS' MEMORANDUM OF SUPPLEMENTAL
AUTHORITIES, BY DEFENDANTS TIME WARNER INC., SONY
CORPORATION OF AMERICA AND BERTELSMANN, INC.**

Peter T. Barbur
Rachel G. Skaistis
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
*Attorneys for Defendant Time Warner
Inc.*

Joseph Kattan, PC
Georgia K. Winston
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 955-8500

Scott A. Edelman
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East
Los Angeles, CA 90067-3026
(310) 552-8500
*Attorneys for Defendant Sony Corporation of
America*

Alan Wiseman
Mark C. Schechter
Thomas A. Isaacson
HOWREY LLP
1299 Pennsylvania Ave, N.W.
Washington, DC 20004-2402
(202) 783-0800
*Attorneys for Defendant Bertelsmann,
Inc.*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................ ii

PRELIMINARY STATEMENT ...................................................... 1

ARGUMENT .............................................................................. 1

I.   Plaintiffs Mischaracterize the Second Circuit's Opinion in This Case................... 1

II.  Plaintiffs Have Not Alleged Any Antitrust Violations by Time Warner................ 3

   A.   Plaintiffs Do Not Allege Facts Sufficient To Pierce the Corporate Veil as To Either WMG or AOL ................................................. 3

   B.   Plaintiffs' Allegations Relating To AOL Independently Fail On the Merits ......................................................................... 4

III. Plaintiffs' Allegations Fail to Support Antitrust Conspiracy Claims against Defendant Sony Corporation of America ................................ 5

IV.  Plaintiffs' Allegations against Bertelsmann Inc. Fail ........................... 8

CONCLUSION............................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................5

*De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65 (2d Cir. 1996) ................................6

*Medina v. Bauer*, No. 02-civ-8837, 2004 WL 136636 (S.D.N.Y. Jan. 27, 2004)
(Chin, J.)........................................................................................................2

*Reynolds Metals Co. v. Columbia Gas Sys., Inc.*, 669 F. Supp. 744 (E.D. Va.
1987) ...............................................................................................................3

*Starr v. SONY BMG Music Entm't*, 592 F.3d 314 (2d Cir. 2010) ........................2

*United States v. Bestfoods*, 524 U.S. 51 (1998) ....................................................4

Pursuant to the Court's June 1, 2010 Stipulation and Order, defendants Time Warner Inc. ("Time Warner"), Sony Corporation of America ("SCA") and Bertelsmann, Inc. ("Bertelsmann Inc.") (collectively, the "Parent Companies") respectfully submit the following memorandum in response to Plaintiffs' Memorandum of Supplemental Authorities in Further Opposition to the Pending Motions to Dismiss the Complaint ("Supp. Auth. Br.").

## PRELIMINARY STATEMENT

Although styled as a brief discussing "supplemental authorities", plaintiffs' brief in fact neither cites nor discusses any new authorities bearing on the Parent Companies' motions to dismiss.  Instead, and directly contrary to the Court's instructions at the May 19 status conference, plaintiffs simply quote portions of the Second Circuit's decision in this case and use these quotes as an excuse to rehash arguments that have already been briefed and argued.  Nothing contained in plaintiffs' Supplemental Authorities Brief changes the fact that plaintiffs simply have not pleaded that the Parent Companies played any role in the alleged conspiracy.

## ARGUMENT

### I.    Plaintiffs Mischaracterize the Second Circuit's Opinion in This Case

The only purpose of the Supplemental Authorities Brief was to allow the plaintiffs to inform the Court of any relevant decisions that have been handed down since the pending motions to dismiss were briefed.  In its discussion of the Parent Companies' motions, however, plaintiffs' brief does not cite *any* authority except the Second Circuit's opinion in this case, an opinion of which the Court was obviously already aware.

1

Plaintiffs' reliance on the Second Circuit's opinion is misplaced in the first instance because the Second Circuit explicitly did *not* consider any of the issues raised in the Parent Companies' motions to dismiss. *See Starr v. SONY BMG Music Entm't*, 592 F.3d 314, 327 n.6 (2d Cir. 2010) ("On appeal, three parent-company defendants . . . argue that even if the [complaint] states a claim under *Twombly*, it fails to state a claim against them because plaintiffs allege no basis for piercing the corporate veil. Because the district court did not reach this question . . . *we remand to allow the district court to consider it in the first instance*.") (emphasis added). Accordingly, by its own terms, the Second Circuit's opinion has no bearing on the Parent Companies' motions to dismiss. Moreover, by claiming that when the Complaint is "[p]roperly characterized", they "have alleged the *direct involvement* of the Parent Companies in the conspiracy", plaintiffs have essentially disavowed any veil-piercing theory. (Supp. Auth. Br. at 1 (emphasis in original).)

Plaintiffs also misinterpret the portions of the Second Circuit opinion that they quote. Each of the cited quotations refers to the Second Circuit's characterizations of allegations relating to unspecified "defendants", spelled with a lowercase "d". The Second Circuit was merely referring to defendants in a general sense, for the purpose of describing the alleged conduct at issue. As it explicitly stated with respect to the Parent Companies, the Second Circuit was not suggesting that every entity sued by plaintiffs engaged in that conduct. The law is clear that plaintiffs cannot rely on general allegations of misconduct against an amorphous group of "defendants" to support a cause of action against any specific individual defendant. *See Medina v. Bauer*, No. 02-civ-8837, 2004 WL 136636 at *6 (S.D.N.Y. Jan. 27, 2004) (Chin, J.) (dismissing claims against three of

2

the several defendants in the case because "[b]y lumping all the defendants together and failing to distinguish their conduct, plaintiff's amended complaint fails to satisfy the requirements of Rule 8 [of the Federal Rules of Civil Procedure]. Specifically, the allegations fail to give adequate notice to these defendants as to what they did wrong."). In particular, an antitrust plaintiff does not state a claim against a parent company merely by grouping the parent together in the complaint with a subsidiary that is alleged to have engaged in anticompetitive behavior. *See Reynolds Metals Co. v. Columbia Gas Sys., Inc.*, 669 F. Supp. 744, 750 (E.D. Va. 1987) (*cited in* Time Warner's Supplemental Reply Memorandum in Support of Motion to Dismiss at 5). Nothing in the Second Circuit's general use of the term "defendants" overruled this settled legal principle.

Moreover, many of the quoted allegations make no sense as applied to the Parent Company defendants. For example, plaintiffs refer to general allegations concerning the "defendants'" license agreements and MFN provisions supposedly contained in those agreements. (Supp. Auth. Br. at 3.) However, it is undisputed that the Parent Companies are not parties to any of these license agreements, regardless of whether they contain MFNs. Nor could the Parent Companies have raised "wholesale prices" (*id.* at 4) since it is undisputed that none of the Parent Companies is a wholesaler of music.

## II.     Plaintiffs Have Not Alleged Any Antitrust Violations by Time Warner

### A.      Plaintiffs Do Not Allege Facts Sufficient To Pierce the Corporate Veil as To Either WMG or AOL

In their brief, plaintiffs purport to refer to allegations that would support a theory of "direct" liability against Time Warner. (Supp. Auth. Br. at 1.) In fact, however, *not one* of these allegations describes any action taken by Time Warner itself.

3

Indeed, every allegation in plaintiffs' brief that mentions Time Warner describes acts performed by former Time Warner subsidiaries Warner Music Group ("WMG") (*see* Supp. Auth. Br. at 1, 2, 4, 5) and AOL (*see id.* at 3), not by Time Warner itself. As extensively discussed in prior briefs (*see* Time Warner's Supplemental Memorandum in Support of Motion to Dismiss at 4-6; Time Warner's Supplemental Reply Memorandum in Support of Motion to Dismiss at 1-5), the law could not be clearer that Time Warner cannot be held liable for the acts of its subsidiaries absent allegations of domination and control that are simply not present here. *See, e.g., United States v. Bestfoods*, 524 U.S. 51, 61 (1998).

**B.    Plaintiffs' Allegations Relating To AOL Independently Fail On the Merits**

In its Supplemental Authorities Brief, plaintiffs suggest that a single allegation regarding AOL, a former Time Warner subsidiary, supports an antitrust claim against Time Warner. (Supp. Auth. Br. at 3.) However, even if plaintiffs could pierce the corporate veil between Time Warner and AOL—which they cannot—plaintiffs have not properly alleged an antitrust violation by AOL for which Time Warner could be held liable.

To begin with, this argument should not even be considered by the Court because it was abandoned by plaintiffs in the pending motion to dismiss briefing. Indeed, in its opening brief in support of its motion to dismiss (*see* Time Warner's Supplemental Memorandum in Support of Motion to Dismiss at 3 n.2, 6-8), Time Warner explicitly argued why plaintiffs' AOL allegations failed as a matter of law. Plaintiffs offered no response at all on that subject, and instead relied only on their argument that Time Warner is supposedly vicariously liable for the acts of WMG. Plaintiffs should not be

permitted to use their "supplemental authorities" brief to resurrect arguments that were previously abandoned.

In any event, plaintiffs' AOL allegations fail for the same reasons Time Warner already set forth—that is, the Complaint alleges only that AOL sells music to consumers. (Complaint ¶ 65.)  It does not allege that AOL participated in the purported conspiracy by music wholesalers to raise the prices paid by music retailers.  Indeed, as argued previously (*see* Time Warner's Supplemental Memorandum in Support of Motion to Dismiss at 6-8), such an allegation would be implausible because AOL is a music retailer, which, if anything, would have been a victim of the alleged conspiracy, not a participant in it.  Since plaintiffs cannot plausibly allege that AOL participated in the purported price-fixing conspiracy, plaintiffs have not stated a valid antitrust claim against AOL or, by extension, against Time Warner.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (stating that "plausible grounds to infer an agreement [to conspire]" must exist).

## III.   Plaintiffs' Allegations Fail to Support Antitrust Conspiracy Claims against Defendant Sony Corporation of America

Plaintiffs also have failed to allege any actionable conduct by SCA. Despite the length of the Third Amended Complaint, plaintiffs' Supplemental Authorities Brief points to only five paragraphs that purport to allege the "direct involvement" of SCA (referred to by plaintiffs as "Sony", *see* Complaint ¶ 23).  Among these, plaintiffs do not allege that SCA is a horizontal competitor of any of the other defendants, nor do they allege that SCA sold digital recorded music at the wholesale level, which is where plaintiffs allege the conspiracy occurred.  Accordingly, any putative liability that might be found against SCA could only be in its capacity as the indirect corporate parent of

5

Sony Music Entertainment Inc. ("SMEI") or Sony Music Entertainment ("SME"), or as a part owner of the joint venture SONY BMG Music Entertainment ("SONY BMG").[1]

Insofar as plaintiffs' allegations refer to SMEI, SONY BMG, SME or Sony Connect, neither the Complaint nor plaintiffs' Supplemental Authorities Brief has asserted any basis for piercing the corporate veil, and, accordingly, plaintiffs cannot impute the alleged conspiracy to SCA. *See De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996) ("To overcome the presumption of separateness afforded to related companies, plaintiffs must come forward with the showing of actual domination required to pierce the corporate veil.") (citations and internal quotation marks omitted).

Apart from whether plaintiffs have sufficiently alleged a veil-piercing theory, which they have not, the five paragraphs purporting to reference SCA as "Sony" (Complaint ¶¶ 58-60, 67, 72) and the allegations purporting to lump in SCA with all "Defendants" are insufficient to state antitrust conspiracy claims against SCA. First, plaintiffs' allegation that SCA sold music through Sony Connect (Complaint ¶ 60) fails to allege a conspiracy for the same reasons that plaintiffs' AOL allegations fail (*supra,* at 4-5): Sony Connect is a separate company that operated as a music *retailer*, and as such would have been injured by the alleged conspiracy to fix *wholesale* prices for digital recorded music. Tellingly, the Complaint contains no reference to Sony Connect at all

---

[1] Prior to the formation of SONY BMG in August 2004, SMEI, a wholly owned indirect subsidiary of SCA, contained Sony Corporation's recorded music business. As SCA advised the Court, Sony Corporation completed the acquisition of Bertelsmann's 50% stake in SONY BMG on October 1, 2008, and renamed the company Sony Music Entertainment, which is now a wholly owned indirect subsidiary of SCA. (*See* Notification of Corporate Name Change, Docket #122.)

other than the single allegation that it sold digital music online via the Internet. (Complaint ¶ 60.)

Next, plaintiffs' allegations that SCA purportedly launched and sold music through the pressplay joint venture, originally named "Duet" (Complaint ¶¶ 59, 67, 72)[2], are factually incorrect, as evidenced by the Justice Department's statement on the closing of its investigations of the joint ventures, which the Court can take judicial notice of and which correctly states that SMEI, and not SCA, launched and sold music through pressplay, a separate joint venture company. *See* Request for Judicial Notice, Exhibit 1. Furthermore, plaintiffs' allegation that SCA sold music to consumers through MusicNet (Complaint ¶ 58) is also factually incorrect and internally inconsistent with subsequent allegations in the Complaint. Neither SCA nor, for that matter, SMEI, SONY BMG or SME was ever involved in founding or operating the MusicNet joint venture, as evidenced by plaintiffs' subsequent omission of reference to SCA in its allegations discussing MusicNet's launch (*see* Complaint ¶¶ 67, 72). Again, the Court can take judicial notice of the Justice Department's statement, which correctly identifies the founders of MusicNet. *See* Request for Judicial Notice, Ex. 1. Finally, for the reasons set forth above and in SCA's prior memoranda (*see* SCA's Supplemental Memorandum in Support of Defendants' Motion to Dismiss at 3; SCA's Supplemental Reply Memorandum in Support of Defendants' Motion to Dismiss at 3), plaintiffs' numerous undifferentiated references to "Defendants" are insufficient to state a claim against SCA.

---

[2] Complaint ¶ 85, consisting entirely of hearsay statements from an academic essay lacking personal knowledge or foundation, refers to "Sony" but does not define that entity to be SCA.

In order for plaintiffs to state a claim that SCA has conspired to fix wholesale prices of digital recorded music, they must allege that SCA actually sold digital recorded music in competition with other defendants. Plaintiffs have failed to do so. Instead, the allegations they cite as supposedly supporting their claims against SCA actually concern the sale of digital recorded music by other, separate companies. Accordingly, plaintiffs' claims against SCA must be dismissed.

## IV.   Plaintiffs' Allegations against Bertelsmann Inc. Fail

Plaintiffs' claim that they have alleged the Parent Companies' direct involvement in the purported conspiracy has an additional flaw with regard to defendant Bertelsmann Inc., which is the only Bertelsmann entity named as a defendant. Plaintiffs frequently cite their allegations regarding the formation of the Sony-BMG joint venture. But, they allege that the parent of that joint venture is Bertelsmann AG, not defendant Bertelsmann Inc. (Complaint ¶ 21.)  Thus, plaintiffs must allege a basis to pierce the veil between Bertelsmann Inc. and Bertelsmann AG and also the veil between Bertelsmann AG and Sony-BMG.  They have done neither.

Plaintiffs' references to "Defendants" or "Bertelsmann" in their Supplemental Authorities Brief cannot cure the fact that the Complaint refers to three different entities as the Bertelsmann defendant:  Complaint ¶ 21 (calling Bertelsmann AG, the corporate parent of Sony-BMG, "Defendant[] Bertelsmann"); ¶ 22 ("Defendant Bertelsmann, Inc."); ¶ 64 ("defendant BMG").  The supplemental brief's use of terms like "Defendants" and "Bertelsmann" does not even specify the actual defendant in this case, much less allege its direct role in the alleged events, as opposed to its mere status as the alleged direct or indirect parent of a joint venture.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant the Parent Companies' motions to dismiss.

DATED:  June 11, 2010                              Respectfully submitted,

By _____

Peter T. Barbur
Rachel G. Skaistis
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
*Attorneys for Defendant Time Warner Inc.*

By _____

Joseph Kattan, PC
Georgia K. Winston
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 955-8500

Scott A. Edelman
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East
Los Angeles, CA 90067-3026
(310) 552-8500
*Attorneys for Defendant Sony Corporation of America*

9

By _Alan Wiseman_

Alan Wiseman
Mark C. Schechter
Thomas A. Isaacson
HOWREY LLP
1299 Pennsylvania Ave, N.W.
Washington, DC 20004-2402
(202) 783-0800
*Attorneys for Defendant Bertelsmann, Inc.*

10