UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————— x
                                                    :    MDL Docket No. 1780
                                                    :
In re DIGITAL MUSIC ANTITRUST            :
LITIGATION                                       :
                                                    :    Hon. Loretta A. Preska
                                                    :
————————————————————— x


**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS AND STRIKE PORTIONS OF PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT**


Christopher Lovell                          John Stoia
LOVELL STEWART HALEBIAN           ROBBINS GELLER RUDMAN & DOWD
JACOBSON LLP                             LLP
61 Broadway, Suite 501                  655 West Broadway, Suite 1900
New York, New York, 10006           San Diego, CA 92101
(212) 608-1900                             (619) 231-1058


*Interim Co-Lead Counsel for Plaintiffs*

## TABLE OF CONTENTS

Page

INTRODUCTION AND SUMMARY OF ARGUMENT ..............................................................1

ARGUMENT ...........................................................................................................................2

I.   PLAINTIFFS HAVE STATED A COGNIZABLE CLAIM UNDER THE ILLINOIS
     ANTITRUST ACT .........................................................................................................3

     A.   The Supreme Court Has Expressed Doubt About The Utility Of The "Narrowest
          Grounds" Rule, And The Second Circuit Did Not Employ It In Its Application
          Of *Shady Grove*........................................................................................................3

     B.   A Five-Member Majority In *Shady Grove* Agreed That A State Law Prohibiting
          Maintenance Of A Claim As A Class Action Was Procedural And Conflicted With
          Rule 23 ........................................................................................................................8

     C.   Under Justice Scalia's Analysis, Joined By Three Other Justices, Rule 23 Is
          Procedural And Preempts The Illinois Class Action Bar.......................................9

     D.   Under Justice Stevens's Solo Analysis, Which Acknowledges That A Federal
          Rule's Displacement Of A State's Substantive Rights Will Be "Rare," The
          Illinois Class Action Bar Is Procedural And Is Preempted By Rule 23.............11

     E.   Because The Illinois Class Action Bar Is Procedural, Its Preemption By Rule 23 Is
          Compelled By *Shady Grove*....................................................................................14

II.  PLAINTIFFS HAVE STATED A COGNIZABLE CLAIM UNDER NEW YORK'S
     DONNELLY ACT ........................................................................................................17

CONCLUSION.........................................................................................................................20

# TABLE OF AUTHORITIES

**Cases**

*Bobrowicz v. City of Chicago*, 168 Ill.App.3d 227, 522 N.E.2d 663 (Ill.App.Ct. 1988).............. 15

*Bowlus v. Alexander & Alexander Services, Inc.,* 659 F.Supp. 914 (S.D.N.Y 1987).................. 18

*California v. ARC Am. Corp.,* 490 U.S. 93 (1989) ...................................................... 17

*Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704 (2d Cir. 2002)..................................... 12

*Coastal Conservation Association v. Locke*, No. 2:09-cv-641-FtM-29SPC,
   2010 WL 1407680 (M.D. Fla. Apr. 6, 2010)........................................................... 7

*Conergy AG v. MEMC Elec. Materials, Inc.,* 651 F. Supp 2d 51 (S.D.N.Y 2009) ...................... 19

*DeStefano v. Emergency Housing Group, Inc.*, 247 F.3d 397 (2d Cir. 2001) ............................ 4

*Durmishi v. National Cas. Co.*, No. 09-11061,
   2010 WL 2629996 (E.D. Mich. June 30, 2010)......................................................... 6

*Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) ............................................................ 11

*Gaebler v. New Mexico Potash Corp.*,
   285 Ill.App.3d 542, 676 N.E.2d 228 (Ill.App.Ct. 1996)............................................. 15

*Global Reinsurance Corp.-U.S. Branch v. Equitas Ltd.,*
   867 N.Y.S.2d 16 (2nd Dep't 2008)..................................................................... 19

*Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976) ....................................................... 4

*Hanna v. Plumer*, 380 U.S. 460 (1965) .................................................................. 12

*H-Quotient, Inc v. Knight Trading Group, Inc.,* 2005 WL 323750 (S.D.N.Y. 2009) .................. 19

*In re Flonase Antitrust Litigation*, 692 F. Supp. 2d 524 (E.D. Pa. 2010)................................ 15

*In re Intel Corp. Microprocessor Antitrust Litig.,* 496 F.Supp.2d 404 (D. Del. 2007) ............... 19

*In re Lorazepam & Clorazepate Antitrust Litigation*, 531 F. Supp. 2d 82 (D.D.C. 2008)........... 14

*In re New Motor Vehicles Canadian Export Antitrust Litig.,*
   350 F. Supp.2d 160 (D. Me. 2004) .................................................................... 19

*In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, No. 08-WP-65000, 2010 WL 2756947 (N.D. Ohio July 12, 2010) ............................................................................ 8

*Lurie v. Wittner*, 228 F.3d 113 (2d Cir. 2000) ............................................................. 11

*Marks v. United States*, 430 U.S. 188 (1977) ....................................................... 1, 3, 4

*Miss. Publ'g Corp. v. Murphree,* 326 U.S. 438 (1946) ..................................................... 5

*Mitchell v. Helms*, 530 U.S. 793 (2000) ..................................................................... 4

*Mitchell v. Iowa Interstate RR Ltd.*, No. 07-1351, 2010 WL 2089301 (C.D. Ill. 2010) ................. 6

*Nichols v. United States*, 511 U.S. 738 (1994) ............................................................. 3

*People v. McClure*, 218 Ill.2d 375 (2006) ............................................................. 14, 15

*Retained Realty, Inc. v. McCabe*, No. 08-5269,
2010 WL 1790349 (2d Cir. May 5, 2010) .............................................................. 4, 5, 7

*Shady Grove Orthopedic Associates,
P.A. v. Allstate Insurance Co.*, 130 S.Ct. 1431 (2010) ..................................... *passim*

*Sibbach v. Wilson & Co.*, 312 U.S. 1 (1941) .............................................................. 12

*Smith v. Illinois Cent. R.R. Co.*, 223 Ill.2d 441 (Ill. 2006) ........................................... 16

*Standard Oil Co. of Kentucky v. State of Tennessee*, 217 U.S. 413 (1910) ................................. 19

*Steinberg v. Chicago Med. Sch.*, 69 Ill. 2d 320 (1977) ................................................... 17

*Subedi v. Merchant*, No. 09 C 4525, 2010 WL 1978693 (N.D. Ill. May 17, 2010) ........................... 16

*Tanker Mgmt., Inc. v. Brunson*, 918 F.2d 1524 (11th Cir. 1990) ........................................ 12

*Texas v. Brown*, 460 U.S. 730 (1983) ....................................................................... 4

*Two Queens, Inc., v. Scoza,* 745 N.Y.S. 2d 517 (1st  Dep't 2002) ..................................... 17, 19

*U.S. v. Microsoft Corp.*, 87 F.Supp.2d 30 (D.D.C. 2000) ................................................. 19

*United States v. Martino*, 664 F.2d 860 (2d Cir. 1981) ................................................... 11

*Yates-Williams v. El-Nihum*, No. H-09-2554,
2010 WL 2639876 (S.D. Tex. June 28, 2010) .............................................................. 6, 7

**Statutes**

28 U.S.C. § 2072(b) .......................................................................................... 2

Illinois Antitrust Act, 740 ILCS §10/1, *et seq.* ......................................... 1, 3

New York Gen. Bus. Law § 340 ..................................................................... 17

**Rules**

F.R.Civ.P. 26(a)(2) ............................................................................................ 6

## INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs respectfully submit this memorandum in opposition to Defendants' motion to dismiss portions of the Third Consolidated Amended Complaint ("TCAC" or "¶") pursuant to F.R.Civ.P. 12(b)(6), and to strike portions of the TCAC pursuant to Rule 12(f).[1]  As Defendants note, the TCAC adds two new claims, for violations of the state antitrust laws of Illinois (Count IV) and New York (Count V).  The new material in the TCAC appears at paragraph 99 and adds new paragraphs 146-53 to the Second Consolidated Amended Complaint.  Plaintiffs respectfully incorporate by reference the previous submissions on these motions.

Defendants argue that Plaintiffs fail to state a cognizable claim under the Illinois Antitrust Act, 740 Ill. Comp. Stat. § 10/1 *et seq*., because Section 7(2) of the Act bars class actions by indirect purchasers.[2]  Defendants further argue that this result is unaffected by *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co*., 130 S.Ct. 1431 (2010), because although five Justices therein concurred in the judgment that F. R. Civ. P. 23 preempted a New York law which prohibited class actions seeking statutory penalties or minimum damages from being maintained, only four joined in the analysis which reached that result.  Defendants further argue that this Court must follow the analysis set out in Justice Stevens's concurring opinion in *Shady Grove*, even though no other Justice joined him, and ignore Justice Scalia's four-Justice plurality opinion.

Defendants have failed to demonstrate that this Court must read *Shady Grove* through the "narrowest grounds" lens set forth in *Marks v. United States*, 430 U.S. 188 (1977).  The Second

---

[1]  Defendants variously urge the Court to dismiss "portions" of the TCAC and to dismiss the TCAC "in its entirety."  *Compare* Joint Memorandum Of Law In Support Of Motion To Dismiss And To Strike Portions Of Plaintiffs' Third Consolidated Amended Complaint ("Def. TCAC Brief") at 1 ("portions") *with id*. at 10 ("entirety").

[2]  The Classes are alleged to consist of direct and indirect purchasers of Internet Music and CDs.  ¶ 140.

Circuit and other courts have refused to do so.  *See* Point I.A. *infra*.  The Supreme Court itself

has expressed doubt about the utility of *Marks*.  *See id*.  Even if the *Marks* formulation is used

here, it is clear under the analysis of a five-Justice majority in *Shady Grove* that; (1) Rule 23 and

Section 7(2) of the Illinois Antitrust Act conflict as to the availability of class actions; (2) Rule

23 must be applied in federal court unless its application would "abridge, enlarge or modify any

substantive right" under the Rules Enabling Act, 28 U.S.C. § 2072(b); and (3) rules prohibiting

the maintenance of claims through class actions are substantive, not procedural, in nature.  *See*

Point I.B. *infra*.  Under Justice Scalia's analysis for the plurality, Rule 23's application to

displace CPLR § 901(b) was not ultra vires under the Rules Enabling Act, a result also mandated

here.  *See* Point I.C. *infra*.  Under Justice Stevens's solo analysis, which acknowledged that "the

bar for finding an Enabling Act problem is a high one," 130 S.Ct. at 1457, the result here is the

same, because Defendants have failed to demonstrate that the class action bar of Section 7(2) of

the Illinois Antitrust Act is substantive rather than procedural.  *See* Points I.D. and I.E. *infra*.

Thus, contrary to Defendants' argument, the claim under the Illinois Antitrust Act is cognizable

in this Court regardless of which *Shady Grove* analysis is used.

     While Defendants thus argue that the Illinois claim fails for lack of federal preemption,

they conversely argue that Plaintiffs' claim under New York's Donnelly Act, N.Y. Gen. Bus.

Law § 340, fails because federal law preempts the New York statute.  Contrary to Defendants'

arguments, the alleged impact of Defendants' conduct on interstate commerce does not preempt

the Donnelly Act, because the TCAC adequately alleges facts sufficient to infer impact on

intrastate commerce.  Defendants' authorities are broadly distinguishable and do not support the

requested relief.  *See* Point II. *infra*.  The Donnelly Act claim is cognizable here.

**ARGUMENT**

**I.      PLAINTIFFS HAVE STATED A COGNIZABLE CLAIM UNDER THE ILLINOIS ANTITRUST ACT**

The Illinois Antitrust Act, 740 ILCS §10/1, *et seq*., permits indirect purchaser suits for damages under an "*Illinois Brick* repealer" statute.  Defendants argue that the state statutory prohibition against maintaining an antitrust treble damage class action in state court must apply to federal courts as well, despite the Supreme Court's decision in *Shady Grove*.   Defendants are wrong.  Such procedural limitations imposed in state courts by the Illinois class action bar have no application in this Court.

**A.      The Supreme Court Has Expressed Doubt About The Utility Of The "Narrowest Grounds" Rule, And The Second Circuit Did Not Employ It In Its Application Of *Shady Grove***

Defendants argue that because part of the analysis supporting the judgment in *Shady Grove* did not enjoy the assent of five Justices, the *Marks* case requires this Court to adopt Justice Stevens's solo concurring opinion as the holding of the case, rather than Justice Scalia's plurality opinion.  This argument misstates *Marks* and ignores the Supreme Court's own doubts about the utility of *Marks* in complex cases decided by fragmented courts.

> In *Marks*, we stated that '[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, "the holding of the Court *may* be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds . . . ."' *Id.,* at 193, 97 S.Ct., at 993. This test is more easily stated than applied to the various opinions supporting the result in *Baldasar.* A number of Courts of Appeals have decided that there is no lowest common denominator or 'narrowest grounds' that represents the Court's holding. Another Court of Appeals has concluded that the holding in *Baldasar* is Justice BLACKMUN's rationale . . . ; yet another has concluded that the 'consensus' of the *Baldasar* concurrences is roughly that expressed by Justice Marshall's concurring opinion. . . . State courts have similarly divided. . . . We think it not useful to pursue the *Marks* inquiry to the utmost logical possibility when it has so obviously baffled and divided the lower courts that have considered it. . . .

*Nichols v. United States*, 511 U.S. 738, 745-46 (1994) (emphasis supplied) (citations and footnotes omitted).  *Marks* thus does not in any event compel a court to discern the "narrowest

grounds" as the rule of the case, and actually warns against that approach as confusing and dividing the lower courts. [3]

Other courts, including the Second Circuit, have not applied *Shady Grove* through the "narrowest grounds" lens of *Marks*. In *Retained Realty, Inc. v. McCabe*, No. 08-5269, 2010 WL 1790349 (2d Cir. May 5, 2010) (summary order), the Second Circuit analyzed whether F. R. Civ. P. 54(b) preempted C.G.S. § 49-15. Under that Connecticut statute, foreclosure on a mortgage is "an equitable action that 'precludes further proceedings on the underlying debt' and requires an unsatisfied mortgagee to pursue his rights through a deficiency judgment." *Id.* at *1. This strict foreclosure vests title to the real property in the mortgagee without any sale of the property, and such judgments of strict foreclosure cannot be opened under C.G.S. § 49-15 once the title becomes absolute. *Id.* A party to a strict foreclosure who believes the value of the foreclosed-

---

[3] Such divisions refute Defendants' reliance on decisions that purportedly hold that plurality opinions carry no weight and Justice Stevens's concurring opinion "controls future applications of *Shady Grove*." Def. TCAC Brief at 5. Putting aside that the Second Circuit and other courts have applied Justice Scalia's *Shady Grove* opinion, as set forth in the text immediately below, Defendants' citations are distinguishable to the extent they result not from a four-Justice plurality but from numerous opinions by a highly fractured Court, making a clear rationale unduly difficult to determine. Thus, in *Texas v. Brown*, 460 U.S. 730, 737 (1983), the Court noted that in considering a case involving a four-Member plurality, that decision "should obviously be the point of reference for further discussion of the issue." But *Marks v. United States*, 430 U.S. 188, 193-94 (1977), also relied on by Defendants, was a 5-4 obscenity decision in which the Court parsed an earlier obscenity decision ("*Memoir*") involving a fractured Court, including a plurality joined by only three justices, with two separate concurrences, and three separate dissents. *Marks* held that the "*Memoir* plurality therefore constituted the holding of the Court and provided the governing standards." *Id.* Thus, when faced with a more fractured plurality consisting of fewer Members than that in *Shady Grove*, the plurality opinion still controlled. In *DeStefano v. Emergency Housing Group, Inc.*, 247 F.3d 397, 418 (2d Cir. 2001), Justice O'Connor's concurrence in *Mitchell v. Helms*, 530 U.S. 793 (2000) was found to control not simply as a narrow opinion but because on the particular issue, it had the support of five Members, and Justice Thomas' plurality opinion was expressly rejected by five Members. In *Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976), cited by the *Marks* Court, the ruling at issue resulted in five separate opinions concurring in the ultimate result. Here, the *Shady Grove* plurality opinion is joined by four justices, and on the issue before the Court here, the solo concurrence does not dictate a different result.

upon property will be inadequate to satisfy the debt may seek a deficiency judgment under C.G.S. § 49-14.  During the pendency of such a deficiency hearing, the district court in *Retained Realty* "revisited its earlier ruling … and determined that it had erred in concluding that a deficiency judgment could be entered. . . ."  *Id.* at *2.  Plaintiff argued that the district court improperly applied Rule 54(b) to reopen the judgment of strict foreclosure, because since Plaintiff's title to the mortgaged property had already become absolute, the judgment could not be reopened under C.G.S. § 49-15.  *Id.*

The Second Circuit applied *Shady Grove* to reject Plaintiff's argument and affirm the district court's use of Rule 54(b).

> The Supreme Court's recent decision in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 130 S.Ct. 1431 (2010), does not set forth a single test for whether a Federal Rule is procedural and thus consonant with the Rules Enabling Act. In a portion of the opinion joined by a plurality of the Court, it is stated that if the rule 'governs only "the manner and the means" by which the litigants' rights are "enforced," it is valid; if it alters "the rules of decision by which [the] court will adjudicate [those] rights," it is not.' *Id.* at 1442 (plurality opinion) (quoting *Miss. Publ'g Corp. v. Murphree,* 326 U.S. 438, 445 (1946)) (alteration in original). Justice Stevens's concurrence provides an exception for situations 'in which the rule would displace a state law that is procedural in the ordinary use of the term but it so intertwined with a state right or remedy that it functions to define the scope of the state-created right.' *Id.* at 1452 (Stevens, J ., concurring in part and concurring in the judgment). ***Under either of these tests, we find that Rule 54(b), like every other Federal Rule of Civil Procedure ever examined by the Supreme Court, is procedural.***

2010 WL 1790349 at *2 n. 1 (emphasis supplied).  Thus, C.G.S. § 49-15, specifying that the judgment of strict foreclosure is inalterable, conflicted with Rule 54(b) because the strict foreclosure was not a true final judgment, given the deficiency judgment rights under C.G.S. §49-14.  *Id.* at *3.  "The district court was properly governed by the federal procedural rule and correctly exercised its ability to reexamine its judgment of strict foreclosure."  *Id.*  Notably, the Second Circuit found primacy of the federal procedural rule even though the outcome of its application was substantive--Plaintiff lost vested rights to the real property.  Here, the Illinois

class action bar is *a fortiori* procedural, lacking even the substantive impact[4] of Connecticut's statutory irrevocability of the strict foreclosure proceeding.

Similarly, *Durmishi v. National Cas. Co.*, No. 09-11061, 2010 WL 2629996 (E.D. Mich. June 30, 2010) held that under either the Scalia or Stevens approach, F.R.Civ.P. 35 conflicts with, and preempts, medical evaluations required by state law since the Michigan statutes

> do no more than regulate access to proof. They do not set forth elements of claims or prescribe rights or remedies. These state laws do not affect the statutory cause of action or adjust the plaintiff's obligation to prove that the costs of attendant care have been incurred, are necessary, and are reasonable.

*Id.* at *14.  The Illinois class action bar also does not address the elements of an indirect purchaser antitrust claim, prescribe remedies, or adjust the plaintiff's obligations of proof. *Accord Mitchell v. Iowa Interstate RR Ltd.*, No. 07-1351, 2010 WL 2089301 at *1 n. 1 (C.D. Ill. 2010)(Illinois rules of evidence do not survive *Shady Grove* in diversity unless the "rule is actually 'an expression of state substantive policy.'")

*Yates-Williams v. El-Nihum*, No. H-09-2554, 2010 WL 2639876 (S.D. Tex. June 28, 2010), in turn, determined that it was not bound to follow Texas Rule § 74.351 as inconsistent with F.R.Civ.P. 26(a)(2).  The Texas statute required expert reports to contain specific enumerated items to support a malpractice claim, and further required that they be served within 120 days of the filing of the complaint.  Noting that the majority opinion in *Shady Grove* invalidated "state law that is in some sense 'substantive' if it conflicts with" the federal rules, *id.* at *2, citing 130 S.Ct. at 1437-39, the court analyzed Rule 26(a)(2)'s timing and content

---

[4] In addition to the majority's distinction at 130 S.Ct. at 1349 n. 4, Justices Scalia and Stevens separately noted that the ability to bring many claims through the class action procedure is distinct from the substantive ability to bring a claim at all.  *Compare id.* at 1443 (Allstate's aggregate liability does not depend on whether the suit proceeds as a class action since all class members could bring freestanding individual suits) (Scalia, J.) *with id.* at 1459, n.18 ("It may be that without class certification, not all of the potential plaintiffs would bring their cases. But that is true of any procedural vehicle.") (Stevens, J.).

requirement, as well as F.R.Evid. 702-704, and reaffirmed that Rule 26(a)(2), and not the Texas

rule, applied in federal court.[5]  *Id.*  Under *Yates-Williams*' analysis, the Illinois class action bar is

also not substantive, and because it conflicts with Rule 23, it is preempted by Rule 23.

By contrast, in *Coastal Conservation Association v. Locke*, No. 2:09-cv-641-FtM-29SPC,

2010 WL 1407680 (M.D. Fla. Apr. 6, 2010), the court's review of a magistrate judge's

recommendation denying intervention hinged on whether "this case is about procedural rights of

the recreational fishermen CCA represents, not the substantive rights of the environmentalists or

commercial fishermen."  *Id.* at *1. The complaint alleged that Amendment 29 of the Reef Fish

Management Plan for Reef Fish Resources of the Gulf of Mexico was unlawful because it, *inter*

*alia*, established a system of individual fishing quotas for the commercial sector while failing to

consider impacts upon any other sector, thereby violating both substantive statutes and the

Administrative Procedures Act. *Id.*  The court held that denial of permissive intervention was not

justified, as more than procedural rights were at stake.  *Id.*  Applying Justice Scalia's bright-line

test, the court held "that the claim that defendants failed to consider all the relevant factors. . . . is

a matter of substance under at least the Administrative Procedures Act [and] does not relate to

the process of the administrative proceedings, but to what was substantively considered during

those proceedings." *Id.* (citation omitted). *Coastal Conservation* highlights two important points:

(1) Justice Scalia's plurality opinion was applied as the holding of *Shady Grove*: and (2) the

"process" by which the amendments were considered during the administrative proceeding was

not a "substantive" right, but only the right to have all relevant factors considered was

substantive.  Similarly, the Illinois class action bar relates to the "process" by which a claim may

---

[5] While in an "abundance of caution" the court evaluated the reports under both the federal and
state rules, it is clear that when the reports failed to meet Rule 26 (but otherwise met the Texas
rule), the reports had to be amended to satisfy Rule 26. 2010 WL 2639876, at *5, 7.  Thus, the
court implicitly held that the federal rules control in federal court.

be maintained, rather than any factor for substantive consideration of such claim.  Under *Shady Grove*, as widely interpreted by federal courts, including the Second Circuit, Rule 23 operates in this Court to preempt the Illinois class action bar.[6]

**B.     A Five-Member Majority In *Shady Grove* Agreed That A State Law Prohibiting Maintenance Of A Claim As A Class Action Was Procedural And Conflicted With Rule 23**

*Shady Grove* does contain a majority opinion.[7]  In determining whether Rule 23 preempted N.Y. Civ. Prac. Law & Rules ("CPLR") § 901(b), precluding claims from being "maintained as a class action" if they seek a statutory penalty or minimum damages, the majority held that Rule 23 "by its terms . . . creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action…. [and] provides a one-size-fits-all formula for deciding the class-action question." 130 S. Ct. at 1437 (majority opinion).[8]  Allstate had argued in the Court of Appeals, and the Second Circuit had accepted, that §901(b) did not address whether a class should be certified but the "antecedent question: whether the particular type of claim is eligible for class treatment in the first place…." *Id.* at 1438.   The *Shady Grove*

---

[6]  *But see In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, No. 08-WP-65000, 2010 WL 2756947 (N.D. Ohio July 12, 2010), where the court considered both the plurality and the Stevens approaches and concluded that, under the Stevens approach, Rule 23 would violate the Rules Enabling Act if it allowed certification of a claim under the Ohio Consumer Sales Practice Act.  *Id.* at *2.  Unlike this case, however, where the Illinois class action bar does not create the cause of action or the remedy "but the procedural right to maintain a class action," 130 S.Ct. at 1439 n. 4, the Ohio statute required for the claim to exist a substantive and predicate declaration, by the Ohio Attorney General or state court decision, that defendant's conduct was deceptive or unconscionable.  The statute thus "defined Ohio's substantive rights and remedies by creating a cause of action for defrauded customers and declaring the relief available to them," and would not be preempted by Rule 23  2010 WL 2756947 at *2.

[7]  "Justice SCALIA delivered the opinion of the Court with respect to Parts I and II-A, concluding that § 901(b) does not preclude a federal district court sitting in diversity from entertaining a class action under Rule 23."  130 S.Ct. at 1434.

[8]  The majority also stated that a suit filed in federal court is governed by the Federal Rules of Civil Procedure and a state "cannot create exceptions to an individual rule as it sees fit…by enacting a separate statute overriding it in certain instances."  130 S. Ct. at 1438.

majority rejected that approach, stating that "the line between eligibility and certifiability is entirely artificial" and there "is no reason . . . to read Rule 23 as addressing only whether claims made eligible for class treatment by some *other* law should be certified as class actions." *Id.* (emphasis in original). The majority therefore could not harmonize Rule 23 with §901(b), stating that

> Rule 23 unambiguously authorizes *any* plaintiff, in *any* federal civil proceeding, to maintain a class action if the Rule's prerequisites are met. We cannot contort its text, even to avert a collision with state law that might render it invalid.

*Id*. at 1442 (emphasis in original) (citation omitted). Since CPLR §901(b) (like the Illinois class action bar here) only addressed the manner in which the claim could be filed and maintained, and did not ban the claim altogether, it addressed the same subject matter as Rule 23, and conflicted with the Federal Rule. *See id.* at 1439 (majority opinion).

The majority also expressly excluded from the types of rules which might be "substantive in nature" those rules, such as CPLR § 901(b) and the Illinois class action bar here, which "address[] not the remedy, but the procedural right to maintain a class action." *Id*. at 1439 n. 4. Thus, like the New York class action bar in *Shady Grove*, the Illinois class action bar does not collide with Rule 23 to render the Federal Rule invalid under the majority opinion or either of the Scalia or Stevens analyses of the Rules Enabling Act.

**C.**    **Under Justice Scalia's Analysis, Joined By Three Other Justices, Rule 23 Is Procedural And Preempts The Illinois Class Action Bar**

Noting that Congress "has undoubted power to supplant state law, and undoubted power to prescribe rules for the courts it has created, so long as those rules regulate matters 'rationally capable of classification' as procedure," 130 S. Ct. at 1442, Justice Scalia stated that with the Rules Enabling Act, "Congress authorized this Court to promulgate rules of procedure subject to

its review, but with the limitation that those rules 'shall not abridge, enlarge or modify any substantive right.'" *Id*. (citations omitted).

 The substance/procedure test is not simply "whether the rule affects a litigant's substantive rights; most procedural rules do." *Id.* Rather, the test for the Federal Rule's validity is that if "it governs only 'the manner and the means' by which the litigants' rights are 'enforced,' it is valid; if it alters 'the rules of decision by which [the] court will adjudicate [those] rights,' it is not." *Id.* (citation omitted); *see also* 8 Fed. Proc., L. Ed. §§ 20:562, 20:644, 20:646. Justice Scalia noted that, in applying this test, the Supreme Court has "rejected every statutory challenge to a Federal Rule that has come before [it]." 130 S.Ct. at 1442. While each of the challenged rules "had some practical effect on the parties' rights . . . each undeniably regulated only the process for enforcing those rights; none altered the rights themselves, the available remedies, or the rules of decision by which the court adjudicated either." *Id.* at 1443. Rules allowing multiple claims "neither change plaintiffs' separate entitlements to relief nor abridge defendants' rights; they alter only how the claims are processed." *Id.* A class action "merely enables a federal court to adjudicate claims of multiple parties at once, instead of in separate suits. And like traditional joinder, it leaves the parties' legal rights and duties intact and the rules of decision unchanged." *Id.* Despite Allstate's arguments in *Shady Grove*, and Defendants' arguments here, a "Federal Rule of Procedure is not valid …in some cases and invalid in others- depending upon whether its effect is to frustrate a state substantive law (or a state procedural law enacted for substantive purposes)." *Id.* at 1444.

 In short, "it is not the substantive or procedural nature or purpose of the affected state law that matters, but the substantive or procedural nature of the Federal Rule." *Id.* Since Rule 23's application to 740 ILCS 10/7(2) in this case is not materially different than it was to CPLR

§901(b) in *Shady Grove*, Rule 23 preempts the Illinois class action bar under the plurality's analysis and permits the Illinois Antitrust Act claim to proceed.

**D.    Under Justice Stevens's Solo Analysis, Which Acknowledges That A Federal Rule's Displacement Of A State's Substantive Rights Will Be "Rare," The Illinois Class Action Bar Is Procedural And Is Preempted By Rule 23**

Justice Stevens's concurring opinion and analysis also support the conclusion here that Rule 23 preempts the class action bar of 740 ILCS 10/7(2).[9]  Justice Stevens, while recognizing that the line between procedure and substance is often hazy, nonetheless required an analysis of the state law potentially being preempted by the Federal Rule in order to determine the impact of the supplanting rule under *Erie*[10] and the Rules Enabling Act.  130 S. Ct. at 1450.  "Such laws, for example, may be seemingly procedural rules that make it significantly more difficult to bring or to prove a claim, thus serving to limit the scope of that claim."  *Id.*  Justice Stevens's examples of procedural rules with substantive aspects included statutes of limitations, bonding requirements, burden of proof alterations, jury verdict caps, evidentiary requirements for state

---

[9] It is noteworthy that Defendants urge this Court to ignore the plurality opinion in favor of a lone concurring opinion which accepted the plurality's analytical framework, reached the same conclusion that there was a conflict between Rule 23 and CPLR § 901(b), and agreed that application of Rule 23 did not run afoul of the Rules Enabling Act.  In other words, Defendants agree with the majority's ultimate holding as to Rule 23, but seek to pick and choose the analysis which allows them to argue their flawed substance/procedure distinction.  *See* Points I.D. & I.E. *infra*.  Such circular and boot-strapping logic (1) was precisely what the Court warned of in *Nichols* in stating that it was not useful to pursue the *Marks* inquiry to the "utmost logical possibility," 511 U.S. at 745-46; (2) is unsupported by *United States v. Martino*, 664 F.2d 860 (2d Cir. 1981) or *Lurie v. Wittner*, 228 F.3d 113 (2d Cir. 2000), on which Defendants rely; and (3) most importantly, not supported by Justice Stevens's concurrence. *Martino* defined "narrowest grounds" to mean that which "is most nearly confined to the precise fact situation before the Court, rather than to a ground that states more general rules."  *Id.* at 872-73.  Yet the *Shady Grove* plurality opinion did in fact confine its opinion to the precise fact situation before the Court, to wit, whether FRCP 23 preempted a state rule purporting to limit class actions in federal court.

[10]   The *Shady Grove* plurality correctly stated that *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) was "not the test for either the constitutionality or the statutory validity of a Federal Rule of Procedure."  130 S.Ct. at 1442.

causes of action, and appellate review of damages. *Id.* at 1450 & n. 4; *id.* at 1452 n. 8-9.

Notably omitted from his examples was "the procedural right to maintain a class action," which

had been expressly distinguished in the majority opinion. *Id*. at 1439 n. 4. The cases relied on

by Defendants include some of Justice Stevens's examples, but not the majority's example of

"the procedural right to maintain a class action." *See Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d

704 (2d Cir. 2002) ("state's rules providing for the start and length of the statute of limitations is

substantive law."); *Tanker Mgmt., Inc. v. Brunson*, 918 F.2d 1524 (11th Cir. 1990) (the court

looks to the substantive law which creates the cause of action to determine if "costs" include

attorney's fees). As the *Shady Grove* majority indicated, 130 S.Ct. at 1439 n. 4, Defendants'

examples do not fit 740 ILCS 10/7(2) because the Illinois class action bar, like CPLR § 901,

does not limit a person's ability to file a claim, but denies "the procedural right to bring a class

action."

Justice Stevens's rationale was based on the notion that "[w]hen a State chooses to use a

traditionally procedural vehicle as a means of defining the scope of substantive rights or

remedies, federal courts must recognize and respect that choice." *Id.* at 1450. Departing from

Justice Scalia's bright-line test for the plurality (whether the federal rule "really regulates

procedure," *i.e.*, whether it regulates "the manner and the means by which the litigants' rights are

enforced"),[11] Justice Stevens concluded that a federal rule "cannot govern a particular case in

which the rule would displace a state law that is procedural in the ordinary use of the term but is

so intertwined with a state right or remedy that it functions to define the scope of the state-

created right." *Id.* at 1452. He joined the majority in stating that New York's rule barring "the

---

[11] This bright line test was previously stated in *Hanna v. Plumer*, 380 U.S. 460, 46 (1965) and
*Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941). Thus, the plurality's opinion, and not Justice
Stevens's concurring opinion, also has the support of nearly 70 years of jurisprudence on this
precise issue.

procedural right to bring a class action" was not "so intertwined." Defendants here fail to demonstrate that the Illinois bar on the "procedural right to bring a class action" is "so intertwined."

Indeed, Defendants do not argue that the Illinois class action bar is "so intertwined with a state right or remedy" that defines the scope of the right.  Instead, they argue that since the class action bar is found in proximity to the language allowing indirect purchasers to bring state antitrust claims, the bar is "part and parcel of the substantive rights" created by the Illinois legislature.  Def. TCAC Brief at 7-8.  Defendants cite no authority for the proposition that a provision barring use of a procedural device is substantive law merely because that bar is set out in proximity to substantive statutory provisions.  Def. TCAC Brief *passim*.  Certainly the Second Circuit perceived no such "substantive law by association" in *Retained Realty*, where it found that a procedural aspect of a Connecticut statute providing substantive rights (Title 49 of the Connecticut General Statutes, entitled "Mortgages and Liens") retained its procedural nature under both *Shady Grove*'s plurality decision and Justice Stevens's "exception" thereto.  2010 WL 1790349 at *2 n. 1.  Nor is the antitrust focus of the Illinois class action bar a meaningful distinction from CPLR § 901(b), as Defendants appear to suggest.

Justice Stevens repeatedly emphasized that while he would require courts to examine whether the law being displaced by a Federal Rule was "so intertwined" with a state substantive right, he remained of the view that "the bar for finding an Enabling Act problem is a high one." 130 S.Ct. at 1457; *see also id*. at 1454 n. 10 ("It will be rare that a federal rule that is facially valid under 28 U.S.C. § 2072 will displace a State's definition of its own substantive rights;" *id*. at 1460 ("In order to displace a federal rule, there must be more than just a possibility that the state rule is different than it appears.").  Thus, while recognizing that "any rule can be said to

have ... 'substantive effects,' affecting society's distribution of risks and rewards," Justice

Stevens nevertheless found in *Shady Grove* that Rule 23 did not violate the Rules Enabling Act.

*Id.* at 1457 (citation omitted).

In sum, Justice Stevens concluded that §901(b) was a procedural limitation on the

maintenance of claims in state court  which undoubtedly reflected "a policy judgment about

which lawsuits should proceed in *New York courts* in a class form and which should not."  *Id.* at

1457-58 (emphasis added).  As discussed above, his analysis compels the same outcome when

applied to the Illinois class action bar, which, as set forth below, was expressly intended to

prevent the use of a procedural device in *Illinois courts*.

**E.      Because The Illinois Class Action Bar Is Procedural, Its Preemption By Rule 23 Is Compelled By *Shady Grove***

The plain wording of the statute demonstrates that the legislature intended the limitation

on procedural mechanisms to apply only in state courts.[12]  740 ILCS §10/7(2) states, in pertinent

part:

> Any person who has been injured in his business or property, or is threatened with
> such injury, by a violation of Section 3 of this Act may maintain an action ***in the
> Circuit Court*** for damages, or for an injunction, or both, against any person who
> has committed such violation. . . . No provision of this Act shall deny any person
> who is an indirect purchaser the right to sue for damages. . . . Provided further that
> no person shall be authorized to ***maintain*** a class action in any court ***of this State***
> for indirect purchasers asserting claims under this Act. . . .

(emphasis added).[13]  "The cardinal rule of statutory construction is to ascertain and give effect to

the intent of the legislature." *People v. McClure*, 218 Ill.2d 375, 381-82 (2006). The best

---

[12]  The applicability of the Illinois class action bar only to actions filed in state court is further
supported by *In re Lorazepam & Clorazepate Antitrust Litigation*, 531 F. Supp. 2d 82 (D.D.C.
2008).  There, in a class action brought on behalf of health insurers, as indirect buyers of generic
drugs, the court awarded treble damages to private plaintiffs under 740 ILCS §10/7(2). *Id.* at
101.

evidence of legislative intent is the plain language of the statute. *Id.* at 382. "When possible, the court should interpret the language of a statute according to its plain and ordinary meaning." *Id.* If intent can be determined from the plain language of the statute, there is no need to resort to interpretive aids such as legislative history. *Id.* "Courts are to construe the statute as a whole, so that no part of it is rendered meaningless or superfluous." *Id.* "A court should not depart from the language of the statute by reading into it exceptions, limitations, or conditions that conflict with the intent of the legislature." *Id.*

The plain meaning of the statute is that if a suit is filed in Illinois state court,[14] it cannot be maintained as a class action and can only be maintained on an individual basis. The statute does not limit the substantive right or remedy afforded indirect purchasers (or ban the antitrust claim outright), but simply removes one procedure by which the claim may be maintained in state court. The Illinois class action bar is thus "designed as a procedural rule suggest[ing] it reflects a judgment about how *state courts* ought to operate and not a judgment about the scope of state-created rights and remedies." *See id.* at 1457 (Stevens, J.) (emphasis added).[15]  To read

---

[13] Thus, the Illinois Antitrust Act, identically with CPLR § 901(b), "says nothing about what remedies a court may award; it prevents the class action it covers from coming into existence at all."  130 S.Ct. at 1439 (footnote omitted) (majority opinion).

[14] Defendants' reliance on *Gaebler v. New Mexico Potash Corp.*, 285 Ill.App.3d 542, 676 N.E.2d 228 (Ill.App.Ct. 1996) and *Bobrowicz v. City of Chicago*, 168 Ill.App.3d 227, 522 N.E.2d 663 (Ill.App.Ct. 1988) is misplaced because each case simply held the Illinois class action bar to be viable in state court. The Class Action Fairness Act, 28 U.S.C. §1332(d), of course, now mandates that a vast majority of such indirect purchaser antitrust class actions be filed in federal court.

[15] Defendants' citation to *In re Flonase Antitrust Litigation*, 692 F. Supp. 2d 524 (E.D. Pa. 2010) is unpersuasive as it (a) misread the plain wording of the statute; (b) did not address *Lorazepam & Clorazepate*; and (c) predated *Shady Grove*.

15

the statute otherwise requires this Court to render meaningless or superfluous the express language of the statute.[16]

Like Justice Stevens, federal and state courts sitting in Illinois also recognize that the class action device is "a procedural vehicle" which does not create substantive rights.  130 S.Ct. at 1459 n. 18.  As recently noted by an Illinois federal court, the class action device is a procedural one

> designed as 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only. It 'is an ingenious device for economizing on the expense of litigation and enabling small claims to be litigated.' The two points are closely related. If every small claim had to be litigated separately, the vindication of small claims would be rare. Rule 23 gives the district courts 'broad discretion to determine whether certification of a class-action lawsuit is appropriate, and provides a one-size-fits-all formula for deciding the class-action question.

*Subedi v. Merchant*, No. 09 C 4525, 2010 WL 1978693 (N.D. Ill. May 17, 2010)(citing *Shady Grove*). Class actions, therefore, are not the substance of the claims or rights themselves, but the manner in which they are heard and vindicated.

This is echoed by the Illinois Supreme Court, which noted that class actions are a "procedural device intended to advance judicial economy by trying claims together that lend themselves to collective treatment." *Smith v. Illinois Cent. R.R. Co*., 223 Ill.2d 441, 451 (Ill. 2006). They do not "alter the parties' burdens of proof, right to a jury trial, or the substantive prerequisites to recovery under a given tort." *Id.* As such, procedural devices cannot "be construed to enlarge or diminish any substantive rights or obligations of any parties to any civil

---

[16] Were the statute ambiguous, resort to its legislative history would support this conclusion.  For example, P.A. 79-1360, §5, substituted "circuit court" for "court of competent jurisdiction," further clarifying that the legislature meant for the statute's class action rule to apply only to filings in Illinois courts.  740 ILCS §10/7 Historical And Statutory Notes.

action."  *Id.*; *see also Steinberg v. Chicago Med. Sch.*, 69 Ill. 2d 320, 334 (1977) ("A class action is a potent *procedural* vehicle") (emphasis added).

In short, Defendants' conclusory assertion that the Illinois class action bar is substantive law fails to consider the plain text of the statute itself, the majority opinion in *Shady Grove*, and the settled interpretation of the Illinois Supreme Court and Illinois federal district courts that class action rules are procedural mechanisms and do not create substantive rights.  Defendants' motion to dismiss Count IV must be denied.

## II.   PLAINTIFFS HAVE STATED A COGNIZABLE CLAIM UNDER NEW YORK'S DONNELLY ACT

New York's Donnelly Act provides a cause of action for anticompetitive activities "in the conduct of any business, trade or commerce or in the furnishing of any service in this state." New York Gen. Bus. Law § 340. Defendants argue that the Donnelly Act (but not the Illinois Antitrust Act) is preempted by federal antitrust laws because the conduct complained of "principally affects interstate trade and commerce." *Two Queens, Inc., v. Scoza,* 745 N.Y.S. 2d 517 (1st  Dep't 2002).

Defendants fail to discuss the second part of the intrastate requirement, that federal antitrust laws will only preempt the Donnelly Act where the alleged conduct affects interstate commerce "with ***little or no impact on local or intrastate commerce*** " (emphasis added). *Id.* at 519. The Donnelly Act is thus not precluded simply because the alleged conduct affects interstate commerce. *See California v. ARC Am. Corp.,* 490 U.S. 93, 101 (1989) (monopolies and unfair business practices are "traditionally regulated by the states" and state laws that are "consistent with the broad purposes of the federal antitrust laws; deterring anticompetitive conduct and ensuring the compensation of victims of that conduct" are presumptively not preempted). Rather, courts must be satisfied that the connection to New York is non-existent, or that

the alleged activities are far too remote from the conduct of business, trade, commerce or the furnishing of any service in New York, such that the New York law should not apply.

Here, Plaintiffs' allegations permit the Court to infer sufficient impact on local commerce to render the Donnelly Act claim viable. First, Plaintiff Michaud is a resident of the state of New York and, like his fellow New York class members, suffered damages by paying artificially inflated prices for digital music in New York. TCAC ¶¶13, 44-45, 153. Second, a majority of the Defendants, including Sony BMG Bertelsmann, Sony Corporation of America, Time Warner, Inc and Warner Music Group Corp are headquartered and conduct business in New York and have committed acts in furtherance of the conspiracy in New York. *Id.* ¶¶21-23, 25, 38. These actions have had a substantial impact upon this District. *Id.* ¶38. Additionally, Sony BMG was incorporated in the state of New York.  *Id.* ¶21. Finally, the fact that the New York Attorney-General has conducted an ongoing investigation into the activities and anticompetitive conduct of the Defendants is indicative of the significant intrastate effect such conduct has had on the trade and commerce of New York. *Id.* ¶¶111-112, 130.

Accordingly, Plaintiffs have pled sufficient facts to establish the requisite impact on New York trade and commerce. *See Bowlus v. Alexander & Alexander Services, Inc.,* 659 F.Supp. 914, 918 (S.D.N.Y 1987) (sufficient intrastate effects pleaded in Plaintiff's complaint where only one of four Plaintiffs was a corporation operating its principal place of business in New York and the fact that "Defendants operated out-of-state corporations at a national level did not preclude the operation of the Donnelly Act"); *Global Reinsurance Corp.-U.S. Branch v. Equitas Ltd.,* 867

N.Y.S.2d 16 (2nd Dep't 2008) (Donnelly Act not preempted by federal antitrust laws where the alleged conduct had effects on interstate and international commerce).[17]

Moreover, the legal authority cited by Defendants in support of their argument is easily distinguishable:

- *Conergy AG v. MEMC Elec. Materials, Inc.,* 651 F. Supp 2d 51 (S.D.N.Y 2009). In *Conergy,* this Court held that preemption was appropriate where the Plaintiffs' allegations pertained to an international sales contract and an alleged restraint which had no discernable connection to the state of New York. Plaintiff was a German corporation with its principal place of business in Hamburg. Defendants were incorporated in Delaware and Singapore, with principal places of business in Missouri and Singapore, respectively. Most probative to the Court's decision was the fact that none "of the parties compete with New York producers, serve New York customers or employ citizens of the State of New York." *Id.* at 62.

- *H-Quotient, Inc v. Knight Trading Group, Inc.,* 2005 WL 323750 (S.D.N.Y. 2009). In *H-Quotient*, Plaintiff was a Virginia resident whose securities were publicly quoted and traded by a corporation operated and regulated by the National Association of Securities Dealers. *Id.* at 1. Unlike the retail music market which impacts the State of New York and New York residents directly, the sale of securities on a national exchange did not have any specific intrastate impact by itself. *Id.* The injured party resided, and the injury itself occurred, outside the state of New York.

- *Two Queens, Inc., v. Scoza,* 745 N.Y.S. 2d 517 (1st Dep't. 2002). Defendants cite to *Two Queens* as "explaining" the preemption rule. This case, however, decided against pre-emption. The Court rejected Defendants' assertion that, because its advertising base "consisted substantially of national advertisers," the Donnelly Act should be preempted by federal antitrust law. Thus in the present case, Defendants conclusory assertion that Plaintiffs have alleged conduct occurring "throughout the United States" is simply not determinative of the issue. Even where interstate commerce is implicated, the Court held that those circumstances "do not necessarily preclude the application of the Donnelly Act." *Id.* at 519.

---

[17] *Accord U.S. v. Microsoft Corp*., 87 F.Supp.2d 30, 55 (D.D.C. 2000) (where an impact on intrastate commerce had been "manifestly proven" because defendant sold its products in all of the plaintiff states, and its competitors operated in and employed citizens in all the states in which antitrust violations were alleged). Federal courts have been amenable to sustaining the applicability of state antitrust acts affecting interstate commerce while federal antitrust laws were in operation: *see also Standard Oil Co. of Kentucky v. State of Tennessee*, 217 U.S. 413 (1910)*; In re Intel Corp. Microprocessor Antitrust Litig*., 496 F.Supp.2d 404 (D. Del. 2007); *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 350 F. Supp.2d 160 (D. Me. 2004).

- *In Re Wiring Device Antitrust Litig.*, 498 F. Supp. 79 (E.D.N.Y. 1980). This case is inapposite for two reasons. First, the South Carolina antitrust statute is far more restrictive than New York's, and "applies only to intrastate commerce and does not reach interstate commerce of any kind." *Id.* at 82. Second, the facts of the case had no relevant connection to South Carolina. "None of the defendants is incorporated in South Carolina and none has its headquarters there. All of the purchases plaintiff relies upon originated in factories outside South Carolina." *Id.* at 85.

Because the Plaintiffs' allegations support an inference of impact upon New York commerce, the Court should deny Defendants' motion to dismiss Plaintiffs' Donnelly Act Claims.

## CONCLUSION

For the foregoing reasons and authorities, and upon all prior proceedings had herein, Defendants' motion to dismiss and to strike specified portions of the TCAC should be denied in all respects.

Dated:  July 23, 2010

Respectfully submitted,

LOVELL STEWART HALEBIAN
JACOBSON LLP

By: /s/ Christopher Lovell_____
Christopher Lovell (CL-2595)
Gary S. Jacobson (GJ-2481)
61 Broadway, Suite 501
New York, New York  10006
Tel.: (212) 608-1900
Fax.: (212) 719-4677

ROBBINS GELLER RUDMAN & DOWD LLP

By: /s/ John J. Stoia, Jr._____
John J. Stoia, Jr.
Bonny E. Sweeney
655 West Broadway, Suite 1900
San Diego, California  92101
Tel.: (619) 231-1058
Fax.: (619) 231-7423

*Interim Co-Lead Counsel for Plaintiffs*

20

FINKELSTEIN THOMPSON LLP

By: /s/ Douglas G. Thompson, Jr.
Douglas G. Thompson, Jr.
Tracy D. Rezvani
The Duvall Foundry
1050 30th Street, N.W.
Washington, DC  20007
Tel:  (202) 337-8000
Fax:  (202) 337-8090

*Additional Counsel for Plaintiffs*