UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
In re DIGITAL MUSIC ANTITRUST : MDL Docket No. 1780
LITIGATION :
---------------------------------------- x

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS AND TO STRIKE PORTIONS OF PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

Richard M. Steuer
Mark Cuccaro
MAYER BROWN LLP
1675 Broadway
New York, NY 10019
(212) 506-2500
*Attorneys for EMI Group North America Inc., Capitol Records, LLC d/b/a/ EMI Music North America, Capitol-EMI Music, LLC, and Virgin Records America, Inc.*

Joseph Kattan, PC
Georgia Winston
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., NW
Washington, D.C. 20036
(202) 955-8500

Scott A. Edelman
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East
Los Angeles, CA 90067
(310) 552-8500
*Attorneys for Sony Music Entertainment and Sony Corporation of America*

Glenn D. Pomerantz
Rohit Singla
MUNGER, TOLLES, & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
(213) 683-9100
*Attorneys for UMG Recordings, Inc.*

Peter T. Barbur
Rachel G. Skaistis
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
*Attorneys for Time Warner, Inc.*

Kenneth R. Logan
Jonathan K. Youngwood
SIMPSON THACHER & BARTLETT LLP
425 Lexington Ave.
New York, NY 10017
(212) 455-2000
*Attorneys for Warner Music Group Corp.*

Alan M. Wiseman
Mark C. Schechter
Thomas Isaacson
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 783-0800
*Attorneys for Bertelsmann, Inc.*

# **TABLE OF CONTENTS**

**Page(s)**

I. Plaintiffs Fail to State a Cognizable Claim Under the Illinois Antitrust Act....................1

    A. The "Narrowest Grounds" Rule Stated in *Marks v. United States* Remains Valid and Limits the Holding of *Shady Grove* to Justice Stevens's Concurring Opinion..............................................................................2

    B. The Illinois Antitrust Act's Prohibition of Indirect Purchaser Class Actions Is Intertwined With Its Framework of Substantive Rights and Remedies ...................................................................................................3

    C. The One Court to Apply *Shady Grove* to a Substantive State Law in Conflict With Rule 23 Adopted Justice Stevens's Analysis to Hold That Rule 23 Violates the Rules Enabling Act Where the State Law Defines Substantive Rights and Remedies ..................................................................6

II. Plaintiffs Fail to State a Cognizable Claim Under New York's Donnelly Act ................8

CONCLUSION................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Am. Copper & Brass, Inc. v. Lake City Indus. Prods.*,
 2010 U.S. Dist. LEXIS 76160 (W.D. Mich. Jul. 28, 2010) ...................................................... 7

*Bowlus v. Alexander & Alexander Servs.*,
 659 F. Supp. 914 (S.D.N.Y. 1987) ..................................................................................... 9, 10

*Coastal Conservation Ass'n v. Locke*,
 2010 WL 1407680 (M.D. Fla. Apr. 6, 2010) .......................................................................... 7

*Conergy AG v. MEMC Elec. Materials, Inc.*,
 651 F. Supp. 2d 51 (S.D.N.Y. 2009) ....................................................................................... 8

*DeStefano v. Emergency Hous. Group, Inc.*,
 247 F.3d 397 (2d Cir. 2001) .................................................................................................... 3

*Durmishi v. Nat'l Casualty Co.*,
 2010 WL 2629996 (E.D. Mich. June 30, 2010) ..................................................................... 6

*Flood v. Kuhn*,
 443 F.2d 264 (2d Cir. 1971), *aff'd*, 407 U.S. 258 (1972) ....................................................... 9

*Global Reinsurance Corp.-U.S. Branch v. Equitas Ltd.*,
 2008 WL 2676805 (Sup. Ct. N.Y. Co. July 3, 2008) ............................................................ 10

*H-Quotient, Inc. v. Knight Trading Group, Inc.*,
 2005 WL 323750 (S.D.N.Y. Feb. 9, 2005) ............................................................................. 9

*Hanna v. Plumer*,
 380 U.S. 460 (1965) ................................................................................................................ 6

*Hart v. Cmty. Sch. Bd.*,
 536 F. Supp. 2d 274 (E.D.N.Y. 2008) .................................................................................... 3

*Illinois Brick Co. v. Illinois*,
 431 U.S. 720 (1977) ................................................................................................................ 2

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
 2010 WL 2756947 (N.D. Ohio July 12, 2010) ................................................................... 7, 8

*Leader Theatre Corp. v. Randforce Amusement Corp.*,
 58 N.Y.S.2d 304 (Sup. Ct. N.Y. Co. 1945) ............................................................................ 8

*Lurie v. Wittner*,
 228 F.3d 113 (2d Cir. 2000)............................................................................................3

*Marks v. United States*,
 430 U.S. 188 (1977).....................................................................................................2, 3

*Mitchell v. Iowa Interstate RR Ltd.*,
 2010 WL 2089301 (C.D. Ill. May 25, 2010) ...................................................................7

*Nichols v. United States*,
 511 U.S. 738 (1994).........................................................................................................2

*People v. Blanks,*
 845 N.E.2d 1 (Ill. App. Ct. 2005) ...................................................................................5

*Retained Realty, Inc. v. McCabe*,
 2010 WL 1790349 (2d Cir. May 5, 2010) ......................................................................6

*Rivard v. Chicago Fire Fighters Union,*
 522 N.E.2d 1195 (Ill. 1988).............................................................................................5

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
 130 S. Ct. 1431 (2010)............................................................................................ passim

*Tunick v. Safir*,
 209 F.3d 67 (2d Cir. 2000)..............................................................................................3

*Two Queens, Inc. v. Scoza*,
 296 A.D.2d 302 (N.Y. App. Div. 1st Dep't 2002)...................................................8, 9

*United States v. Alcan Aluminum Corp.*,
 315 F.3d 179 (2d Cir. 2003)............................................................................................4

*United States v. Brobst*,
 558 F.3d 982 (9th Cir. 2009) ..........................................................................................4

*United States v. Cundiff*,
 555 F.3d 200 (6th Cir. 2009) ..........................................................................................4

*United States v. Demarest*,
 570 F.3d 1232 (11th Cir. 2009) ......................................................................................4

*United States v. Gerke Excavating, Inc.*,
 464 F.3d 723 (7th Cir. 2006) ..........................................................................................3

*United States v. Johnson*,
 467 F.3d 56 (1st Cir. 2006)..............................................................................................3

*United States v. Martino*,
    664 F.2d 860 (2d Cir. 1981)..................................................................................................4

*United States v. Spencer*,
    592 F.3d 866 (8th Cir. 2010) ...............................................................................................3

*United States v. Williams*,
    435 F.3d 1148 (9th Cir. 2006) .............................................................................................3

*Yates-Williams v. El-Nihum*,
    2010 WL 2639876 (S.D. Tex. June 28, 2010) ....................................................................7

**STATUTES**

740 ILCS 10/3..................................................................................................................................5

740 ILCS § 10/7...........................................................................................................................5, 8

Defendants hereby reply to Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss and Strike Portions of Plaintiffs' Third Consolidated Amended Complaint (cited herein as "Opp."). As Defendants previously argued, and as explained further below, Rule 23 does not preempt the Illinois statute barring indirect purchaser class actions under *Shady Grove*, while the New York antitrust statute is inapplicable to matters lacking a significant impact on intrastate commerce, whether in a class action or not.

## I.  Plaintiffs Fail to State a Cognizable Claim Under the Illinois Antitrust Act

Defendants' opening brief showed that *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431 (2010), does not permit Rule 23 to preempt the Illinois Antitrust Act's proscription of indirect purchaser class actions. Disregarding the Act's prohibition against class actions brought by indirect purchasers would "enlarge or modify" an Illinois-created substantive right and thereby violate the Rules Enabling Act, 28 U.S.C. § 2072(b), by displacing the rights and remedies that Section 7(2) of the Illinois Antitrust Act, 740 ILCS § 10/7(2), confers upon different types of antitrust claimants.

Plaintiffs' claim that the Illinois law at issue here is analogous to the New York law at issue in *Shady Grove* is inaccurate. Section 901(b) of the New York Civil Practice Law and Rules ("NYCPLR"), New York's *procedural* code, broadly prohibits *all* class actions in suits seeking penalties or minimum damages, and is not confined in its reach to claims under New York law. *See Shady Grove*, 130 S. Ct. at 1436, 1443. The Illinois prohibition against indirect purchaser class actions is entirely different. Section 7(2) of the Illinois Antitrust Act is a *substantive* provision the of state's antitrust law. It does not "alter[] only procedure" (*id.* at 1443), but defines the rights and remedies available under Illinois antitrust law; it permits direct purchasers to maintain antitrust class actions but confers the right to bring class actions for indirect purchasers solely on the State's Attorney General. The Act at once authorizes indirect

1

purchasers to bring an antitrust claim (which otherwise would be barred by *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977)), but prohibits them from bringing class actions. Consequently, Section 7(2) is not a "procedural rule" like the New York law at issue in *Shady Grove*.

Plaintiffs' contention that they must prevail because Rule 23 regulates procedure and class action rules are "procedural" is incorrect. The view that Rule 23 overrides state law "with respect to all claims, regardless of its incidental effect on state-created rights" (130 S. Ct. at 1444) lacked a majority in *Shady Grove*. On the contrary, a majority supported the view that "[w]hen a State chooses to use a traditionally procedural vehicle as a means of defining the scope of substantive rights or remedies, federal courts must recognize and respect that choice." *Id.* at 1450 (Stevens, J., concurring); *id.* at 1464 n.2 (Ginsburg, J., dissenting). In a diversity case, Rule 23 must give way to the Illinois bar on private indirect purchaser class actions "because [it] function[s] as a part of the State's definition of substantive rights and remedies." *Id.* at 1448 (Stevens, J., concurring). Defendants' motion to dismiss Count IV therefore should be granted.

> **A.** **The "Narrowest Grounds" Rule Stated in *Marks v. United States* Remains Valid and Limits the Holding of *Shady Grove* to Justice Stevens's Concurring Opinion**

In *Marks v. United States*, 430 U.S. 188 (1977), the Supreme Court held that "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgment[] on the narrowest grounds.'" *Id.* at 193 (quoting *Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976)). Plaintiffs attempt to cast doubt on this rule by quoting the Supreme Court's observation in *Nichols v. United States*, 511 U.S. 738 (1994), that "[t]his test is more easily stated than applied to the various opinions supporting the result in [*Baldasar v. Illinois*, 446 U.S. 222 (1980)]." Opp. at 3 (quoting *Nichols*, 511 U.S. at 746). But the quoted language does nothing more than acknowledge the division among lower courts attempting to

reconcile three different concurring opinions in *Baldasar*. Nowhere in its opinion did the Supreme Court cast the vitality of *Marks* into doubt, let alone overrule it.

Plaintiffs ignore (or fail to distinguish meaningfully) numerous post-*Nichols* cases in which the Second Circuit has applied *Marks*'s "narrowest grounds" rule to take the applicable legal standard from a concurring opinion.[1] Several other circuit courts have cited *Marks*, without reference to *Nichols*, to reject four-Justice plurality opinions in favor of adopting a "solo" concurring opinion as the controlling analysis.[2] Other courts have emphasized that the legal standard is described by the principles that a majority of the Court has embraced.[3]

Plaintiffs acknowledge (Opp. at 11 n.9) that the Second Circuit has interpreted the *Marks* standard to mean "the ground that is most nearly confined to the precise fact situation before the Court, rather than to a ground that states more general rules." *United States v. Martino*, 664 F.2d

---

[1] *See, e.g.*, *Tunick v. Safir*, 209 F.3d 67, 83 (2d Cir. 2000) (adopting a concurring opinion as the "most narrow"); *Lurie v. Wittner*, 228 F.3d 113, 130 (2d Cir. 2000) (holding that the concurring opinion "is arguably more narrow than the plurality's and therefore constitutes the holding of the Court"); *DeStefano v. Emergency Hous. Group, Inc.*, 247 F.3d 397, 419 (2d Cir. 2001) (adopting the concurring opinion because it was narrower than the plurality and it utilized established legal standards rather than creating a new standard); *see also Hart v. Cmty. Sch. Bd.*, 536 F. Supp. 2d 274, 283 (E.D.N.Y. 2008) ("it is the [concurring] view of Justice Kennedy in *Seattle*, which represents the applicable approach under *Marks*").

[2] *See, e.g.*, *United States v. Spencer*, 592 F.3d 866, 879 n.4 (8th Cir. 2010) (adopting concurring opinion as the "narrowest holding"); *United States v. Gerke Excavating, Inc.*, 464 F.3d 723, 724 (7th Cir. 2006) (*per curiam*) ("When a majority of the Supreme Court agrees only on the outcome of a case and not on the ground for that outcome, lower-court judges are to follow the narrowest ground to which a majority of the Justices would have assented if forced to choose."); *United States v. Williams*, 435 F.3d 1148, 1157 (9th Cir. 2006) ("We need not find a legal opinion which a majority joined, but merely 'a legal standard which, when applied, will necessarily produce results with which a majority of the Court from that case would agree.'").

[3] *See, e.g.*, *United States v. Johnson*, 467 F.3d 56, 65 (1st Cir. 2006) ("Since *Marks*, several members of the Court have indicated that whenever a decision is fragmented such that no single opinion has the support of five Justices, lower courts should examine the plurality, concurring and dissenting opinions to extract the principles that a majority has embraced.").

3

860, 872-73 (2d Cir. 1981); *see also United States v. Cundiff*, 555 F.3d 200, 209 (6th Cir. 2009) ("'narrowest' opinion refers to the one which relies on the 'least' doctrinally 'far-reaching-common ground' among the Justices in the majority"). Thus, Justice Stevens's concurrence provides the holding of *Shady Grove*, which is simply that N.Y.C.P.L.R. § 901(b) is procedural and cannot preclude a Rule 23 class action.

Plaintiffs' reliance on the plurality for a broad rule that Rule 23 preempts state laws that limit class actions is without merit, as that opinion did not command a majority of the Court.[4] As Justice Ginsburg's opinion made clear, "a majority of the Court, it bears emphasis, agrees that Federal Rules should be read with moderation in diversity suits to accommodate important state concerns." *Shady Grove*, 130 S. Ct. at 1464 n.2 (Ginsburg, J., dissenting).

### B. The Illinois Antitrust Act's Prohibition of Indirect Purchaser Class Actions Is Intertwined With Its Framework of Substantive Rights and Remedies

Plaintiffs mistakenly argue that the Illinois prohibition on indirect purchaser class actions should be considered "procedural" because certain Illinois courts have traditionally described the class action *form* as a "procedural device." (Opp. at 16-17.) The proper question, however, is "whether the state law is part of a State's framework of substantive rights or remedies." *Shady Grove*, 130 S. Ct. at 1449 (Stevens, J., concurring) (citing *Hanna v. Plumer*, 380 U.S. 460, 471 (1965) ("The line between 'substance' and 'procedure' shifts as the legal context changes")). Illinois courts direct that "[a] substantive law is the part of the law that creates, defines, and regulates the rights, duties, and powers of parties." *People v. Blanks,* 845 N.E.2d 1, 9 (Ill. App.

---

[4] *See United States v. Brobst*, 558 F.3d 982, 991 (9th Cir. 2009) ("[a]s the plurality opinion did not represent the views of a majority of this Court, we are not bound by its reasoning.") (quoting *CTS Corp. v. Dynamics Corp. of Am.*, 481 U.S. 59, 81 (1987)); *United States v. Demarest*, 570 F.3d 1232, 1242 (11th Cir. 2009) (Supreme Court decision had "limited precedential value" where "[t]hree parts of Justice Scalia's four-part opinion are for a plurality of justices, and those parts do not state a rule for this case."); *United States v. Alcan Aluminum Corp.*, 315 F.3d 179, 189 (2d Cir. 2003) ("The only binding aspect of such a splintered decision is its specific result").

4

Ct. 2005); *see also Rivard v. Chicago Fire Fighters Union,* 522 N.E.2d 1195, 1199 (Ill. 1988) ("Substantive law . . . establishes the rights whose invasion may be redressed through a particular procedure. More specifically, procedure embraces pleading, evidence and practice").

Under this standard, Section 7 of the Illinois Antitrust Act plainly establishes substantive antitrust rights and remedies. Its preamble makes this clear, stating that "[t]he following civil actions and remedies are authorized under this Act." 740 ILCS § 10/7. Section 7(2) provides that "[a]ny person who has been injured in his business or property, or is threatened with such injury, by a violation of Section 3 of this Act [740 ILCS 10/3] may maintain an action in the Circuit Court for damages, or for an injunction, or both, against any person who has committed such violation." 740 ILCS § 10/7(2). Section 7(2) defines the remedies available in actions for damages and expressly grants indirect purchasers the right to sue for damages. *Id.* ("No provision of this Act shall deny any person who is an indirect purchaser the right to sue for damages"). While granting the right of action to indirect purchasers, the Illinois Legislature circumscribed that right, providing as part of the same grant that "no person shall be authorized to maintain a class action in any court of this State for indirect purchasers asserting claims under this Act, with the sole exception of this State's Attorney General, who may maintain an action parens patriae as provided in this subsection."[5] *Id.*

Under Justice Stevens's controlling analysis, the relevant inquiry is whether this prohibition on indirect purchaser class actions "is so intertwined with a state right or remedy that

---

[5] Plaintiffs' contention that the language "in any court of this State" (740 ILCS § 10/7(2)) evidences legislative intent to apply the class action limitation exclusively in Illinois courts "misses the obvious point: State legislators generally do not focus on an interstate setting when drafting statutes." *Shady Grove*, 130 S. Ct. at 1470 (Ginsburg, J., dissenting) ("[Illinois] legislators make law with [Illinois] plaintiffs and defendants in mind, *i.e.*, as if [Illinois] were the universe."). Plaintiffs' statutory construction argument must collapse under its own weight, since limiting the private right to "an action in the Circuit Court" would preclude ***any*** claim under the Act from being filed in federal court, including this one.

it functions to define the scope of the state-created right" 130 S. Ct. at 1452 (Stevens, J., concurring). Here, where the class action limitation is part of the very grant of the right to bring an action, which it serves to limit, the answer is affirmative. Illinois confers different substantive rights of action and remedies upon different plaintiffs: (i) direct purchasers are authorized to maintain both individual actions and class actions; (ii) indirect purchasers are authorized to bring individual actions but not class actions; and (iii) the Illinois Attorney General is authorized to bring a class action on behalf of both direct and indirect purchasers.

In contrast to the New York rule in *Shady Grove*, the Illinois rule is intertwined with the substantive antitrust right itself. It is not a rule of procedure; the Illinois Act forbids indirect purchasers from maintaining class actions because the Illinois Legislature vested the power to sue on behalf of a class of indirect purchasers solely with the Attorney General. It is thus "sufficiently interwoven with the scope of a substantive right or remedy," *id*. at 1456, and federal courts sitting in diversity therefore must apply Illinois law. *See Hanna*, 380 U.S. at 465.

C. **The One Court to Apply *Shady Grove* to a <u>Substantive</u> State Law in Conflict With Rule 23 Adopted Justice Stevens's Analysis to Hold That Rule 23 Violates the Rules Enabling Act Where the State Law Defines Substantive Rights and Remedies**

Although Plaintiffs discuss several cases purporting to follow *Shady Grove* (Opp. at 4-7), none of these cases (with one exception) addressed a conflict between Rule 23 and a substantive state law.[6] Notably, in the only post-*Shady Grove* case to date involving a *substantive* state law

---

[6] Moreover, *none* of the cases criticized Justice Stevens's analysis, and indeed, several applied his analytical framework. *See, e.g.*, *Retained Realty, Inc. v. McCabe*, 2010 WL 1790349, at *2 n.1 (2d Cir. May 5, 2010) (summary order) (concluding that "Rule 54(b) . . . is procedural" and that the Connecticut statute at issue was not "intertwined with the state right or remedy so as to define the scope of the state-created right" because the state law merely provided for a "quantum of relief still to be determined"); *Durmishi v. Nat'l Casualty Co.*, 2010 WL 2629996, at *13-14 (E.D. Mich. June 30, 2010) (holding that Rule 35, "unquestionably a rule of procedure," preempted Michigan laws that "do not set forth elements of claims or prescribe rights or remedies"); *see also Mitchell v. Iowa Interstate RR Ltd.*, 2010 WL 2089301, at *1 n.1 (C.D. Ill.

6

prohibiting plaintiffs from maintaining a class action, the court **adopted Justice Stevens's analysis**. *See In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 2010 WL 2756947, at *1-2 (N.D. Ohio July 12, 2010).[7]

In *Whirlpool*, defendants contended that plaintiffs were barred from maintaining a class action under the Ohio Consumer Sales Practice Act because Whirlpool's conduct had not been declared deceptive or unconscionable by the Attorney General or an Ohio court under Ohio Revised Code § 1345.09(B). *Id.* at *1. The plaintiffs, in turn, argued that "[a] class action may be maintained" under Rule 23(b) regardless of the state law's requirement. *Id.* The district court adopted Justice Stevens's opinion "directing courts to focus ultra vires inquiry on [the] substantive/procedural nature of [the] state law at issue, rather than [the] federal rule." *Id.* at *2 (citing *Shady Grove*, 130 S. Ct. at 1457). It found that "[t]he class action restriction in O.R.C. § 1345.09(B) is intimately interwoven with the substantive remedies available under the OCSPA." *Id.* "Thus, because under Justice Stevens's approach in *Shady Grove*, applying Rule 23 here would 'abridge, enlarge, or modify [Ohio's] rights or remedies,' it is ultra vires under the Rules Enabling Act, and must give way to O.R.C. § 1345.09(B)." *Id.* (internal citations omitted).

---

May 25, 2010) (state evidentiary rule will be given effect in a diversity action where it "is actually 'an expression of state substantive policy'") (citing *Shady Grove*, 130 S. Ct. at 1450 n.4 (Stevens, J., concurring)). Plaintiffs' discussion of two other cases is puzzling, as one sidestepped the conflict between state law and federal procedure, while the other did not even involve a Federal Rule. *See Yates-Williams v. El-Nihum*, 2010 WL 2639876, at *2 (S.D. Tex. June 28, 2010) (citing dissenting and plurality opinions from *Shady Grove*, but applying neither analysis); *Coastal Conservation Ass'n v. Locke*, 2010 WL 1407680, at *2 (M.D. Fla. Apr. 6, 2010) (finding that the regulation at issue was "a matter of substance under at least the Administrative Procedures [sic] Act").

[7] One other recent post-*Shady Grove* decision that applied Rule 23 determined that "[s]tate procedural rules do not apply in federal court absent express language in the federal rules." *Am. Copper & Brass, Inc. v. Lake City Indus. Prods.*, 2010 U.S. Dist. LEXIS 76160, *7-8 (W.D. Mich. Jul. 28, 2010) (holding that a Michigan *procedural* rule prohibiting a type of class action (M.C.R. 3.501(A)(5)), similar to the New York procedural rule in *Shady Grove*, did not apply in federal court).

Plaintiffs acknowledge *Whirlpool* in a footnote, in which they make a critical concession: if Section 7(2) of the Illinois Antitrust Act "create[s] the cause of action or the remedy" available to indirect purchasers—which is precisely what Section 7(2) does—the Illinois law "would not be preempted by Rule 23." (Opp. at 8 n.6.) Unlike the New York rule at issue in *Shady Grove*—but like the Ohio statute in *Whirlpool*—the Illinois proscription of indirect purchaser class actions "is not a pan-substantive rule that applies to federal claims or to claims based on other states' laws." *Whirlpool*, 2010 WL 2756947, at *2 (citing *Shady Grove*, 130 S. Ct. at 1457 (Stevens, J.)). "Rather, it applies only to 'a violation of [Section 3 of the Illinois Antitrust Act]'—indicating its substantive nature." *Id*. at *2; 740 ILCS § 10/7(2). For the same reasons as in *Whirlpool*, Rule 23 is ultra vires under the Rules Enabling Act in this case and must "give way" to Illinois law. Plaintiffs thus cannot maintain an indirect purchaser class action under the Illinois Antitrust Act and Count IV must be dismissed.

## II. **Plaintiffs Fail to State a Cognizable Claim Under New York's Donnelly Act**

In order for Plaintiffs' Donnelly Act claim to survive, there must be a "significant impact on intrastate commerce" in New York. *Conergy AG v. MEMC Elec. Materials, Inc*., 651 F. Supp. 2d 51, 61 (S.D.N.Y. 2009); *see also Leader Theatre Corp. v. Randforce Amusement Corp*., 58 N.Y.S.2d 304, 307 (Sup. Ct. N.Y. Co.1945) (joint applicability of the Sherman Act and a state antitrust statute is only appropriate when "such commerce has significant local consequences"). Even the cases cited by Plaintiffs reflect this standard. *See Two Queens, Inc. v. Scoza*, 296 A.D.2d 302, 304 (N.Y. App. Div. 1st Dep't 2002) (explaining that in order to avoid preemption, the conduct alleged must "have a significant intrastate or local anticompetitive impact in violation of state antitrust law with minimal interstate consequences").[8]

---

[8] *See also id.* ("The question is whether the burden on interstate commerce outweighs the States' interests."). Absent allegations of a significant impact on local or intrastate commerce, the

8

Plaintiffs' allegations, however, fall far short of this mark. Aside from purely conclusory allegations, Plaintiffs neither allege a significant intrastate or local impact nor allege minimal interstate consequences. *First*, Plaintiffs fail to allege that any class members paid artificially inflated prices for digital music specifically in New York. *See* Third Consolidated Amended Complaint ("TCAC") ¶¶ 13, 44-45, 153. Plaintiffs' repeated reference to conduct occurring "throughout the United States" fails to attribute conduct to any particular jurisdiction, including New York. *Second*, Plaintiffs fail to allege that any act committed in furtherance of a purported conspiracy took place in New York. *See* TCAC ¶¶ 21-23, 25, 38. *Third*, Plaintiffs' reference to the New York Attorney General's "ongoing investigation" into the activities and anticompetitive conduct of the Defendants is false. The New York Attorney General's investigation has been closed with no suggestion of any wrongdoing in New York (or any other state). *See* Defendants-Appellees' Petition for Rehearing En Banc at 13-14.

Plaintiffs' reliance on *Bowlus v. Alexander & Alexander Services* and *Global Reinsurance Corp. v. Equitas Ltd*. is misplaced. The *Bowlus* Court found that the Donnelly Act, and not federal antitrust laws, was the preferred way to deal with a restrictive covenant in dispute because "[t]he validity of a restrictive covenant contained in an employment contract is generally a matter of state policy." *Bowlus v. Alexander & Alexander Servs.,* 659 F. Supp. 914, 920 (S.D.N.Y. 1987). Likewise, the fact that two of the agreements at issue in *Bowlus* "expressly provide[d] that they will be governed by New York law" carried great weight in determining that a cause of action under the Donnelly Act was appropriate. *Id*. In fact, the *Bowlus* Court even

---

Commerce Clause precludes application of state antitrust law where, as here, "the burden on interstate commerce outweighs the states' interests in regulating" that commerce. *Flood v. Kuhn*, 443 F.2d 264, 268 (2d Cir. 1971), *aff'd*, 407 U.S. 258 (1972); *see also H-Quotient, Inc. v. Knight Trading Group, Inc.*, 2005 WL 323750, at *4 (S.D.N.Y. Feb. 9, 2005) (citing *Flood* and finding a Donnelly Act claim preempted by federal antitrust law).

recommended that the defendants "assert the interstate nature of their conduct as a defense" to the Donnelly Act action in future proceedings. *Id.*[9] Similarly, the court in *Global Reinsurance* found that the Donnelly Act was not preempted by federal law only after determining that the defendants' purported conduct "include[d] a significant intrastate component." *Global Reinsurance Corp.-U.S. Branch v. Equitas Ltd.*, 2008 WL 2676805, at *9 (Sup. Ct. N.Y. Co. July 3, 2008). Plaintiff in *Global Reinsurance* alleged that defendant delayed and denied making payments in New York; met with plaintiff's executives in New York; audited plaintiff's files in New York; and directed letters, phone calls, payments, and other conduct toward New York. *Id.* Unlike the plaintiffs in *Global Reinsurance* and *Bowlus*, Plaintiffs here fail to allege significant intrastate impact and minimal interstate consequences necessary to avoid the Donnelly Act's preemption by federal law.

## CONCLUSION

For these reasons, and for the reasons described in the prior briefs, Defendants respectfully submit that the Court should grant Defendants' joint motion to dismiss in its entirety, with prejudice, and strike the specified portions of the TCAC.

DATED: August 6, 2010          Respectfully submitted,

By /s/ Richard M. Steuer

Richard M. Steuer
Mark Cuccaro
MAYER BROWN LLP
1675 Broadway
New York, NY 10019
(212) 506-2500
rsteuer@mayerbrown.com
*Attorneys for EMI Group North America Inc.,*

---

[9] Plaintiffs appear to quote language from the *Bowlus* opinion when they argue that "the fact that 'Defendants operated out-of-state corporations at a national level did not preclude the operation of the Donnelly Act.'" Opp. at 18. Plaintiffs' quoted passage does not appear anywhere in *Bowlus*, nor does any language in *Bowlus* suggest anything remotely close to this proposition.

10

*Capitol Records, LLC d/b/a/ EMI Music North America, Capitol-EMI Music, LLC, and Virgin Records America, Inc.*


By /s/ Joseph Kattan, PC
Joseph Kattan, PC
Georgia K. Winston
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., NW
Washington, D.C. 20036
(202) 955-8500
jkattan@gibsondunn.com

Scott A. Edelman
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East
Los Angeles, CA 90067
(310) 552-8500
*Attorneys for Sony Music Entertainment and Sony Corporation of America*


By /s/ Peter T. Barbur

Peter T. Barbur
Rachel G. Skaistis
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
pbarbur@cravath.com
*Attorneys for Time Warner Inc.*

By /s/ Glenn D. Pomerantz

Glenn D. Pomerantz
Rohit Singla
MUNGER, TOLLES, & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
(213) 683-9100
Glenn.Pomerantz@mto.com
*Attorneys for UMG Recordings, Inc.*

11

By /s/ Kenneth R. Logan

Kenneth R. Logan
Jonathan K. Youngwood
SIMPSON THACHER & BARTLETT LLP
425 Lexington, Ave.
New York, NY 10017
(212) 455-2000
klogan@stblaw.com
*Attorneys for Warner Music Group Corp.*


By /s/ Alan M. Wiseman

Alan M. Wiseman
Mark C. Schechter
Thomas Isaacson
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 783-0800
WisemanA@howrey.com
*Attorneys for Defendant Bertelsmann, Inc.*