UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re DIGITAL MUSIC ANTITRUST LITIGATION | MDL Docket No. 1780<br><br>Hon. Loretta A. Preska |

# PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE PORTIONS OF PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

Christopher Lovell
Gary S. Jacobson
LOVELL STEWART HALEBIAN
JACOBSON LLP
61 Broadway, Suite 501
New York, New York, 10006
(212) 608-1900

John J. Stoia, Jr.
Bonny E. Sweeney
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

*Interim Co-Lead Counsel for Plaintiffs*

Plaintiffs respectfully submit the attached supplemental authority, *Holster v. Gatco, Inc.*, No. 07-2191-cv, 2010 WL 3307468 (2d Cir. Aug. 24, 2010), which was decided after Plaintiffs filed their Memorandum in Opposition to Defendants' Motion to Dismiss and Strike Portions of Plaintiffs' Third Consolidated Amended Complaint, Doc. No. 138 ("Pl. Mem."), on July 23, 2010, and which pertains to Defendants' motion to dismiss Count IV for violation of the Illinois Antitrust Act.

In 2008, the Second Circuit in *Holster* had summarily affirmed the dismissal of a putative class action brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), which provides a statutory penalty for each instance of unsolicited commercial fax transmission and a federal cause of action "if otherwise permitted by the laws or rules of court of a State." *Id.* § 227(b)(3). As reflected in *Bonime v. Avaya, Inc.*, 547 F.3d 497 (2d Cir. 2008), a case decided on the same day and raising the same issues as *Holster*, the Court applied CPLR § 901(b) to TCPA actions in New York for two independent reasons: (1) pursuant to the doctrine of *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), because Congress directed that the TCPA be applied as if it were state law; and (2) because the TCPA expressly allowed a person to sue only if "otherwise permitted" by the state, federal courts were "required to respect" the class action prohibition of § 901(b). 2010 WL 3307468 at *1, citing *Bonime*, 547 F.3d at 501-02.

The Supreme Court granted certiorari, *Holster v. Gatco, Inc.*, 130 S.Ct. 1575 (Apr. 19, 2010), vacating and remanding for further consideration in light of *Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 130 S.Ct. 1431 (2010).

In this most recent decision on remand, the Second Circuit acknowledged that its first ground for dismissing *Holster*, predicated on *Erie*, had been abrogated by *Shady Grove*, agreeing that "Rule 23 answers the question" of whether a case based on New York state law may proceed

1

as a class action in federal court.  The Court consistently cited Justice Scalia's *Shady Grove* plurality opinion as the "*holding*" of the Supreme Court.  2010 WL 3307468 at *1-2 (emphasis in original).  The Second Circuit's acknowledgement that the plurality opinion constitutes the *Shady Grove* holding mandates denial of Defendants' motion to dismiss the Illinois antitrust claim, since "Rule 23 answers the question" of whether a class claim lies under the Illinois Antitrust Act.

The Second Circuit proceeded to affirm the *Holster* dismissal on the second, "independent" ground.  The Court considered the "independent" ground not as an issue under *Shady Grove* arising "on the relationship between the Federal Rules of Civil Procedure and state rules, but on the unique nature of the federal action the TCPA created."  *Id*. at *1.   Unlike the Illinois Antitrust Act, the TCPA provides no cause of action of any kind unless "otherwise permitted" by State law.  In that unusual circumstance, the Second Circuit determined that "nothing prevents us from saying that Congress intended some, but not necessarily all, state 'rules of court' to define what causes of action can lie under the TCPA."  *Id*. at *3.  This independent ground, predicated on the unusual nature of the TCPA, has no applicability here.

The *Holster* decision highlights why *Bearden v. Honeywell Intern. Inc*., No. 3:09-1035, 2010 WL 3239285 (M.D. Tenn. Aug. 16, 2010), recently brought to this Court's attention by Defendants (Doc. No. 141), does not require dismissal of Count IV.  First, while the Second Circuit in *Retained Realty, Inc. v. McCabe*, No. 08-5269, 2010 WL 1790349 (2d Cir. May 5, 2010), refrained from choosing between Justice Scalia's or Justice Stevens' tests for preemption in *Shady Grove*, in *Holster* the Second Circuit explicitly recognized Justice Scalia's opinion as the holding of that case—an approach now binding on this Court.  Thus, the application of Justice Stevens' concurrence, as in *Bearden*, does not apply here.  Second, and regardless,

Plaintiffs have previously shown that either test yields the same result; the Illinois Antitrust Act's class action rule, unlike that of the Tennessee Consumer Protection Act ("Tennessee Act") as considered in *Beardon*,[1] is procedural and subject to preemption by FRCP 23. Pl. Mem. at 11-17. Third, as previously demonstrated, class actions have been maintained under the Illinois Antitrust Act. *In re Lorazepam & Clorazepate Antitrust Litigation*, 531 F. Supp. 2d 82 (D.D.C. 2008) (court awarded treble damages under 740 ILCS §10/7(2) in class action brought on behalf of indirect buyers of generic drugs). Fourth, Plaintiffs have pointed to legislative history showing that the class action limitation in the Illinois Antitrust Act was a procedural one, limited to state court filings, Pl. Mem. at 14-17, even as the Second Circuit looked to Congressional intent in deciding the preemption issue in *Holster*. 2010 WL 3307468 at *2-3.

    For these reasons, and for the reasons and authorities previously briefed, Defendants' motion to strike Count IV of the TCAC should be denied in all respects.

Dated: August 31, 2010

                                          Respectfully submitted,

                                          LOVELL STEWART HALEBIAN
                                          JACOBSON LLP

                                          By: /s/ Christopher Lovell_____
                                          Christopher Lovell (CL-2595)
                                          Gary S. Jacobson (GJ-2481)
                                          61 Broadway, Suite 501
                                          New York, New York 10006
                                          Tel.: (212) 608-1900
                                          Fax.: (212) 719-4677

---

[1] Although *Beardon* characterized the class action limitation of the Tennessee Act as substantive, the decision of the Tennessee Supreme Court it relied upon in doing so, *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301 (Tenn. 2008), did not suggest it was advancing any state substantive policy concerning consumer protection. *See Thorogood v. Sears, Roebuck & Co.*, 547 F.3d 742, 746 (7th Cir. 2008). In any event, Plaintiffs here have demonstrated here that the Illinois Supreme Court views class actions as procedural vehicles. Pl. Mem. at 14-17.

ROBBINS GELLER RUDMAN & DOWD LLP

By: /s/ John J. Stoia, Jr.
John J. Stoia, Jr.
Bonny E. Sweeney
655 West Broadway, Suite 1900
San Diego, California  92101
Tel.: (619) 231-1058
Fax.: (619) 231-7423

*Interim Co-Lead Counsel for Plaintiffs*

FINKELSTEIN THOMPSON LLP

By: /s/ Douglas G. Thompson, Jr.
Douglas G. Thompson, Jr.
Tracy D. Rezvani
The Duvall Foundry
1050 30th Street, N.W.
Washington, DC  20007
Tel:  (202) 337-8000
Fax:  (202) 337-8090

*Additional Counsel for Plaintiffs*