UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
In re DIGITAL MUSIC ANTITRUST  :
LITIGATION                     :   MDL Docket No. 1780
                               :
---------------------------------------- x

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF MOTION TO DISMISS AND TO STRIKE PORTIONS OF PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT**

Richard M. Steuer
Mark Cuccaro
MAYER BROWN LLP
1675 Broadway
New York, NY 10019
(212) 506-2500
*Attorneys for EMI Group North America Inc., Capitol Records, LLC d/b/a/ EMI Music North America, Capitol-EMI Music, LLC, and Virgin Records America, Inc.*

Joseph Kattan, PC
Georgia Winston
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., NW
Washington, D.C. 20036
(202) 955-8500

Scott A. Edelman
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East
Los Angeles, CA 90067
(310) 552-8500
*Attorneys for Sony Music Entertainment and Sony Corporation of America*

Glenn D. Pomerantz
Rohit Singla
MUNGER, TOLLES, & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
(213) 683-9100
*Attorneys for UMG Recordings, Inc.*

Peter T. Barbur
Rachel G. Skaistis
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
*Attorneys for Time Warner, Inc.*

Kenneth R. Logan
Jonathan K. Youngwood
SIMPSON THACHER & BARTLETT LLP
425 Lexington Ave.
New York, NY 10017
(212) 455-2000
*Attorneys for Warner Music Group Corp.*

Alan M. Wiseman
Mark C. Schechter
Thomas Isaacson
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 783-0800
*Attorneys for Bertelsmann, Inc.*

Defendants respectfully submit the attached supplemental authority, *In re Wellbutrin XL Antitrust Litigation*, 2010 U.S. Dist. LEXIS 135566 (E.D. Pa. Dec. 22, 2010), which pertains to Defendants' Motion to Dismiss Count IV for alleged violation of the Illinois Antitrust Act.

In *Wellbutrin*, the district court analyzed the Supreme Court's opinions in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431 (2010), concluding that "[a] majority of the Court . . . rejected Justice Scalia's Rules Enabling Act analysis that only examines the Federal Rule on its own in favor of an analysis that considers important state interests." *Wellbutrin*, 2010 U.S. Dist. LEXIS 135566, at *14.  The *Wellbutrin* court found that Justice Stevens's approach formed the "narrowest grounds" in *Shady Grove* and approvingly cited lower courts holding that Justice Stevens's Rules Enabling Analysis is controlling.  *Id.* at *13-14 (citing *McKinney v. Bayer Corp.*, 2010 U.S. Dist. LEXIS 103516, at *29 (N.D. Ohio Sept. 30, 2010); *Bearden v. Honeywell Int'l, Inc.*, 2010 U.S. Dist. 83996, at *30 (M.D. Tenn. Aug. 16, 2010); *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 2010 U.S. Dist. LEXIS 69254, at *6-8 (N.D. Ohio July 12, 2010)).

In denying the *Wellbutrin* indirect purchaser plaintiffs' motion to amend their complaint to include claims under the Illinois Antitrust Act ("IAA"), Judge McLaughlin concluded that "the IAA's restrictions on indirect purchaser actions are distinguishable from the provisions addressed in *Shady Grove*."  *Wellbutrin*, 2010 U.S. Dist. LEXIS 135566, at *19.  "The Illinois restrictions on indirect purchaser actions are intertwined with Illinois substantive rights and remedies because (1) the restrictions apply only to the IAA, (2) they are incorporated in the same statutory provision as the underlying right, not a separate procedural rule, and (3) the restrictions appear to reflect a policy judgment about managing the danger of duplicative recoveries."  *Id.* at *19-20.  "Because the indirect purchaser restrictions of the IAA are 'intertwined' with the

underlying substantive right, application of Rule 23 would 'abridge, enlarge or modify' Illinois' substantive rights, and therefore Illinois' restrictions on indirect purchaser actions must be applied in federal court." *Id.* at \*20.

Accordingly, Plaintiffs in this case may not maintain their claim on behalf of the putative Illinois class and the class allegations relevant to that claim should be stricken. Defendants respectfully refer the Court to their earlier-filed briefs at Docket No. 78 (at pp. 27-30) and Docket No. 96 (at pp. 20-24) for a discussion of Plaintiffs' claim under the New York statute.

DATED:  January 13, 2011                        Respectfully submitted,

By /s/ Richard M. Steuer

Richard M. Steuer
Mark Cuccaro
MAYER BROWN LLP
1675 Broadway
New York, NY 10019
(212) 506-2500
rsteuer@mayerbrown.com
*Attorneys for EMI Group North America Inc.,
Capitol Records, LLC d/b/a/ EMI Music
North America, Capitol-EMI Music, LLC,
and Virgin Records America, Inc.*


By /s/ Joseph Kattan, PC
Joseph Kattan, PC
Georgia K. Winston
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., NW
Washington, D.C. 20036
(202) 955-8500
jkattan@gibsondunn.com

Scott A. Edelman
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East

2

Los Angeles, CA 90067
(310) 552-8500
*Attorneys for Sony Music Entertainment
and Sony Corporation of America*


By /s/ Peter T. Barbur

Peter T. Barbur
Rachel G. Skaistis
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
pbarbur@cravath.com
*Attorneys for Time Warner Inc.*

By /s/ Glenn D. Pomerantz

Glenn D. Pomerantz
Rohit Singla
MUNGER, TOLLES, & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
(213) 683-9100
Glenn.Pomerantz@mto.com
*Attorneys for UMG Recordings, Inc.*


By /s/ Kenneth R. Logan

Kenneth R. Logan
Jonathan K. Youngwood
SIMPSON THACHER & BARTLETT LLP
425 Lexington, Ave.
New York, NY 10017
(212) 455-2000
klogan@stblaw.com
*Attorneys for Warner Music Group Corp.*


By /s/ Alan M. Wiseman

Alan M. Wiseman
Mark C. Schechter
Thomas Isaacson

3

        HOWREY LLP
        1299 Pennsylvania Avenue, N.W.
        Washington, D.C. 20004
        (202) 783-0800
        WisemanA@howrey.com
        *Attorneys for Defendant Bertelsmann, Inc.*