UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-26-13
```

------------------------------------------------------x

IN RE: DIGITAL MUSIC ANTITRUST
LITIGATION

This document relates to: All Actions

------------------------------------------------------x

MASTER FILE
1:06-MD-01780 (LAP)

### [~~PROPOSED~~] ORDER REGARDING
### CLASS CERTIFICATION BRIEFING AND DISCOVERY SCHEDULE

**WHEREAS**, by Order dated December 27, 2012, approved as to form by the Parties (Dkt. No. 179), the Court instructed the Parties to submit a schedule for briefing on Plaintiffs' motion for class certification by January 8, 2013; and by requested extension the Parties have sought to continue that deadline to January 28, 2012, so that the Parties could resolve as many issues as possible through the meet-and-confer; and

**WHEREAS**, the Parties met and conferred in good faith and reached a stipulation as to Paragraphs 1 and 3-6 of the agreement regarding a proposed schedule that addresses both deadlines for class certification-related discovery, as well as deadlines for briefing on Plaintiffs' motion for class certification; and

**WHEREAS**, the Parties have been unable to agree on one issue in Paragraph 2, namely, the limit on the number of depositions that Plaintiffs are presumptively entitled to take from each Defendant or Defendant group prior to the filing of Plaintiffs' opening brief in support of their motion for class certification, with Plaintiffs taking the position that the presumptive number should be three depositions from each Defendant or Defendant group, and Defendants taking the position that the presumptive number should be one deposition from each Defendant or Defendant group; and

**WHEREAS**, the Parties have represented to the Court that they will submit the competing versions of Paragraph 2 to the Court for decision, along with all other points stipulated and agreed to, and they will work together in good faith in attempting to ensure that all respective class certification-related discovery, including depositions, will be completed sufficiently in advance of the deadline for filing each respective class certification-related brief; *based on the parties' letter (attached)*

**THEREFORE, IT IS HEREBY ORDERED**:

1. Defendants shall complete production of all documents Plaintiffs have sought in discovery as of the date this stipulation was executed by the Parties (either agreed to

by Defendants or if directed by the Court as a result of Plaintiffs' pending motion for reconsideration) by May 3, 2013.

2. Between May 6, 2013 and November 1, 2013, Plaintiffs shall complete depositions, if any, that are solely related to Plaintiffs' class certification motion, and shall file their brief in support of their class certification motion, and any other filings related thereto, by no later than November 1, 2013. The depositions that Plaintiffs collectively shall be entitled to take during that time period shall have a presumptive limit of no more than one deposition (whether a 30(b)(6) witness or individual witness) that is solely related to Plaintiffs' class certification motion of each Defendant or Defendant group (*i.e.*, one from the group of EMI defendants, one from Sony Music Entertainment, one from UMG Recordings, Inc. and one from Warner Music Group. Corp.). Plaintiffs reserve the right to seek leave of Court to take more than one deposition of each Defendant or Defendant group, for good cause shown, if after meeting and conferring with Defendants in good faith, the issue cannot be resolved by the Parties.

3. Defendants shall complete any depositions or other discovery Defendants have sought or may seek (either agreed to by Plaintiffs or authorized by the Court) that is reasonably related to opposing Plaintiffs' class certification motion, and shall file their opposition, by no later than February 3, 2014   The depositions that Defendants shall be entitled to take in connection with opposing class certification include depositions of: any or all proposed class representatives; any or all of Plaintiffs' fact or expert witnesses, if any, who submit any declaration or other document in support of Plaintiffs' class certification motion; any other witness(es) reasonably related to opposing Plaintiffs' class certification motion.

4. Plaintiffs shall complete any depositions or other discovery Plaintiffs have sought or may seek (either agreed to by Defendants or authorized by the Court) that is reasonably related to replying to Defendants' opposition, and shall file their reply. by no later than June 3, 2014. The depositions that Plaintiffs shall be entitled to take in connection with replying to Defendants' opposition include depositions of: any or all of Defendants' fact or expert witnesses, if any, who submit any declaration or other document in opposition to Plaintiffs' class certification motion; any other witness(es) reasonably related to replying to Defendants' opposition.

5. In the event that Plaintiffs' reply papers raise new issues, including, but not limited to, the submission of declarations from fact or expert witnesses, the parties shall meet and confer in good faith to address whether any discovery is required related thereto and to expeditiously complete such discovery.

6. With respect to each of the above-mentioned depositions, in accordance with Federal Rule of Civil Procedure 30(d), the Parties agree to a presumptive limit for each deposition of one day of seven hours, while expressing reserving their right to seek additional time "if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."

This Order is without prejudice to the right of any party to seek an extension of the dates contained herein, or to otherwise seek a modification of this order, for good cause shown.

*[Signature Pages Follow]*

STIPULATED AS TO PARAGRAPHS 1, 3-6, AND ALL OF PARAGRAPH TWO EXCEPT FOR THE PRESUMPTIVE NUMBER OF DEPOSITIONS ALLOWED, AND APPROVED AS TO FORM AS TO THAT LATTER POINT.

DATED: January 28, 2013

                LOVELL STEWART HALEBIAN JACOBSON LLP

                By: /s/ Christopher Lovell
                Christopher Lovell
                Gary S. Jacobson
                Craig M. Essenmacher
                61 Broadway, Suite 501
                New York, New York 10006
                (212) 608-1900
                *Attorneys for Plaintiffs*

DATED: January 28, 2013

                ROBBINS GELLER RUDMAN & DOWD LLP

                By: /s/ Bonny E. Sweeney
                Bonny E. Sweeney
                Alexandra S. Bernay
                65 West Broadway, Suite 1900
                San Diego, CA 92101
                Tel.: (619) 231-1058
                Fax: (202) 383-6610
                *Attorneys for Plaintiffs*

DATED: January 28, 2013                    GIBSON, DUNN & CRUTCHER LLP

Scott A. Edelman
2029 Century Park East
Los Angeles, CA 90067-3026
(310) 552-8500

By: /s/ Joseph Kattan
Joseph Kattan, PC
1050 Connecticut Ave., N.W.
Washington, District of Columbia 20036-5306
(202) 955-8500
*Attorneys for Defendant*
*SONY MUSIC ENTERTAINMENT*


DATED: January 28, 2013                    MUNGER, TOLLES & OLSON LLP

By: /s/ Glenn D. Pomerantz
Glenn D. Pomerantz
Kelly M. Klaus
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
(213) 683-9100
*Attorneys for Defendants*
*UMG RECORDINGS, INC.*
*CAPITOL RECORDS, INC. d/b/a EMI MUSIC*
*NORTH AMERICA, CAPITOL-EMI MUSIC,*
*INC. and VIRGIN RECORDS AMERICA, INC.*

DATED: January 28, 2013

SIMPSON THACHER & BARTLETT LLP

By: /s/ Jonathan K. Youngwood
Jonathan K. Youngwood
Devin F. Ryan
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212) 455-2000
*Attorneys for Defendant*
*WARNER MUSIC GROUP CORP.*

**SO ORDERED.**

*/s/ Loretta A. Preska*
LORETTA A. PRESKA
CHIEF UNITED STATES DISTRICT JUDGE

Dated: New York, New York
       February 26, 2013

## MUNGER, TOLLES & OLSON LLP

355 SOUTH GRAND AVENUE, 35TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560

January 28, 2013

WRITER'S DIRECT LINE
(213) 683-9238
(213) 683-4038 FAX
Kelly.Klaus@mto.com

**BY FACSIMILE**

The Honorable Loretta A. Preska
Chief Judge, United States District Court,
  Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: *In re: Digital Music Antitrust Litigation*, 1:06-MD-01780 (LAP)

Dear Chief Judge Preska:

I am counsel for UMG Recordings, Inc. and the EMI Defendants. I send this letter on behalf of Plaintiffs and all Defendants regarding the proposed schedule for discovery and briefing on class certification as to which the Court directed the Parties to meet-and-confer. (See Dkt. No. 179.)

The Parties met and conferred several times and were able to agree to all but one issue concerning the proposed schedule. The one point of disagreement concerns depositions by Plaintiffs of each Defendant or Defendant group (the "Defendant group" refers to the EMI Defendants, of whom several are named) prior to the deadline for Plaintiffs to file their motion in support of class certification. The Parties have agreed that Plaintiffs should be presumed entitled to take a certain number of depositions from each Defendant or Defendant group, with the option to seek additional depositions (including by way of motion, if the meet-and-confer process does not resolve disagreements). Plaintiffs believe they should be presumed entitled to take three depositions per Defendant or Defendant group; Defendants believe that Plaintiffs should be presumed entitled to take one deposition per Defendant or Defendant group. We have set forth the Parties' respective positions on this disagreement below. We are attaching two different versions of the Proposed Order. The only difference between the Proposed Orders is the difference in numbers of depositions, which is set forth in Paragraph 2.

**Plaintiffs' Position**: Plaintiffs' position regarding the presumptive limit of depositions allowed to Plaintiffs in preparation for their class certification motion is that Plaintiffs should be allowed up to three depositions per Defendant, rather than Defendants' proposal of only one deposition per Defendant. Plaintiffs have not been allowed to take any depositions in discovery thus far because the current schedule, dated August 15, 2011 (Doc. No. 158), does not provide for party depositions. Plaintiffs and Defendants agree that Defendants can take as many depositions related to their response to Plaintiffs' class certification motion as they need, so long as they are reasonably related to their response. Plaintiffs agree to limit their depositions in preparation for class certification briefing, but allowing Plaintiffs only one deposition per Defendant unnecessarily restricts Plaintiffs' ability to prepare their class certification motion. A limit of up to three depositions per Defendant better allows Plaintiffs to prepare for their class

certification motion, and is more reasonable, especially in light of the fact that Defendants are not limited in the number of depositions that they can take in response to Plaintiffs' motion.

**Defendants' Position**: Defendants propose that Plaintiffs be presumed entitled to take one deposition on class certification issues (whether from a 30(b)(6) or a named witness) from each Defendant or Defendant group—and that Plaintiffs then be required to explain why they need any additional depositions from any one Defendant or Defendant group. It is not an onerous burden on Plaintiffs to have to explain (during a meet-and-confer or, if necessary, in a motion) why they should get additional class certification depositions from any Defendant. On the other hand, giving Plaintiffs unrestricted license to notice three depositions per Defendant (for a total of 12 on the defense side) is an invitation to Plaintiffs to drive up Defendants' costs and delay the resolution of the class certification motion, and ultimately this litigation. During the meet-and-confer, Plaintiffs justified their request for a presumptive limit of 12 defense-side deponents total by stating that Plaintiffs did not yet know who they wanted to depose. The fact that Plaintiffs cannot as of this date identify a single witness (let alone 12 witnesses) they think they need to depose on class certification issues—after having received more than a million pages of documents and gigabytes of transactional data over the past year—speaks volumes about Plaintiffs' objectives in seeking a presumptive limit of three depositions per Defendant or Defendant group. Contrary to Plaintiffs' position, the Parties have not agreed to a one-sided rule on these issues. Defendants have agreed to take one deposition of each named Plaintiff prior to filing their opposition to class certification.

We would be pleased to submit the Proposed Orders in Word form to Your Honor's Chambers, if that would be of assistance.

Respectfully submitted,

Kelly M. Klaus
Counsel for UMG Recordings, Inc. and the EMI
Defendants, and with the concurrence of
counsel for Plaintiffs and all Defendants

cc:   Plaintiffs' Counsel (by email)