USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-4-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

IN RE: DIGITAL MUSIC ANTITRUST
LITIGATION

This document relates to: All Actions

MASTER FILE
1:06-MD-01780 (LAP)

------------------------------------------------------------x

## [PROPOSED] ORDER REGARDING CLASS CERTIFICATION BRIEFING AND DISCOVERY SCHEDULE

**WHEREAS,** by Order dated February 26, 2013, (Dkt. No. 192), the Court set a schedule for briefing for class certification where Plaintiffs' motion for class certification was due by November 1, 2013 and

**WHEREAS,** the February 26, 2013 Order included a provision that Plaintiffs could take one deposition of each Defendant or Defendant group that "is solely related to Plaintiffs' class certification motion" before November 1, 2013; and

**WHEREAS,** Plaintiffs served Notices of Deposition pursuant to Federal Rules of Civil Procedure 30(b)(6) (the "Notices") to each Defendant on September 6, 2013 and each Defendant submits that it served timely responses and objections to its respective Notice; and

**WHEREAS,** the Parties met and conferred in good faith regarding the respective corporate designee(s), dates and times for the deposition and the deposition topics in the Notices; and

**WHEREAS,** the Parties are still meeting and discussing in good faith regarding the respective corporate designee(s), timing, and deposition topics in the Notices and, accordingly, the Parties are unlikely to complete the meet and confer process and Plaintiffs are unlikely to complete taking these depositions before their November 1, 2013 deadline in the current schedule; and

**WHEREAS,** the Parties request that the Court approve an extension of approximately 75 days to each date in the current class certification schedule in order that the Parties can complete meeting and conferring on the respective corporate designee, timing, and deposition topics in the Notices as well as complete these depositions before Plaintiffs' brief for class certification is due. The Parties represent that they will work together in good faith in attempting to ensure that all respective class certification-related discovery, including depositions, will be completed sufficiently in advance of the new deadline for filing each respective class certification-related brief;

**THEREFORE, IT IS HEREBY ORDERED:**

1. Before January 17, 2014, Plaintiffs shall complete depositions, if any, that are solely related to Plaintiffs' class certification motion, and shall file their brief in support of their class certification motion, and any other filings related thereto, by no later than January 17, 2014. The depositions that Plaintiffs collectively shall be entitled to take during that time period shall have a presumptive limit of no more than one deposition (whether a 30(b)(6) witness or individual witness) that is solely related to Plaintiffs' class certification motion of each Defendant or Defendant group (i.e., one from the group of EMI defendants, one from Sony Music Entertainment, one from UMG Recordings, Inc. and one from Warner Music Group. Corp.). Plaintiffs reserve the right to seek leave of Court to take more than one deposition of each Defendant or Defendant group, for good cause shown, if after meeting and conferring with Defendants in good faith, the issue cannot be resolved by the Parties.

2. Defendants shall complete any depositions or other discovery Defendants have sought or may seek (either agreed to by Plaintiffs or authorized by the Court) that is reasonably related to opposing Plaintiffs' class certification motion, and shall file their opposition, by no later than April 21, 2014. The depositions that Defendants shall be entitled to take in connection with opposing class certification include depositions of: any or all proposed class representatives; any or all of Plaintiffs' fact or expert witnesses, if any, who submit any declaration or other document in support of Plaintiffs' class certification motion; any other witness(es) reasonably related to opposing Plaintiffs' class certification motion.

3. Plaintiffs shall complete any depositions or other discovery Plaintiffs have sought or may seek (either agreed to by Defendants or authorized by the Court) that is reasonably related to replying to Defendants' opposition, and shall file their reply by no later than August 15, 2014. The depositions that Plaintiffs shall be entitled to take in connection with replying to Defendants' opposition include depositions of: any or all of Defendants' fact or expert witnesses, if any, who submit any declaration or other document in opposition to Plaintiffs' class certification motion; any other witness(es) reasonably related to replying to Defendants' opposition.

4. In the event that Plaintiffs' reply papers raise new issues, including, but not limited to, the submission of declarations from fact or expert witnesses, the parties shall meet and confer in good faith to address whether any discovery is required related thereto and to expeditiously complete such discovery.

5. With respect to each of the above-mentioned depositions, in accordance with Federal Rule of Civil Procedure 30(d), the Parties agree to a presumptive limit for each deposition of one day of seven hours, while expressing reserving their right to seek additional time "if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."

This Order is without prejudice to the right of any party to seek an extension of the dates contained herein, or to otherwise seek a modification of this order, for good cause shown.

*[Signature Pages Follow]*

STIPULATED AND APPROVED AS TO SUBSTANCE AND FORM.

DATED: September 30, 2013

LOVELL STEWART HALEBIAN
JACOBSON LLP

By: /s/ Christopher Lovell
Christopher Lovell
Merrick S. Rayle
Craig M. Essenmacher
61 Broadway, Suite 501
New York, New York 10006
(212) 608-1900
*Attorneys for Plaintiffs*

DATED: September 30, 2013

ROBBINS GELLER RUDMAN & DOWD
LLP

By: /s/ Bonny E. Sweeney
Bonny E. Sweeney
Alexandra S. Bernay
65 West Broadway, Suite 1900
San Diego, CA 92101
Tel.: (619) 231-1058
Fax: (202) 383-6610
*Attorneys for Plaintiffs*

DATED: September 30, 2013         GIBSON, DUNN & CRUTCHER LLP

Scott A. Edelman
Angelique Kaounis
2029 Century Park East
Los Angeles, CA 90067-3026
(310) 552-8500

By: /s/ Joseph Kattan
Joseph Kattan, PC
1050 Connecticut Ave., N.W.
Washington, District of Columbia 20036-5306
(202) 955-8500
*Attorneys for Defendant*
*SONY MUSIC ENTERTAINMENT*


DATED: September 30, 2013         MUNGER, TOLLES & OLSON LLP


By: /s/ Glenn D. Pomerantz
Glenn D. Pomerantz
Kelly M. Klaus
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
(213) 683-9100
*Attorneys for Defendants*
*UMG RECORDINGS, INC.*
*CAPITOL RECORDS, INC. d/b/a EMI MUSIC*
*NORTH AMERICA, CAPITOL-EMI MUSIC,*
*INC. and VIRGIN RECORDS AMERICA, INC.*

DATED: September 30, 2013

SIMPSON THACHER & BARTLETT LLP

By: /s/ Jonathan K. Youngwood
Jonathan K. Youngwood
Devin F. Ryan
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212) 455-2000
*Attorneys for Defendant*
*WARNER MUSIC GROUP CORP.*

SO ORDERED.

*Loretta A. Preska* (signature)

LORETTA A. PRESKA
CHIEF UNITED STATES DISTRICT JUDGE

Dated: New York, New York
October 3, 2013