UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                           )
IN RE: DIGITAL MUSIC                                       )   MDL Docket No. 06-md-1780 (LAP)
ANTITRUST LITIGATION                                       )   [PROPOSED] ORDER
                                                           )
                                                           )
---------------------------------------------------------- x

On April 15, 2014, the Court heard argument during a telephonic pre-motion conference concerning the following discovery pre-motion letters:

1. Plaintiffs' February 7, 2014 pre-motion letter regarding Plaintiffs' anticipated motion to compel production related to Plaintiffs' Request for Production of Documents from Defendants [Dkt. 221] ("Plaintiffs' pre-motion regarding Cost Data").

2. Plaintiffs' March 13, 2014 pre-motion letter regarding Plaintiffs' anticipated motion to add and remove named Plaintiffs prior to Plaintiffs' motion for class certification to the Conformed Third Consolidated Amended Complaint ("Complaint") pursuant to Rule 21 of the Federal Rules of Civil Procedure [Dkt. No. 225] ("Plaintiffs' pre-motion regarding Amending the Complaint").

3. Defendants' April 2, 2014 pre-motion conference for Defendants' anticipated motion to compel Plaintiffs to (1)-(2) produce evidence of all digital music purchased, and all digital music acquired, copied or shared by each named Plaintiff and proposed class representative ("Proposed Class Representatives") during the proposed class period; (3) provide dates and locations for the depositions of all Proposed Class Representatives; and (4) provide verified interrogatory responses for Plaintiff Michaud [Dkt. No. 240].

The following counsel entered appearances during the April 15, 2014 pre-motion conference: Alexandra Bernay, Craig Essenmacher, and Gary Jacobson and Manfred P. Muecke

for Plaintiffs; Joseph Kattan, P.C., and Angelique Kaounis for Defendant Sony Music Entertainment; Kelly M. Klaus and Emily Viglietta for Defendant UMG Recordings, Inc. and Defendant Capitol Records, LLC d/b/a EMI Music North America; and Jonathan K. Youngwood and Randy Moonan for Defendant Warner Music Group Corp.

Following argument, the Court orders as follows:

Plaintiffs' Pre-Motion regarding Cost Data is DENIED. The Court finds that the cost and burden associated with the production of additional cost data is not justified in light of Plaintiffs' expert's report assertion that available data provided a sufficient basis for establishing a class-wide method of establishing injury and damages.

The Court's ruling on Plaintiffs' pre-motion regarding Amending the Complaint is DEFERRED at this time. Plaintiffs are ordered to the provide an affidavit from each named Plaintiff (Proposed Class Representative) that Plaintiffs seek to remove from the Complaint, which shall explain the reasons that each individual Plaintiff wishes to be removed in order to demonstrate good cause for their removal. These affidavits should provide detailed information to demonstrate why the particular named Plaintiff lacks standing, as claimed by Plaintiffs, or if there is some other claimed good cause for removing each named Plaintiff, and an explanation of that. These affidavits shall be submitted to the Defendants by close of business on April 30, 2014, and submitted to the Court within 3 weeks of the date of the hearing (May 6, 2014), at which time the parties shall jointly submit a report regarding the status of Plaintiffs' anticipated motion for leave to add and remove named Plaintiffs in light of those affidavits by May 6, 2014.

Defendants' Pre-Motion is GRANTED. Plaintiffs shall be required to produce one copy of all digital music files in Plaintiffs' possession, custody or control (with all metadata intact) that each Proposed Class Representative purchased, acquired, possessed, copied, and/or shared

during Plaintiffs' proposed class period within 45 days of the hearing (or May 29, 2014). Further, each Proposed Class Representative shall be required to appear for deposition in the Districts in which they reside on or before June 15, 2014. To the extent that the Court finds Plaintiffs are able to demonstrate good cause, through sworn affidavits, that any of the following currently-named Plaintiffs (Kevin Starr, Cato Thornton, Christopher Michaud, Andrew Edenbaum, Rachael Hall, Mitchell Horton, Keaton Landry and Sheri Clark (Lowery)) should be removed from the Complaint, the Court may issue an appropriate order regarding discovery as to those individual Plaintiffs.

In view of the above production deadlines, the Court's Order Regarding Class Certification Briefing And Discovery Schedule (Dkt. 217-1) is hereby modified as follows (changes in bold):

> Paragraph 2 shall now read: Defendants shall complete any depositions or other discovery Defendants have sought or may seek (either agreed to by Plaintiffs or authorized by the Court) that is reasonably related to opposing Plaintiffs' class certification motion, and shall file their opposition, by no later than **July 21, 2014**. The depositions that Defendants shall be entitled to take in connection with opposing class certification include depositions of: any or all proposed class representatives; any or all of Plaintiffs' fact or expert witnesses, if any, who submit any declaration or other document in support of Plaintiffs' class certification motion; any other witness(es) reasonably related to opposing Plaintiffs' class certification motion.

> Paragraph 3 shall now read: Plaintiffs shall complete any depositions or other discovery Plaintiffs have sought or may seek (either agreed to by Defendants or authorized by the Court) that is reasonably related to replying to Defendants' opposition, and shall file their reply by no later than **November 14, 2014**. The depositions that Plaintiffs shall be entitled to take in connection with replying to Defendants' opposition include depositions of: any or all of Defendants' fact or expert witnesses, if any, who submit any declaration or other document in opposition to Plaintiffs' class certification motion; any other witness(es) reasonably related to replying to Defendants' opposition.

This Order is without prejudice to the right of any party to seek an extension of the

briefing deadlines contained herein for good cause.

SO ORDERED

Dated: ~~April~~ May 2, 2014
New York, New York

*Loretta A. Preska*
THE HONORABLE LORETTA A. PRESKA
Chief United States District Judge

**Approved as to Form:**

Dated: April 23, 2014         LOVELL STEWART HALEBIAN
                                  JACOBSON LLP

                              ROBBINS GELLAR RUDMAN & DOWD LLP


                              By: /s/ Craig Essenmacher
                              Craig Essenmacher
                              Lovell Stewart Halebian Jacobson LLP
                              61 Broadway, Suite 501
                              New York, New York 10006
                              www.lshllp.com
                              Tel.  212.608.1900
                              Fax  212.719.4775

                              *On Behalf of All Plaintiffs*

Dated: April 23, 2014         GIBSON, DUNN & CRUTCHER LLP


                              By: /s/ Angelique Kaounis
                              Joseph Kattan, P.C.
                              Gibson, Dunn & Crutcher LLP
                              1050 Connecticut Avenue, N.W.
                              Washington, D.C. 20036-5306
                              (202) 955-8500

                              Scott A. Edelman
                              Angelique Kaounis
                              Gibson, Dunn & Crutcher LLP
                              2029 Century Park East, Suite 4000
                              Los Angeles, California  90067-3026
                              (310) 552-8500

                              *On Behalf of All Defendants*