MUNGER, TOLLES & OLSON LLP

July 17, 2014

**VIA ECF**

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 12A
New York, NY 10007

      Re:    *In re Digital Music Antitrust Litigation*, No. 1:06-MD-1780

Dear Judge Preska:

I write on behalf of all Defendants in response to Plaintiffs' July 16 letter. Plaintiffs have failed to demonstrate that the withdrawals of the seven Proposed Class Representatives ("Proposed Class Reps") should be permitted without consequence, including, at a minimum, compliance with previously ordered discovery. Dkts. 253, 261, 273. If Plaintiffs continue to refuse to provide that discovery, the Court is well within its discretion to impose either the requested adverse inference or required re-definition of the class to redress the prejudice to Defendants that otherwise would result.

Whether their request for withdrawal is evaluated under Rule 16 or 21, Plaintiffs must show good cause. "Plaintiff's application, under Rule 21 . . . is subject to court order and the imposition of such terms and conditions as may be warranted by the facts of the case." *Mashek v. Silberstein*, 20 F.R.D. 421, 422 (S.D.N.Y. 1957). The Court ordered Plaintiffs to provide affidavits to demonstrate "good cause" for their withdrawal "by close of business on April 30, 2014." Dkt. No. 250. As set forth in Defendants' July 11 letter and [Proposed] Order, Plaintiffs have failed to do so—even under Rule 21—because their "'motion [wa]s made after an inordinate delay, no satisfactory explanation [wa]s offered for the delay, and the amendment would prejudice the defendant[s].'" *Smith v. Manhattan Club Timeshare Ass 'n*, 944 F. Supp. 2d 244, 256 (S.D.N.Y. 2013) (quoting *MacDraw, Inc. v. CIT Group Equip. Fin.*, 157 F.3d 956, 962 (2d Cir. 1998)). Indeed, as to all of the Proposed Class Representatives, Plaintiffs' delay in seeking to remove them until years after the submission of the operative complaint is itself grounds for finding good cause lacking. *Moore v. Publicis Groupe SA*, 2013 WL 4483531 at *5 (S.D.N.Y. Aug. 23, 2013) *adopted sub nom.* 2013 WL 5951903 (S.D.N.Y. Oct. 30, 2013).

Plaintiffs oppose Defendants' request by citing authority which permits withdrawal where there was "no reason to believe" that a class representative "sought to withdraw for anything other than good faith reasons," and the case was in its "relatively early stages." (Dkt. 283, n. 5). Neither condition is true here. The timing of the efforts to withdraw these Proposed Class Reps—coinciding with the compelled discovery of unauthorized downloading (Dkts. 179, 253)—and the affidavits of some of the Proposed Class Reps, all confirm the same thing: Plaintiffs want to avoid providing Court-ordered discovery. Plaintiffs' letter never denies as much. In fact, at the conference on July 7, Plaintiffs' counsel *confirmed* that they have refused to provide discovery from these Proposed Class Reps pending a decision on their motion to withdraw, and because in their view "it bears no relevance as to what he's [Mr. Putman has] done in the past" (7/15/14 Trans., at 23; *id*. at 6:25-9:24).

Avoidance of the Court's discovery orders is not a "good faith reason" to withdraw. Several courts have declined to permit proposed class representatives to leave a case on those grounds without consequence. For example, in *Funke v. Life Fin. Corp.*, 2003 WL 21182763 (S.D.N.Y. May 20, 2003), the Court was not persuaded by a named plaintiffs' effort to withdraw rather than submit to discovery, and ordered the class representative to sit for his deposition or suffer contempt. Also, in *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 305 (D.D.C. 2000), the Court permitted the withdrawal of named plaintiffs only on the condition they

provide discovery.  The Court found "good faith" in that instance to be "highly questionable," in particular because "plaintiffs waited until the last moment," and the timing coincided with discovery orders.  The Court rejected the same arguments Plaintiffs make here, noting that:  "it seems fairly obvious that these plaintiffs wish to dismiss their actions merely to avoid having to give defendants the discovery authorized."  Accordingly, the Court conditioned certain plaintiffs withdrawal on provision of ordered discovery.

In view of these cases, Plaintiffs should not be permitted to withdraw unless they – at a minimum – provide the discovery that the Court has already ordered.

Plaintiffs claim that Defendants do "not even attempt to argue prejudice." This is wrong.  Defendants have repeatedly explained the prejudice they would face if Plaintiffs were not required to comply with the Court-ordered discovery—namely the creation and presentation to the Court of an atypical sampling of the alleged class. [1]  *See, e.g.*, Dkt. No. 226.  Plaintiffs' letter addresses whether discovery the Court has already ordered – twice – would be appropriate in the case *at all*.  Respectfully, the arguments have already been presented and have long been decided.  *See e.g.*, Pl's Oct. 17, 2012 Ltr. to Hon. Preska preceding Dkt. No. 179.  The due date for a reconsideration motion has long passed.  Local Civil Rule 6.3.

Permitting Plaintiffs to cherry-pick their Proposed Class Reps only after examining what discovery would reveal would create a skewed record for the Court's consideration of the merits of class certification.  Defendants ask the Court to require the discovery from the seven Proposed Class Representatives as expressed in Defendants' proposed order.  If Plaintiffs continue to refuse to do so, the adverse inference or redrafting of the class definition are both entirely proper under the established law because: (1)  The Court has ordered the discovery;  (2)  Plaintiffs' dereliction of their duty to comply with the Courts' Orders demonstrates a "culpable state of mind"; and (3) the requested discovery is relevant to class certification.[2]  *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99 (2d Cir. 2002).  *Residential Funding* is particularly apt here, because the "culpable state of mind" element was satisfied by a showing of precisely what Plaintiffs have exhibited: "purposeful sluggishness," *id*. at 109-110, 112.  By Plaintiffs' own admissions, they have delayed in providing the court-ordered discovery for months.  If they fail to do so after being given a final opportunity to respond to Defendants' request, the consequences Defendants propose are entirely proper.

                            Respectfully submitted,

                            */s/ Melinda E. LeMoine*

                            Melinda E. LeMoine

---

[1] Plaintiffs even contend that Defendants have not attempted to schedule Ms. Owens' deposition although it has been ordered "for 42 days."  That is demonstrably false.  Defendants repeatedly tried to schedule that deposition.  Only on June 30 did the Court order her to appear in the United States over Plaintiffs' objections, and Plaintiffs sought reconsideration.  Defendants will construe Plaintiffs statement as an indication that they are abandoning that reconsideration effort, and schedule the deposition immediately.

[2] Plaintiffs' citation to *Lava Records v. Amurao*, 354 Fed. Appx. 461, 463 (2d Cir. 2009) for the principle that the Second Circuit recognizes a "copyright misuse" defense is unavailing.  "Within the Second Circuit . . . misuse or abuse of copyright is not firmly established as . . . an affirmative defense."  *Arista Records v. Lime Group*, 532 F. Supp. 2d 556 (S.D.N.Y. 2007).