**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____           :           1:06-MD-01780 (LAP)
                                                                          :
**IN RE: DIGITAL MUSIC**                    :           **MEMORANDUM OF LAW IN SUPPORT**
**ANTITRUST LITIGATION**                    :           **OF MOTION FOR RECONSIDERATION**
                                                                          :           **OF THE COURTS PRIOR AUGUST 11, 2014**
                                                                          :           **ORDER**
                                                                          :
                                                                          :
                                                                          :
_____:

1

## I.   **PRELIMINARY STATEMENT**

Plaintiffs make this Motion for Reconsideration pursuant to Local Rule 6.3 to bring to the Court's attention certain instances of clear error contained in the Court's August 11, 2014 Order (the "Order") on whether Defendants may use unclean hands or *in pari delicto* evidence against Plaintiffs' claims of unjust enrichment or those brought under state antitrust law[1] for the limited purpose of "depositions or other discovery Defendants have sought or may seek…that is reasonably related to opposing Plaintiffs' class certification motion."[2]

---

[1] The Order decreed:

> "The Court has reviewed the parties' submissions concerning unclean hands and *in pari delicto*  [dkt. Nos. 288, 289]. At the very least, illegal downloading may be relevant to defenses under the laws of several states as well as potential offsetting of damages. Accordingly, the remaining proposed class representatives shall make productions of illegal downloading evidence as previously ordered. To the extent that Defendants feel the need to depose any of the remaining proposed class representatives on this issue, Defendants' counsel shall confer with Plaintiffs' counsel and report any disagreement to [] Court."

The referenced "parties' submissions" were made in response to the Court's July 23 Order:

> "By letters submitted no later than August 1, 2014, parties shall inform the Court as to their views on whether Defendants may assert unclean hands or *in pari delicto* defenses to Plaintiffs' claims of unjust enrichment or those brought under state antitrust law."

Defendants confirm that they "have not asserted the separate independent defense of *in pari delicto*." (Dkt. No. 288 n.1.) The unjust enrichment claim was withdrawn, and, as Plaintiffs advised the Court in Dkt. No. 228, filed March 19, 2014, they "are not seeking certification for unjust enrichment claims for any State under Count III of the Complaint." (Dkt. No. 289, at 1.) Defendants likewise concede that unclean hands may not be asserted "as a bar against *damages* in an antitrust suit." (Dkt. No. 288 n. 3, emphasis in text.)

[2] *See* Dkt. Nos. 179 and 192, ¶ 3.

In holding that evidence of illegal downloading *may* be relevant to defenses under the laws of several unidentified states as well as potential offsetting of damages, the Court overlooked controlling authority, as follows[3]:

- The Court erred in finding that the law of **any** of the nine states included within Plaintiffs' nine Statewide Classes recognize unclean hands as a defense to antitrust and/or unfair competition claims, absent allegations that Plaintiffs were participants in Defendants' illegal, competition-destroying scheme.[4]

- The Court erred in finding that unclean hands evidence is relevant to "potential offsetting of damages." The Court further erred in overlooking that Defendants failed to plead offset as an affirmative defense, thereby waiving the claim.

- With respect to Defendants' claim that unclean hands "is available as a defense" to a suit for injunctive relief under Section 16 of the Clayton Act,[5] the Order is unclear as to whether the Court intended to rule that unclean hands evidence is relevant to that claim. If so, reconsideration is warranted for the reasons shown below.

- With respect to Defendants' claim that California law recognizes unclean hands evidence as relevant to claims for injunctive or restitutionary asserted under California's statutory unfair competition law ("UCL"), the Order is unclear whether the Court intended to rule that unclean hands evidence is relevant to that claim. If the Court so intended, reconsideration is warranted for the reasons shown below.

---

[3] Additionally, and by way of background, the Court has suggested that "illegal downloading" evidence is relevant because (1) any proposed Plaintiff who did so "engaged in copyright infringement," and (2) a Plaintiff who engaged in "illegal downloading" must show cause why he/she "shouldn't be booted." (April 15, 2014 Tr.)

Furthermore, the Court suggested at the July 7, 2014 hearing that the fact that a proposed Class Representative did not seek removal until after certain "deadlines" had passed "does lead one to at least the inference that there's something there that is being hidden." (July 7 Tr. 20.) Not one of these hypothetical propositions has any conceivable relevance to Plaintiffs' class certification motion. Plaintiffs' motion regarding the addition and removal of certain Plaintiffs remains pending.

[4] *Perma Life Mufflers, Inc. v. International Parts Corp.*, 392 U.S. 134, 140 (1968), *overruled in part on other grounds* by *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 765-66 (1984) (plaintiff must be shown as actively supporting the conspiracy) and *Louisiana Petroleum Retail Dealers, Inc. v. Texas Co.*, 148 F. Supp. 334, 336 (W.D. La. 1953) (plaintiff must be a participant in the same conspiratorial scheme as defendant).

[5] *See*, Dkt. No. 288, n. 3.

Plaintiffs respectfully request that the Court reconsider each of these rulings, and rule that (1) the unclean hands defense, specifically, the "illegal downloading" defense, be stricken, and (2) Defendants' request for additional discovery from class members regarding unauthorized downloading and dissemination of digital music be denied, with prejudice.

## II.    APPLICABLE STANDARD FOR RECONSIDERATION

A motion for reconsideration is governed by Rule 6.3 of the Local Civil Rules. "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways v. National Mediation Board*, 956 F. 2d 1245, 1255 (2d Cir. 1992) (*quoting* 18 C. Wright, et al., *Federal Practice & Procedure* § 4478 at 790). Hence, "a request for reconsideration under Rule 6.3 must demonstrate controlling law or factual matters put before the Court in its decision on the underlying matter that the movant believes the Court overlooked and that might reasonably be expected to alter the conclusion reached by the Court." *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009); *see also Shrader c. CSX Transportation, Inc.*, 70 F. 3d 255, 257 (2d Cir. 1995); *In re M/V Rickmers Genoa Litigation*, No. 05-Civ. 4261 (LAP), 2011 WL 9154839, at *1 (S.D.N.Y. July 8, 2011) (Preska, Ch. J.). Rule 6.3 is intended to "'ensure the finality of decisions and to prevent the practice of a losing party…plugging the gaps of a lost motion with additional matters.'" *Securities & Exchange Commission v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (*quoting Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). A court must narrowly construe Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not

previously argued, or as a substitute for appealing a final judgment. *See Montanile v. National Broadcasting Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) (Preska, Ch. J.); *In re Rickmers Genoa Litigation*, 643 F. Supp. 2d 553, 555 (S.D.N.Y. 2009). Relatedly, a request for clarification "affords courts a means of modifying their [orders] to ensure that the record reflects the actual intentions of the court." *Ferguson v. Lion Holding, Inc.*, Nos. 02 Civ. 4258 (PKL), 02 Civ. 4261 (PKL), 2007 WL 2265579, at *3 (S.D.N.Y. Aug. 6, 2007).

## III.   ARGUMENT

### A. The Court's Finding that Illegal Downloading May be Relevant to Defenses Under the Laws of Unidentified States Was Clear Error

The Court erred in ruling that unclean hands is a defense to Plaintiffs' antitrust and/or unfair competition claims in any of the states whose laws are invoked here. Defendants' letter brief fails to cite a single case holding that unclean hands may be invoked to defeat class certification, their sole justification for conducting "illegal downloading" discovery at this stage of the case. The Order is silent on this point as well.

Defendants' extensive reliance on *Cortez v. Purolator Air Filtration Products, Co.*, 23 Cal. 4th 163, 180-81 (Cal. 2000), construing California's statutory unfair competition law ("UCL"),[6] is particularly misleading. That case does not even mention class certification, and holds that such "equitable considerations" as laches, good faith, waiver, and estoppel may be offered by the defendant at the *remedy* stage of the case *after* liability has been determined. Though Defendants rely on *Salas v. Sierra Chemical Co.*, 59 Cal. 4th 407 (Cal. 2014), for the broad proposition that "equitable considerations' may be relevant to the remedies sought, they do not bring to the

---

[6] Cal. Bus. & Prof. Code, § 17200 *et seq*. As relevant here, the UCL prohibits any unlawful business act or practice.

Court's attention this critical **qualification**: "[T]he misconduct which brings the clean hands doctrine into operation must relate directly to the transaction concerning which the complaint is made, *i.e.*, it must relate to the very subject matter involved and affect the equitable relations between the litigants." *Id.*, at 432. The California Supreme Court thus surgically circumscribed the reach of *Cortez* to misconduct that directly relates to defendant's unlawful or business act or practice, *i.e.*, to the same act, transaction, or event.

Defendants conspicuously avoid any mention of other controlling California decisions. For example, in *Ticconi v. Blue Shield of California Life & Health Insurance Company*, 160 Cal. App. 4th 528, 548 (2d Dist. 2008), the Second District applied *Cortez* in the class certification context and held that the unclean hands defense cannot defeat class certification.[7]  *Mendoza v. Ruesga*, 169 Cal. App. 4th 270, 279-80 (4th Dist. 2008), held that unclean hands is not a defense to a UCL claim, quoting *Toccini*.[8]

The holdings in *Salas* and *Ticconi* present an absolute bar to Defendants' proposed use of unclean hands evidence to defeat certification of the California Statewide Class.[9]

---

[7] The defense to class certification in *Ticconi*, which was rejected, is identical, in substance and effect, to Defendants' Affirmative Defenses here. Defendant Blue Shield Life argued that its defenses of fraud and unclean hands raised individual issues that predominated over common issues related to liability. *Id.*, at 534.

[8] *See also, Kofsky v. Smart & Final Iris Co.*, 131 Cal. App. 3d 530, 532 (2d Dist. 1955) (holding that where injunctive relief is authorized by statute, violation of the statute constitutes sufficient grounds for relief, and equitable grounds for relief are irrelevant.); *FLIR Systems. Inc. v. Parrish*, 174 Cal. App. 4th 1270, 1284 (2d Dist. 2009) (noting that "[c]ourts have long held that the equitable defense of unclean hands is not a defense to an unfair trade or business practices claim based on violation of statute," citing *Ticconi*").

[9] Defendants' other California authorities are irrelevant. *Yanting Zhang v. Superior Court*, 57 Cal. 4th 364 (Cal. 2013), was a first-party bad faith insurance action against plaintiff's general

Contrary to the Order, "illegal downloading" evidence is also not relevant to defenses under the laws of the other states at issue. As shown in Plaintiffs' August 1 letter Brief,[10] the unclean hands affirmative defense fails in those states absent well-pled allegations that plaintiff's misconduct grows out of the transaction in suit, here Defendants' conspiracy to fix the prices and terms under which their music would be sold over the Internet.

In holding that unclean hands evidence is reasonably related to Defendants' defense to class certification, the Court clearly erred by disregarding and/or overlooking the case law controlling the state antitrust and unfair competition claims. Defendants cite no case that, prior to the Order, permits a Defendant to discover and offer unclean hands evidence as a means to defeat class certification.

**B. The Court's Finding that Unclean Hands Evidence is Relevant to "Potential Offsetting of Damages" Was Clear Error**

"Offset" is an affirmative defense that must be pled, which not one of the Defendants did. The law is well settled that failure to plead an offset in the answer constitutes a waiver of the defense.[11] Accordingly, the Court clearly erred in entertaining this claim.

---

liability insurer for damages to her commercial property. The California Supreme Court merely held that first-party UCL actions for claims mishandling are not precluded. In *Lou v. MA Labs*, No. C-12-05409 WHA, 2013 WL 5663464, at *4 (N.D, Cal. Oct. 17, 2013), plaintiff sued her employer under the Fair Labor Standards Act, the California Labor Code, and the UCL for denial of overtime and other wage-and-hour violations. The district court sustained defendant's unclean hands defense on the ground that plaintiff's alleged misconduct (using company time for running her personal business) was directly related to, and arose solely in connection with, defendant's purported UCL and FSLA violations.

[10] Dkt. 289, p. 3 n.2.

[11] *Federal Deposit Insurance Corp. v. Siraco*, 174 F. 2d 360, 362-64, (2d. Cir. 1949) (holding that an offset may not be proven by a general denial in an answer, but must be pleaded as an

Defendants nonetheless argue they are entitled to an offset for Plaintiffs' purported "unclean hands." Defendants do not explain how offset is "reasonably related to opposing Plaintiffs' class certification motion." Nor does the Order state the reasons why the Court found offset to be relevant for any purpose at this stage of the case.

Defendants' primary authority for the claim that "unauthorized downloading" may be "offset" against the damages Plaintiff will recover is *Los Angeles Memorial Coliseum v. National Football League*, 791 F. 2d 1356 (9th Cir. 1986) ("Raiders II).

*Raiders II* posits two offset theories. The fault-based theory, premised on *Perma-Life*, arises where the plaintiff is a party to defendant's antitrust violation. The non-fault based theory, likewise inapplicable here, and which does **not** depend upon a plaintiff's culpability, specifies that the plaintiff's antitrust damages are calculated "by comparison of profits, prices, and values as affected by the conspiracy, with what they would have been in its absence under freely competitive conditions."[12]

Defendants, invoking the fault-based theory, contend that Plaintiffs' damages "should be offset by the amounts they would have paid for songs they illegally downloaded purportedly because such music was too expensive."[13] The fatal flaw in their hypothesis is that Plaintiffs were **not participants** in Defendants' conspiracy, and so received no benefits from the

---

affirmative defense); *Seven Corners Shopping Center Falls Church, Va. Limited Partnership v. Chesapeake Enterprises USA LLC*, No. 07-CV-6332T, 2010 WL 5253528, at * 4 (W.D.N.Y. Aug. 6, 2010) (holding that failure to plead offset as an affirmative defense is a waiver); *Arch Insurance Company v. Precision Stone, Inc.*, 584 F. 3d 33, 42 (2d Cir. 2009) (same); Cal. Code Civ. Proc., § 431.30, subd. (b)(2) (same).

[12] *Id.*, at 1366-67.

[13] Defendants' Letter Br. 3.

conspiracy to offset against the damages they incurred resulting from Defendants' illegal restraint. Defendants' flimsy offset theory thus collapses.[14] The Order's clear error in accrediting Defendants' bogus offset theory as "reasonably related to opposing Plaintiff's class certification motion" must be corrected.

## C. The Order is Unclear Whether the Court Intended to Rule that Unclean Hands Evidence is Relevant to Plaintiffs' Claims for Injunctive Relief and So Requires Clarification or Reconsideration

The Order offers no clarity regarding Defendants' claim that unclean hands "is available as a defense" to a suit for injunctive relief under both 15 U.S.C. § 26 and state law.[15] Such evidence, of course, is not "reasonably related" to class certification. Neither is it "available" as a defense to injunctive relief.

Cases supporting the proposition that unclean hands will not bar injunctive relief include: *Natcontainer Corp. v. Continental Can Co., Inc.*, 362 F. Supp. 1094, 1099 (S.D.N.Y. 1973) ("the defense of unclean hands is available neither with respect to relief by way of damages nor by way equitable relief"); *Trebuhs Realty Co. v. News Syndicate Co.*, 107 F. Supp. 595, 599 (S.D.N.Y. 1952) (injunctive relief is not barred by unclean hands); *Skil Corp. v. Black & Decker Manufacturing Co.*, 351 F. Supp. 65, 66 (N.D. Ill. 1972) ("unclean hands should not prevent a plaintiff from seeking injunctive relief in a private antitrust action"); *Health Corp. of America v. New Jersey Dental Association*, 424 F. Supp. 931, 932-34 (D. N.J. 1977) (plaintiff's violation of

---

[14] Defendants' reference to *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481 (1968), is misplaced. In that case, as in *Raiders II*, the plaintiffs were **both** injured and enriched by the **same** antitrust violation, and the courts required that the benefits must be deducted from the gross damages caused by the violations. The Class in this case received no benefits whatsoever from Defendants' deleterious conduct.

[15] Defendants' Letter Br. pp. 2-3 and n.3.

state statute regulating the practice of dentistry did not bar injunctive or legal relief against defendant for its antitrust violations).

Defendants cite a variety of injunction cases in their Letter Brief that are either inapplicable or support Plaintiffs' position that unclean hands evidence is not relevant: *Fibreboard Paper Products*, 227 Cal. App. 2d 627, 728 (6th Dist. 1964) (pre-*Perma Life*) ("The misconduct which brings the clean hands doctrine into operation **must relate directly** to the transaction concerning which the complaint is made, *i.e.*, it must pertain to the very subject matter involved and affect the equitable relations between the litigants"); *Heldman v. United States Lawn Tennis Association*, 354 F. Supp. 1241, 1249 (S.D.N.Y. 1972) (same); *American Credit Bureau, Inc. v. Carter*, 462 P. 2d 838, 841 (Ariz. Ct. App. 1969) (same; no abuse of discretion in trial court refusal to enforce restrictive covenant where employer had not told employee about covenant until after employee quit prior job); *Hensel v. Aurilio*, 417 So. 2d 1035, 1038 (Fla. 4th DCA 1982) (same; plaintiff-vendor, while he was the owner of both the dominant and servient estates, purported to carve out an easement by grant to himself, and then enforce it against his purchaser); *Dietz v. Cavender*, 208 N.W. 354, 356 (Iowa 1926) (same; plaintiff's own illegal conduct caused defendant's alleged wrongful conduct); *Ferebee v. Hobart*, 776 N.WE. 2d 58, 64 (S.D. 2009) (same; petitioner's request for protection order was "frivolous and malicious"); *Singer v. Hollander & Son*, 202 F. 2d 55, 58 (3d Cir. 1953) (pre-*Perma Life*; antitrust claim barred by collateral estoppel doctrine; plaintiff-employee promoted and organized a rival business contrary to the terms of his employment contract, then sued employer for antitrust violations); *John J. and Warren H. Graham v. Triangle Publications, Inc.,* 233 F. Supp. 825, 831-33 (E.D. Pa. 1964) (pre-*Perma Life*; injunctive relief denied because plaintiffs themselves violated Section 1); *Louisiana Petroleum Retail Dealers, Inc. v. Texas Co.*, 148 F. Supp. 334,

336-37 (D. La. 1956) (pre-*Perma Life*; injunctive relief denied because plaintiff had conspired to fix retail prices in the same geographic area as defendants' price fixing conspiracy to alleviate the effects of gasoline price wars).

If the Court did not intend to rule that unclean hands evidence is not "reasonably related" to Plaintiffs' motion for certification of a nationwide injunctive relief class, Plaintiffs request clarification of the Order. If, by contrast, the Court intended to rule that such evidence is relevant for such purpose, then that ruling constitutes clear error for the reasons stated above.

**D. The Order is Unclear Whether the Court Intended to Rule that Unclean Hands Evidence is Relevant to Plaintiffs' Claims Asserted Under California's Statutory Unfair Competition Law and So Requires Clarification or Reconsideration**

As noted under Arg. A., *supra*, the controlling California *Ticconi* and *Mendoza* decisions make clear that unclean hands evidence is not relevant to the defense of an UCL claim. *Salas* and *Ticconi* likewise hold that unclean hands evidence may not be used to defeat class certification.

Accordingly, to the extent that the Court did not intend to rule contrary to controlling California law on these points, clarification of the Order is requested. If the Court intended to sustain Defendants' position on the point, that ruling constitutes clear error as contrary to controlling law, and reconsideration is requested.[16]

---

[16] Defendants rely on *U.S. Football League v. National Football League*, 842 F. 2d 1335 (2d Cir. 1988), for the proposition that evidence of Plaintiffs' "wrongdoing…may be relevant." Letter Br., n. 3. The decision, however, does not make admissible what is otherwise excluded under *Perma-Life. Id.*, at 1375-76.

More importantly, the focus of the *NFL* court was limited to the district court's evidentiary rulings during the course of trial related to plaintiff's anticompetitive conduct. The decision did not authorize or endorse the use of any other type of "wrongdoing" or bad acts evidence in a private antitrust action for any purpose.

## IV.    <u>CONCLUSION</u>

The operative discovery rulings in this case limit Defendants to depositions or other discovery "reasonably related" to opposing class certification. The controlling case law holds that unclean hands evidence is not relevant to class certification. The Court clearly erred in finding otherwise.

For the reasons stated above and in their Letter Brief, Plaintiffs respectfully request that this Court reconsider the instances of error in the Order as stated above, and correct each such error to prevent manifest injustice.

DATED: August 22, 2014

/s/Merrick S. Rayle
Christopher Lovell
Merrick S. Rayle
Craig Essenmacher
**LOVELL STEWART**
**HALEBIAN JACOBSON LLP**
61 Broadway, Suite 501
New York, NY 10006
Tel: (212) 608-1900
Fax: (212) 719-4667
*Interim Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I certify hereby that, on this 22d day of August 2014, **PLAINTFFS' NOTICE OF MOTION AND MEMANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURTS AUGUST 11, 2014 ORDER** was served, *via* Electronic Mail, on the counsel listed below.

Joseph Kattan, PC
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., NW
Washington, D.C. 20036
(202) 955-8500
jkattan@gibsondunn.com

Angelique Kaounis
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East
Los Angeles, CA 90067(310) 552-8500
Aaounis@gibsondunn.com
*Attorney for Sony Music Entertainment*

Glenn D. Pomerantz
Kelly M. Klaus
Emily Viglietta
MUNGER, TOLLES, & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
(213) 683-9100
Glenn.Ponerantz@mto.com
Kelly.Klaus@mto.com
Emily.Viglietta@mto.com
*Attorneys for UMG Recordings, Inc., EMI Group North America Inc.,*
*Capitol Records, LLC d/b/a EMI Music North America,*
*and EMI NA Holdings, Inc.*

Jonathan K. Youngwood
Devin F. Ryan
Christopher J. Caputo
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue.
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
DRyan@stblaw.com
CCaputo@stblaw.com
*Attorneys for Warner Music Group Corp.*

By: /s/ Merrick S. Rayle
LOVEL STEWART HALEBIAN JACOBSON LLP
*Interim Co-Lead Counsel*