UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                         )
IN RE: DIGITAL MUSIC                )     MDL Docket No. 06-md-1780 (LAP)
ANTITRUST LITIGATION             )
                                         )
------------------------------------------------------------- x


**DEFENDANTS' JOINT MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 11, 2014 ORDER**

| | |
|---|---|
| Joseph Kattan, PC | Jonathan K. Youngwood |
| GIBSON, DUNN & CRUTCHER LLP | Christopher J. Caputo |
| 1050 Connecticut Ave., NW | SIMPSON THACHER & BARTLETT LLP |
| Washington, D.C. 20036 | 425 Lexington Avenue |
| (202) 955-8500 | New York, NY 10017 |
| | (212) 455-2000 |
| Scott A. Edelman | |
| Angelique Kaounis | *Attorneys for Warner Music Group Corp.* |
| GIBSON, DUNN & CRUTCHER LLP | |
| 2029 Century Park East | Glenn D. Pomerantz |
| Los Angeles, CA 90067 | Kelly M. Klaus |
| (310) 552-8500 | Melinda LeMoine |
| | MUNGER, TOLLES, & OLSON LLP |
| *Attorneys for Sony Music Entertainment* | 355 South Grand Avenue, 35th Floor |
| | Los Angeles, CA 90071 |
| | (213) 683-9100 |
| | |
| | *Attorneys for UMG Recordings, Inc., Capitol Records, Inc. d/b/a EMI Music North America, Capitol-EMI Music, Inc. and Virgin Records America, Inc.* |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT ......................................................................................................................... 3

    A. Plaintiffs Do Not Satisfy The Burden Required To Warrant Reconsideration ................................................................................................. 3

    B. The Court's Finding that Illegal Downloading May be Relevant to Defenses Under the Law of Several States Was Not Clear Error ......................... 4

        1. The Court should reject Plaintiffs' attempt to renew their unsuccessful 2012 request to strike Defendants' defense of unclean hands. ............................................................................................................. 4

        2. Case law makes clear that unclean hands is relevant at the class certification stage. ................................................................................... 6

        3. The unclean hands doctrine applies where the conduct at issue relates to the subject matter of the litigation. ............................................. 7

    C. The Court's Finding that Illegal Downloading Is Relevant to Potential Offsetting of Damages Was Not Clear Error ........................................................ 9

        1. Offset is reasonably related to class certification because it is directly relevant to whether individual questions of damages will overwhelm common questions. .................................................................. 9

        2. Plaintiffs have misapplied the two theories of offset under *L.A. Memorial* ................................................................................................. 10

        3. Offset may still be pleaded by the Defendants as a counterclaim or affirmative defense ................................................................................. 11

    D. Plaintiffs' Unsupported Requests for "Clarification" Should Be Rejected. ......... 12

III. CONCLUSION ................................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Anglo Am. Ins. Group, P.L.C. v. Calfed Inc.*,
  940 F. Supp. 554 (S.D.N.Y. 1996) .................................................................................. 3

*Arch Ins. Co. v. Precision Stone, Inc.*,
  584 F.3d 33 (2d Cir. 2009) ............................................................................................ 11

*Associated Press v. U.S. Dep't of Def.*,
  395 F. Supp. 2d 17 (S.D.N.Y. 2005) ............................................................................... 6

*Briamonte v. Liberty Brokerage, Inc.*,
  No. 99 Civ. 2735 (LAP), 2000 WL 666350 (S.D.N.Y. May 19, 2000) ......................... 3

*Comcast v. Behrend*,
  133 S. Ct. 1426 (2013) .................................................................................................. 10

*Cortez v. Purolator Air Filtration Products*,
  23 Cal. 4th 163 (2000) ............................................................................................... 4, 5

*Fed. Deposit Ins. Corp. v. Siraco*,
  174 F.2d 360 (2d Cir. 1949) ......................................................................................... 11

*Fesce v. Guardsman Elevator Co.*,
  96 CIV. 6793 (LAP), 1998 WL 262587 (S.D.N.Y. May 21, 1998),
  aff'd, 173 F.3d 844 (2d Cir. 1999) .............................................................................. 2, 3

*Gastaldi v. Sunvest Resort Cmtys.*,
  2010 U.S. Dist. LEXIS 9876 (S.D. Fla. Feb. 3, 2010) ................................................... 5

*Graham v. Overland Solutions Inc.*,
  No. 10-CV-672 BEN (BLM), 2011 U.S. Dist. LEXIS 49304 (S.D. Cal. May 9, 2011) ............ 7

*Graham v. Triangle Publications*,
  233 F. Supp. 825 (E.D. Pa. 1964) .................................................................................. 8

*Hanover Shoe, Inc. v. United Shoe Machinery Corp.*,
  392 U.S. 481 (1968) .................................................................................................. 9, 10

*Heldman v. U.S. Lawn Tennis Ass'n*,
  354 F. Supp. 1241 (S.D.N.Y. 1973) ............................................................................... 8

*Hughes v. Abell*,
  867 F. Supp. 2d 76 (D.D.C. 2012) ................................................................................. 5

*In re Florida Cement & Concrete Antitrust Litig.*,
  278 F.R.D. 674 (S.D. Fla. 2012) .................................................................................. 10

*In re Health Management Sys. Inc. Secs. Litig.*,
  113 F. Supp. 2d 613 (S.D.N.Y. 2000) ............................................................................ 3

*L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*,
  791 F.2d 1356 (9th Cir. 1986) ..................................................................... 2, 9, 10, 11

Page(s)

*Louisiana Petroleum Retail Dealers v. Texas Co.*,
 148 F. Supp. 334 (W.D. La. 1956) ....................................................................................... 8

*Mazur v. eBay Inc.*,
 257 F.R.D. 563 (N.D. Cal. 2009) ........................................................................................ 7

*MBIA Ins. Corp. v. Patriarch Partners VIII, LLC*,
 842 F. Supp. 2d 682 (S.D.N.Y. 2012) ................................................................................. 7

*Mendoza v. Ruesga*,
 169 Cal. App. 4th 270 (2008) ............................................................................................. 6

*Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Employees & Rest. Employees Int'l Union*,
 00 Civ. 3613 (LAP), 2004 WL 1943099 (S.D.N.Y. Aug. 27, 2004) .................................. 3

*Perma Life Mufflers, Inc. v. International Parts Corp.*,
 392 U.S. 134 (1968) ............................................................................................................ 8

*Psihoyos v. John Wiley & Sons, Inc.*,
 748 F.3d 120 (2d Cir. 2014) .............................................................................................. 12

*Salas v. Sierra Chem. Co.*,
 59 Cal. 4th 407 (2014) ............................................................................................... 2, 8, 9

*Scherer v. Combined Ins. Co. of Am.*,
 253 F.R.D. 40 (D. Conn. 2008) .......................................................................................... 6

*Sequa Corp. v. GBJ Corp.*,
 156 F.3d 136 (2d Cir. 1998) ............................................................................................... 5

*Seven Corners Shopping Ctr. Falls Church, Va. Ltd. P'ship v. Chesapeake Enters. USA LLC*,
 07-CV-6332T, 2010 WL 5253528 (W.D.N.Y. Aug. 6, 2010) .......................................... 12

*Shrader v. CSX Transp. Inc.*,
 70 F.3d 255 (2d Cir. 1995) ................................................................................................. 3

*Singer v. Hollander & Son Inc.*,
 202 F.2d 55 (3d Cir. 1953) ................................................................................................. 8

*Singer*, *Fibreboard Paper Products v. East Bay Union of Machinists*,
 227 Cal. App. 2d 675 (1964) .............................................................................................. 8

*Skil Corp. v. Black & Decker Manufacturing Co.*,
 351 F. Supp. 65 (N.D. Ill. 1972) ....................................................................................... 13

*Ticconi v. Blue Shield of California Life & Health Insurance Company*,
 160 Cal. App. 4th 528 (2008) ............................................................................................. 6

*Trebuhs Realty Co. v. News Syndicate Co.*,
 107 F. Supp. 595 (S.D.N.Y. 1952) ................................................................................... 13

# TABLE OF AUTHORITIES
(continued)

Page(s)

**Statutes**

Cal. Bus. & Prof. Code §16750(a) ................................................................................................ 6

**Rules**

Fed. R. Civ. P. 15(a) ................................................................................................................... 11

Fed. R. Civ. P. 15(b) ................................................................................................................... 11

**Other Authorities**

1 ABA Section of Antitrust Law, Antitrust Law Devs. 830-31 & fns. 542-543 (7th ed. 2012) ..... 8

iv

Defendants respectfully submit this memorandum in opposition to Plaintiffs' motion for reconsideration of the Court's August 11, 2014 Order (Dkt. 290), made pursuant to Local Civil Rule 6.3 (the "Motion").

## I.   INTRODUCTION

On December 27, 2012, the Court ruled that Plaintiffs must "provid[e] discovery regarding unauthorized downloading and dissemination of digital music by the named Plaintiffs, consistent with Defendants' entitlement to such discovery."  (Dkt. 179, at 1.)  Since then, the Court has reaffirmed this ruling in no fewer than four Orders compelling Plaintiffs "to produce one copy of all digital music files in Plaintiffs' possession, custody or control … that each Proposed Class Representative purchased, acquired, possessed, copied, and/or shared."  (Dkt. 253, at 2-3; *see* Dkt. 261, at 1 ("Plaintiff[]s shall immediately produce the Digital Music files"); Dkt. 273, at 1 ("Owens shall make production as ordered"); Dkt. 290 ("[T]he remaining proposed class representatives shall make productions of illegal downloading evidence as previously ordered").)  Plaintiffs—determined to thwart discovery that directly undermines their ability to certify a class—have delayed production for months; caused the filing of more than a half dozen briefs; imposed upon the Court's time hearing repetitive motions; and forced Defendants to incur attorneys' fees to obtain discovery that was ordered almost two years ago.  Now, Plaintiffs seek reconsideration of an Order that simply reaffirms four prior Orders permitting discovery of Plaintiffs' unauthorized downloading—in yet another attempt to avoid producing this important evidence.

Plaintiffs' Motion should be denied for at least two reasons.  First, Plaintiffs do not identify any controlling law overlooked by the Court in reaching its five prior orders requiring Plaintiffs' production of their Digital Music.  The Motion simply regurgitates arguments Plaintiffs have already made (in many briefs and hearings), and the Court has already rejected,

over the last 20 months.  Plaintiffs' Motion contains nothing that Plaintiffs either did not raise or could not have raised in the multiple rounds of letter briefing to this Court concerning unclean hands, evidence of unauthorized downloading, and offset since October 2012, or during the telephonic hearings on November 16, 2012, April 15, 2014, and July 7, 2014.  For this reason alone, the Motion should be denied.  *Fesce v. Guardsman Elevator Co.,* 96 CIV. 6793 (LAP), 1998 WL 262587, at *1 (S.D.N.Y. May 21, 1998) (Preska, J.), *aff'd*, 173 F.3d 844 (2d Cir. 1999).

Second, the Motion is wrong on the law.  For instance, Plaintiffs claim that unclean hands may not be invoked to defeat class certification (Mot. at 6)—but case law is to the contrary (*see infra* at § II.B.2).  Plaintiffs also recycle their argument that unclean hands must relate to "the same act, transaction, or event" at issue in the Complaint.  (Mot. at 6.)  But the very same case that Plaintiffs cite for this proposition explains—consistent with Defendants' position—that the defense of unclean hands need only "pertain" to the "subject matter involved" in the action "and affect equitable relations between the litigants."  *Salas v. Sierra Chem. Co.*, 59 Cal. 4th 407, 432 (2014).

Plaintiffs also erroneously criticize Defendants' theory of offset, claiming that it requires Plaintiffs to have participated in the Defendants' alleged antitrust violation.  Not so.  Defendants' theory of offset, as articulated in their August 1, 2014 letter brief (Dkt. 288, at 3),"is based on general principles of damages which limit a plaintiff's recovery under the antitrust laws to compensation for the 'net' injury incurred as a result of the defendant's antitrust violation." *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 791 F.2d 1356, 1367 (9th Cir. 1986) ("*L.A. Memorial*").  Put differently, Plaintiffs cannot recover more than they were actually harmed "but for" the Defendants' alleged misconduct.  This is an elementary principle of general damages law that Plaintiffs cannot seriously dispute.

For these reasons, Plaintiffs' Motion should be denied.

## II. ARGUMENT

### A. Plaintiffs Do Not Satisfy The Burden Required To Warrant Reconsideration

"'[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Employees & Rest. Employees Int'l Union*, 00 Civ. 3613 (LAP), 2004 WL 1943099 (S.D.N.Y. Aug. 27, 2004) (Preska, J.) (quoting *In re Health Management Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). As this Court repeatedly has held, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to *controlling decisions* or data that the court overlooked." (Dkt. 215) (citing *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (emphasis added)); *see Briamonte v. Liberty Brokerage, Inc.*, No. 99 Civ. 2735 (LAP), 2000 WL 666350, at *1 (S.D.N.Y. May 19, 2000) (Preska, J.); *Fesce,* 1998 WL 262587, at *1.

Additionally, a "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." (Dkt. 215 (citing *Shrader*, 70 F.3d at 257).) Indeed, this Court has held that Local Rule 6.3—which governs motions for reconsideration—should be "'narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered by the court.'" *Fesce,* 1998 WL 262587, at *1 (quoting *Anglo Am. Ins. Group, P.L.C. v. Calfed Inc.*, 940 F. Supp. 554, 557 (S.D.N.Y. 1996)). Simply put, reconsideration is not a vehicle by which "to argue those issues already considered when a party does not like the way the original motion was resolved." *Fesce,* 1998 WL 262587, at *1.

Plaintiffs bring their present Motion on the basis that the Court purportedly committed "clear error" by finding that (1) illegal downloading may be relevant to Defendants' defenses to some of Plaintiffs' state antitrust and unfair and deceptive acts and practices claims; and

3

(2) unclean hands evidence is relevant to potential offsetting of damages. (Dkt. 294 at 5-9.) But, as discussed below, Plaintiffs fail to identify a single "controlling authority" that the Court purportedly overlooked in its August 12, 2014 Order (Dkt. 290). Indeed, the authorities cited by Plaintiffs are non-controlling, and either already have been cited repeatedly in prior briefing, or are not new law and therefore could have been cited by Plaintiffs before. In either case, they do not warrant reconsideration of the Court's five carefully considered orders requiring Plaintiffs to produce evidence of unauthorized downloading.

**B.     The Court's Finding that Illegal Downloading May be Relevant to Defenses Under the Law of Several States Was Not Clear Error**

**1.     The Court should reject Plaintiffs' attempt to renew their unsuccessful 2012 request to strike Defendants' defense of unclean hands.**

Plaintiffs claim that Defendants failed, in their August 1, 2014 letter brief (Dkt. 288), to cite case law holding that unclean hands may be "invoked to defeat class certification." (Mot. at 5.) In support of this argument, Plaintiffs assert that Defendants "misleading[ly]" rely on *Cortez v. Purolator Air Filtration Products,* 23 Cal. 4th 163, 180-181 (2000)—a case which squarely holds that equitable considerations *must* be considered by the Court in fashioning a remedy under California's Unfair Competition Law ("UCL").[1] Plaintiffs' argument is unavailing.

As a preliminary matter, *Cortez* is not a new case. Defendants cited *Cortez* to this Court as early as October 11, 2012 for the exact proposition mentioned above—namely, that "[i]n deciding whether to grant the remedy or remedies sought by a UCL plaintiff, the court must permit the defendant to offer such considerations."[2] In response, Plaintiffs argued, as they do

---

[1] Plaintiffs also claim that *Cortez* purportedly "does not even mention class certification." (Mot. at 5.) Plaintiffs are incorrect. *See Cortez,* 23 Cal. 4th at 171 ("The Court of Appeal assumed that Purolator raised the class certification issue in a timely manner.").

[2] *See* 10/11/12 Flores Ltr. to Hon. Loretta A. Preska, at 3.

4

here, that "defendants' affirmative defenses – based upon alleged unrelated bad conduct of plaintiffs – find no support in law," and requested that the unclean hands defense be stricken.[3] The Court did not grant Plaintiffs' request and instead issued an Order granting Defendants' pre-motion letter to "compel discovery regarding unauthorized downloading and dissemination of digital music by the named Plaintiffs." (Dkt. 179, at 1.) Plaintiffs did not move for reconsideration of that portion of the Court's Order, though they did seek reconsideration of *other* aspects of that same Order. (Dkt. 183.) Accordingly, by their present Motion, Plaintiffs are impermissibly attempting to "secur[e] a rehearing on the merits," and to "otherwise tak[e] a 'second bite at the apple'" on an issue that was resolved nearly two years ago. *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Moreover, as a substantive matter, Plaintiffs are incorrect that *Cortez* is not instructive here. To the contrary, *Cortez* is applicable precisely because it highlights the differences between California law—which *requires* courts to weigh equitable considerations[4]—and other states' laws—which may not require such an analysis.[5] Accordingly, Plaintiffs' inequitable

---

[3] *See* 10/17/12 Sweeney & Lovell Ltr. to Hon. Loretta A. Preska, at 1-2

[4] California's "UCL remedies are cumulative to remedies available under other laws (§ 17205) and, as section 17203 indicates, have an independent purpose-deterrence of and restitution for unfair business practices." *Cortez*, 23 Cal. 4th at 179. For this reason, the UCL provides courts with a "broad" grant of "equitable power," and permits UCL defendants to assert equitable considerations "in addition to those defenses which might be asserted to a charge of violation of the statute that underlies a UCL action." *Id*. at 180-181. Under California law, "[a] court cannot properly exercise an equitable power without consideration of the equities on both sides of a dispute." *Id*. at 180.

[5] *See Hughes v. Abell*, 867 F. Supp. 2d 76, 88 (D.D.C. 2012) (unclean hands defense is not available under the consumer protection laws of the District of Columbia); *Gastaldi v. Sunvest Resort Cmtys.*, 2010 U.S. Dist. LEXIS 9876, 24-25 (S.D. Fla. Feb. 3, 2010) (recognizing that although unclean hands is generally available to defeat claims based in law, no Florida state court has addressed whether it is available for FDUTPA claims that further a public policy).

conduct is an issue that *must* be taken into account at the class certification stage because it affects manageability of the putative class. *See, e.g.*, *Scherer v. Combined Ins. Co. of Am.*, 253 F.R.D. 40, 43 (D. Conn. 2008) (class certification denied in part because Plaintiffs failed to explain how differences in state law could be managed).[6]

### 2. Case law makes clear that unclean hands is relevant at the class certification stage.

Plaintiffs claim that *Ticconi v. Blue Shield of California Life & Health Insurance Company*, 160 Cal. App. 4th 528, 548 (2008), prohibits the consideration of equitable defenses at the class certification stage. Plaintiffs' reliance on *Ticconi* is misplaced.

As an initial matter, *Ticconi*, like *Cortez*, is not new law, and therefore does not support Plaintiffs' request for reconsideration. (*See* Dkt. 215 (A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced.") (citing *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) (citations omitted).) Moreover, the language of *Ticconi* makes clear that its holding was limited to the facts of that case (160 Cal. App. 4th at 534 ("The equitable defense of unclean hands is not available in a UCL action based on the violation of statutes such as [California Insurance Code] sections 10113 and 10381.5.")), and the court's conclusion that the unclean hands defense could not be used to prevent class certification was unsupported by any precedent (*id*. at 545).[7]

---

[6] Indeed, in addition to the UCL, California's Cartwright Act plainly states that injunctive relief is available under the Act "under the same conditions and principles as injunctive relief is granted by courts generally under the laws of this state and the rules governing these proceedings." Cal. Bus. & Prof. Code §16750(a).

[7] Plaintiffs' citation to *Mendoza v. Ruesga*, 169 Cal. App. 4th 270, 282 (2008) is misleading because that case holds the unclean hands doctrine is not an affirmative defense to a cause of action under the Immigration Consultants Act.

In fact, several cases have held that unclean hands is a relevant consideration at the class certification stage.  *See, e.g.*, *Graham v. Overland Solutions Inc.*, No. 10-CV-672 BEN (BLM), 2011 U.S. Dist. LEXIS 49304, at *7-8 (S.D. Cal. May 9, 2011) (denying class certification in a case involving a UCL claim, among others, where "Defendant's unclean hands defense goes directly to the heart of [the class representatives'] claim that they were not paid all that they were owed"); *see also Mazur v. eBay Inc.,* 257 F.R.D. 563, 568-569 (N.D. Cal. 2009) (denying certification where, among other things, the fact that the presumptive lead plaintiff may be subject to the defense of unclean hands "puts her in a different position from the rest of the putative class").  Thus, Plaintiffs' assertion that unclean hands is irrelevant to class certification is unavailing.

### 3. The unclean hands doctrine applies where the conduct at issue relates to the subject matter of the litigation.

Plaintiffs also attempt to resurrect their unsuccessful argument that unclean hands must relate to a specific transaction in order to apply.[8]  But as Defendants explained almost two years ago, they satisfy the test for applying unclean hands here because the conduct relied upon for the defense is "'directly related to the *subject matter in this litigation* and the party seeking to invoke the doctrine was injured by such conduct.'"[9]  Specifically,

> [t]he subject matter in this litigation is Plaintiffs' acquisition of Digital Music; any acquisition by Plaintiffs of Digital Music owned by Defendants without paying for it is part and parcel of this subject matter. The 'transactions' at issue are those in which

---

[8] *See* 10/17/12 Sweeney & Lovell Ltr. to Hon. Loretta A. Preska, at 2 (arguing that "the bad conduct" which forms the basis for the unclean hands defense "be … part of the same transaction as the conduct challenged by the plaintiff") & n.3.

[9] 10/18/12 Flores Ltr. to Hon. Loretta A. Preska, at 1-2 (citing *MBIA Ins. Corp. v. Patriarch Partners VIII, LLC*, 842 F. Supp. 2d 682, 712 (S.D.N.Y. 2012) (internal citation omitted and emphasis added)).

7

Plaintiffs acquired Digital Music, whether or not they paid for it. A Plaintiff may not complain that one hand is being overcharged while the other hand is robbing the store.[10] Numerous cases cited by *both* Plaintiffs and Defendants support this application of the unclean hands defense. *See, e.g.*, *Heldman v. U.S. Lawn Tennis Ass'n*, 354 F. Supp. 1241, 1249 (S.D.N.Y. 1973) ("Injunctive relief … is available only to the plaintiff … who comes before the Court free of any inequitable conduct on her part with respect to *the matters in dispute*.") (emphasis added); *Singer v. Hollander & Son Inc.*, 202 F.2d 55, 59-60 (3d Cir. 1953) (antitrust Plaintiffs' unclean hands arose out of his violation of common law duties as an employee).[11]

Moreover, Plaintiffs' mischaracterization of *Salas v. Sierra Chemical Co.*, 59 Cal. 4th 407 (2014), does not change this analysis. In *Salas*, plaintiff sued the defendant for (1) failure to provide reasonable accommodations for his disability in violation of California's Fair Employment and Housing Act ("FEHA"); and (2) wrongful denial of employment in violation of the public policy expressed in the FEHA, by retaliating against him for filing a workers' compensation claim and for being disabled. *Id.* at 416-17. Plaintiffs' alleged unclean hands, however, related to his supposed use of another person's Social Security number to obtain employment—it did not relate to the claim for workers' compensation. *Id.* at 417. Thus, *Salas*

---

[10] 10/18/12 Flores Ltr. to Hon. Loretta A. Preska, at 2.

[11] Plaintiffs' suggestion that cases such as *Singer*, *Fibreboard Paper Products v. East Bay Union of Machinists,* 227 Cal. App. 2d 675, 727 (1964), *Graham v. Triangle Publications*, 233 F. Supp. 825 (E.D. Pa. 1964), and *Louisiana Petroleum Retail Dealers v. Texas Co.*, 148 F. Supp. 334 (W.D. La. 1956) are no longer good law because they pre-dated *Perma Life Mufflers, Inc. v. International Parts Corp.*, 392 U.S. 134, 140 (1968) is simply wrong. First, *Perma-Life* relates to the *in pari delicto* defense, not the unclean hands defense. *See id*. at 135 ("The principal question presented is whether the plaintiffs in this private antitrust action were barred from recovery by a doctrine known by the Latin phrase in pari delicto, which literally means 'of equal fault.'"). Second, *Singer*, *Graham*, and *Louisiana Petroleum* continue to be cited by a leading antitrust treatise as good law. *See* 1 ABA Section of Antitrust Law, Antitrust Law Devs. 830-31 & fns. 542-543 (7th ed. 2012).

8

makes clear that the misconduct that forms the basis for the unclean hands defense "must relate to the very *subject matter* involved and affect the equitable relations between the litigants." *Id.* at 432 (emphasis added). The case law requires no more.

For these reasons, Plaintiffs' transaction-based theory of the unclean hands defense must be rejected.

### C. The Court's Finding that Illegal Downloading Is Relevant to Potential Offsetting of Damages Was Not Clear Error

#### 1. Offset is reasonably related to class certification because it is directly relevant to whether individual questions of damages will overwhelm common questions.

Plaintiffs' arguments concerning Defendants' theory of setoff are utterly misplaced. To begin, Plaintiffs claim that Defendants "do not explain how offset is 'reasonably related to opposing Plaintiffs' class certification motion.'" (Mot. at 8.) This is incorrect.

As Defendants explained in their August 1, 2014 letter brief to the Court (Dkt. 288), it is well-settled that "the ultimate relief awarded" in an antitrust action "must take into account any benefits which would not have been received by plaintiff 'but for' the defendant's anticompetitive conduct, or amounts a plaintiff would have expended in the absence of the violation." *L.A. Memorial*, 791 F.2d at 1367; *see Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481 (1968). As the court stated in *L.A. Memorial*,

> in order to put a plaintiff in the position it would have been, absent the defendant's antitrust violation, the plaintiff's gross recovery for the antitrust violation *must* be reduced by *any* benefits that plaintiff would not have received had there been no anticompetitive conduct by the defendant, or, more generally, by amounts which are unnecessary to fully compensate a plaintiff for the adjudicated violation. The relevant

9

inquiry is "what plaintiff's situation would have been in the absence of the defendant's violation."

*Id*. at 1366-1367 (emphases added).

Applying that common sense rule here means that Plaintiffs' damages must be offset by the amounts they would have otherwise paid for songs they illegally downloaded but for the alleged price fixing which they claim rendered such music too expensive to purchase.[12] Plaintiffs' damages model fails to account for this important offset—which in all likelihood affects a large portion of the class.[13] Thus, "[q]uestions of individual damage calculations will inevitably overwhelm questions common to the class," thereby weighing against certification. *Comcast v. Behrend*, 133 S. Ct. 1426, 1433-35 (2013) (reversing class certification where "respondents' model falls far short of establishing that damages are capable of measurement on a classwide basis); *see, e.g.*, *In re Florida Cement & Concrete Antitrust Litig.*, 278 F.R.D. 674, 686-87 (S.D. Fla. 2012) (price-fixing case in which individualized inquiries concerning damages precluded finding that Plaintiffs presented a plausible methodology for calculating damages on a class-wide basis).

> 2. **Plaintiffs have misapplied the two theories of offset under *L.A. Memorial***

Plaintiffs incorrectly state that Defendants "invoke the fault-based theory" of offset described in *L.A. Memorial* (Mot. at 8), which applies where the plaintiff is a party to the illegal

---

[12] Plaintiffs argue that this well-established rule is not applicable here because they supposedly received no benefits from the alleged price fixing. (Mot. at 9, fn. 14.) This argument fails because it is predicated on the illogical—and unsupportable—assumption that the price of music had no effect on individual Plaintiff's decisions to pirate music. For this reason too, Plaintiffs' criticism of Defendants' reliance on *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481 (1968) (*see* Mot. at 9, fn. 14) is misplaced.

[13] This Court has expressly recognized that part of the class period was characterized by "an environment of widespread unauthorized downloading of Internet Music." (Dkt. 111, at 15.)

restraint of trade. *L.A. Memorial*, 791 F.2d at 1366.  But Defendants do not invoke this theory for the same reason that they do not assert *in pari delicto* as a defense—namely, they do not claim that Plaintiffs engaged in supposed price fixing.  (*See* Dkt, 288, at 1, fn. 1.)  Instead, as discussed above (in §II.C.1), Defendants invoke the theory of offset articulated in *L.A. Memorial* that "is simply a corollary of the general principle … that an award of damages should put a plaintiff … into the position it would have been "but for" the defendant's violation of the law." *L.A. Memorial*, 791 F.2d at 1367.  Therefore, Plaintiffs' entire discussion of *L.A. Memorial* is flawed and should be rejected.

> **3.     Offset may still be pleaded by the Defendants as a counterclaim or affirmative defense.**

Plaintiffs contend that the Court erred in permitting discovery into illegal downloading because Defendants have failed to plead offset as an affirmative defense.  Yet Plaintiffs—who themselves are seeking to amend their complaint *after* having moved for class certification—do not point to any authority that prohibits the affirmative defense of offset from being raised and investigated during the discovery phase of litigation.  Nor can they, because parties may add an affirmative defense by amendment before, during, or after trial, as Plaintiffs' own cases make clear.  *See, e.g.*, *Fed. Deposit Ins. Corp. v. Siraco,* 174 F.2d 360, 363 (2d Cir. 1949) (finding that a party should "should not [be] deprive[d] . . . of a meritorious defense" and remanding "with instructions to allow" amendment); *see also* FED. R. CIV. P. 15(a), (b).

Moreover, Plaintiffs' reliance on *Arch Insurance Company v. Precision Stone, Inc.* and *Seven Corners Shopping Center Falls Church, VA. Ltd. Partnership v. Chesapeake Enterprises USA* is similarly flawed.  The *Arch Insurance* court reversed an offset which was raised for the first time *sua sponte* in the district court's post-trial decision and neither party had previously raised damages offset as a potential defense.  *Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33,

11

41-42 (2d Cir. 2009). Similarly, the court in *Seven Corners* denied an offset in the post-judgment damages phase when the argument was not previously raised by the party seeking the offset. *Seven Corners Shopping Ctr. Falls Church, Va. Ltd. P'ship v. Chesapeake Enters. USA LLC*, 07-CV-6332T, 2010 WL 5253528, at * 5 (W.D.N.Y. Aug. 6, 2010). As such, Plaintiffs' attempt to preclude discovery potentially relevant to an offset theory at this stage of litigation is misguided.

Finally—and as Defendants explained in prior briefing[14]—regardless of whether Plaintiffs' illegal downloading can be a basis for offsetting damages under Section 1 of the Sherman Act (which it can), Defendants are entitled to take discovery of Plaintiffs' potential unauthorized downloading in order to assess the basis for a possible counterclaim for copyright violations.[15]

### D. Plaintiffs' Unsupported Requests for "Clarification" Should Be Rejected.

The final two argument sections of Plaintiffs' Motion purport to seek "clarification" as to whether the Court's August 12, 2014 Order finds unclean hands evidence relevant to Plaintiffs' claims (1) for injunctive relief, and (2) under California's UCL.

As to the issue of injunctive relief, Plaintiffs claim that evidence of unclean hands is not reasonably related to class certification or available as a defense to injunctive relief. But as discussed above (*see supra*, §§ II.B.1-.2), case law is to the contrary.

---

[14] *See* 10/11/12 Flores Ltr. to Hon. Loretta A. Preska, at 3 ("'Discovery into whether Plaintiffs engaged in unlawful or unauthorized conduct is also necessary to establish a factual predicate for counterclaims that Defendants may assert in seeking a setoff against Plaintiffs' recovery.").

[15] "[C]opyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement[.]" *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125 (2d Cir. 2014).

12

Further, Plaintiffs' citation to a laundry list of injunctive relief cases—which they could have cited in their August 1, 2014 letter to the Court—does nothing to suggest that the Court purportedly committed clear error.  To the contrary, when read alongside the cases cited in Defendants' August 1, 2014 letter to the Court (*see* Dkt. 288, at 2-3 & n. 4), these cases merely demonstrate that courts vary in their application of the unclean hands defense to injunctive relief claims.  Indeed, *Skil Corp. v. Black & Decker Manufacturing Co.*, 351 F. Supp. 65, 66 (N.D. Ill. 1972), cited by Plaintiffs, plainly recognizes that "Courts have divided on the applicability of the unclean hands doctrine in private antitrust actions seeking equitable relief."[16]

Finally, for the same reasons stated above in Section II.B.2 regarding reconsideration, the Court's ruling does not clarification as to whether unclean hands evidence is relevant to Plaintiffs' claims under California's UCL.

### III.  CONCLUSION

For all of the reasons set forth above, Plaintiffs' Motion should be denied.

---

[16] Moreover, some of these cases appear to find that unclean hands was not a viable defense based on the particular circumstances of those cases.  *See, e.g.*, *Trebuhs Realty Co. v. News Syndicate Co.*, 107 F. Supp. 595, 600 (S.D.N.Y. 1952) ("from the conclusory allegations set forth in the defenses, it is difficult to determine … just what the injury is of which defendants complain").

| | |
|---|---|
| Dated: August 29, 2014<br>Los Angeles, California | Respectfully submitted,<br><br>GIBSON, DUNN & CRUTCHER LLP<br><br>Scott A. Edelman<br>Angelique Kaounis<br>2029 Century Park East<br>Los Angeles, CA 90067-3026<br>(310) 552-8500<br><br>By: /s/ Joseph Kattan<br>Joseph Kattan, PC<br>1050 Connecticut Ave., N.W.<br>Washington, D.C. 20036-5306<br>(202) 955-8500<br><br>*Attorneys for Sony Music Entertainment*<br><br>SIMPSON THACHER & BARTLETT LLP<br><br>By: /s/ Jonathan K. Youngwood<br>  Jonathan K. Youngwood<br>  Christopher J. Caputo<br>  425 Lexington Avenue<br>  New York, New York  10017<br>  (212) 455-2000<br><br>*Attorneys for Warner Music Group Corp.*<br><br>MUNGER, TOLLES & OLSON LLP<br><br>By: /s/ Glenn D. Pomerantz<br>  Glenn D. Pomerantz<br>  Kelly M. Klaus<br>  355 South Grand Avenue, 35th Floor<br>  Los Angeles, California 90071-1560<br>  (213) 683-9100<br><br>*Attorneys for UMG Recordings, Inc. Capitol Records, Inc. d/b/a/ EMI Music North America, Capitol-EMI Music, Inc. and Virgin Records America, Inc.* |

101792775.1