S IMPSON  T HACHER  &  B ARTLETT LLP

425 L EXINGTON  A VENUE
N EW  Y ORK , NY 10017-3954
(212) 455-2000

F ACSIMILE  (212) 455-2502

D IRECT  D IAL  N UMBER                                                       E-M AIL  A DDRESS
(212) 455-3539                                                                      jyoungwood@stblaw.com

<u>VIA ECF</u>                                                     March 17, 2015

                                        Re:     *In re Digital Music Antitrust Litigation*,
                                                          <u>MDL No. 1780 (LAP)</u>

The Honorable Loretta A. Preska
Chief Judge, United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Dear Chief Judge Preska:

       We respectfully submit this letter on behalf of all Plaintiffs and all Defendants in response to your Order dated March 2, 2015 (Dkt. No. 311).  Each party's respective position in response to your Order is detailed below.

<u>PLAINTIFFS' POSITION</u>

       A.      *Removal Plaintiffs Discovery and Depositions:*

       The Plaintiffs seeking withdrawal from the case ("Removal Plaintiffs") are represented by separate counsel who have already or are in the process of contacting Defendants concerning the scheduling of depositions and the production of documents. Removal Plaintiffs will produce responsive documents within 10 days of the date of such Plaintiff's agreed upon deposition date.  All depositions should happen as soon as is practicable on mutually agreed upon dates. Defendants continue to refer to these Removal Plaintiffs as Proposed Class Representatives, despite the fact that these people will not seek to represent the class and are producing discovery and agreeing to sit for a deposition based only on the Court's order that they must do so because at one time they were proposed representatives.  Also, Plaintiffs are confused as to Defendants' statement that they "need time to review the productions … before making an informed decision as to whether Defendants will seek to depose these [Removal Plaintiffs].  Defendants have requested deposition dates for all of the Removal Plaintiffs and Plaintiffs have been lead to believe that all Removal Plaintiffs must be deposed in order to satisfy their alleged need for such discovery.

SIMPSON THACHER & BARTLETT LLP

The Honorable Loretta A. Preska -2- March 17, 2015

B. *Motion to Amend Complaint:*

In light of this Court already ruling on Plaintiffs' Motions to amend the complaint and add Class representatives, Plaintiffs do not believe any further motions to Amend the Complaint are necessary.

Plaintiffs will file an Amended Consolidated Complaint that conforms to the Court's Order on March 2, 2015 within one week of Defendants completing discovery. If Defendants have any issues with any Amended Complaint filed they may file an appropriate motion with the Court.

C. *Class Certification:*

Plaintiffs seek to make only non-substantive changes to their class certification motion papers. The only changes sought are to certain parties representing certain states in the class certification motion. Plaintiffs could submit a new exhibit with proposed class representatives to cure this defect within 24 hours of this Court's direction. As such, Plaintiffs propose that dates from the previously agreed upon schedule be enforced. Namely: Defendants have 60 days from completion of their discovery to respond to Plaintiffs' motion (the original agreed upon schedule granted defendants 120 days that included time to conduct discovery, but in light of the significant amount of discovery already taken and the amount of time that has passed, Plaintiffs believe 60 days is a fair interpretation of the originally agreed upon schedule).

Plaintiffs reply is due within 120 days from the date that Defendants' response to Class certification is due. Plaintiffs have not conducted any discovery necessary to reply to Defendants' response to class certification and will require the full 120 days to conduct discovery and reply to Defendants' response. Further, Defendants through various court filings have already indicated that they intend to present individualized defenses of offset and "unclean hands" from copyright infringement as a defense to class certification. Plaintiffs will require discovery to reply to these defenses including but not limited to discovery as to Defendants' conduct amounting to copyright misuse which may remove copyright infringement as an available defense.

DEFENDANTS' POSITION

A. *Proposed Revised Schedule for Providing Discovery and Deposing Proposed Class Representatives*

| Event | Deadline |
|---|---|
| Deadline for Proposed Class Representatives to produce all court-ordered documents and digital music files | April 15, 2015 |
| Deadline for Proposed Class Representatives to sit for depositions | July 15, 2015 |

SIMPSON THACHER & BARTLETT LLP

The Honorable Loretta A. Preska     -3-     March 17, 2015

Upon completion of all Court-ordered discovery by Plaintiffs, the parties will meet-and-confer to present the Court with a new schedule for class certification briefing.

B.   *Whether Plaintiffs' Motion for Class Certification is Stale*

Plaintiffs represent that they only seek "non-substantive changes to their class certification motion papers," and the "only changes sought are to certain parties representing certain states in the class certification motion." Plaintiffs also represent that they "could submit a new exhibit with proposed class representatives to cure this defect within 24 hours of this Court's direction." In light of these representations, Plaintiffs appear to take the position that their motion for class certification (Dkt. No. 227) is not substantively stale, but that it does require certain procedural amendments in order to proceed.

Further, pursuant to the Court's Order at Docket No. 311, Defendants understand that Plaintiffs' request for a pre-motion conference for anticipated motions to amend the class certification motion and set a new briefing schedule (Dkt. Nos. 308, 310) will be addressed after Plaintiffs have complied with their discovery obligations. Defendants also understand that the Court has denied two of Plaintiffs' motions to amend the complaint until after Plaintiffs have complied with their discovery obligations. (Dkt. No. 311 at 2). Defendants' position is that the parties should meet and confer once Plaintiffs have complied with their discovery obligations (Dkt. No. 311 at 2) as to whether there is an amended complaint to which the parties can stipulate in accordance with the Court's Order, and, if not, present any dispute to the Court.

C.   *Explanation for Defendants' Position*

Plaintiffs have been on notice for nearly one year that they would need to produce documents and digital music files from the Proposed Class Representatives. *See, e.g.,* May 5, 2014 Order (Dkt. No. 253). Defendants therefore respectfully request that the Court order Plaintiffs to produce these remaining documents and files by April 15, 2015.

Further, as Defendants have previously indicated (*see, e.g.*, Dkt. No. 309), Defendants need time to review the productions of the Proposed Class Representatives before making an informed decision as to whether Defendants will seek to depose these Proposed Class Representatives. Accordingly, depositions cannot be scheduled until all of the remaining Proposed Class Representatives' document productions are completed. Plaintiffs have also informed Defendants that scheduling of these remaining depositions will be coordinated by counsel for each individual Proposed Class Representative, and not by counsel for the class. Given these considerations, Defendants respectfully request that the parties complete all depositions of the remaining Proposed Class Representatives by July 15, 2015.

S IMPSON T HACHER & B ARTLETT LLP

The Honorable Loretta A. Preska -4- March 17, 2015

Respectfully submitted,

/s/ Alexandra S. Bernay   /s/ Jonathan K. Youngwood

Alexandra S. Bernay   Jonathan K. Youngwood
*On Behalf of Plaintiffs*   *On Behalf of All Defendants*

cc: All counsel of record (via ECF)