# LOVELL STEWART HALEBIAN JACOBSON LLP

61 Broadway, Suite 501
New York, New York 10006
www.lshllp.com

| Telephone | Facsimile |
|---|---|
| 212.608.1900 | 212.719.4775 |

October 21, 2015

<u>VIA ECF</u>

The Honorable Loretta A. Preska
Chief Judge, United States District Court
   Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007-1312

Re: *In re Digital Music Antitrust Litigation*, 06 MDL 1780 (LAP)

Dear Chief Judge Preska:

     Pursuant to this Court's Individual Rules of Practice 2.A, , Plaintiffs respectfully request a pre-motion conference for their anticipated motion to strike redundant, immaterial, impertinent, and false matter certain of Defendants' Answers to the Fourth Amended Consolidated Complaint

     By letter dated October 15, Plaintiffs asked Defendants to remove the improper matter on the grounds that statements would be inadmissible at trial, the statements have no possible bearing on the issues to be tried, and Plaintiffs will be prejudiced if the statements are permitted to stand. Defendants failed to respond.

     As grounds for striking the offensive matter, Plaintiffs state:

     <u>First</u>, Defendants falsely and repeatedly claim that Plaintiffs violated Rule 15. *See* WMG Answer to Complaint Docket No. 322, October 9, 2015, paragraphs 4, 6, 9, 10, 12-15, 30, 36, 44, 48, 107, 121; SME Answer to Complaint Docket No. 320, October 9, 2015, paragraphs 4, 6, 9, 10, 12-15, 30, 36, 44, 48, 107, 121; UMG Answer to Complaint Docket No. 321, October 9, 2015, paragraphs 4, 30, 36, 44, 48. However, Defendants stipulated, and the Court granted, Plaintiffs leave to file their Amended Complaint. *See* Stipulated Order, Dkt. No. 318, September 21, 2015 (the "September 2015 Stipulated Order"): ("Plaintiffs are granted leave to file their Fourth Consolidated Amended Complaint"). The Court granted leave to file the Amended Complaint, necessarily finding no violation of Rule 15. Rule 15(a)(2) regarding amendment of pleadings is clear: "a party may amend its pleading only with the opposing party's written consent or the court's leave." Plaintiffs satisfied both requirements. These false statements to the contrary are redundant, immaterial, and impertinent and so must be stricken.

     <u>Second</u>, Defendants falsely assert that Plaintiffs violated the Court's Order requiring the parties to meet and confer prior to filing the Amended Complaint. *See* WMG Answer paragraphs

The Honorable Loretta A. Preska
October 20, 2015
Page **2**

1, 4, 6, 9, 10, 12-15, 30, 36, 44, 48, 107, 121 concerning the April 6,2015 Order ("ordering the parties to meet and confer as to whether there is an Amended Complaint to which they can stipulate") (Dkt. No. 313); SME Answer paragraphs 1, 4, 6, 9, 10, 12-15, 23, 30, 36, 41, 44, 48, 56, 72, 73, 96, 107, 110, 112, 116, 121; UMG Answer paragraphs 1, 4, 30, 36, 41, 44, 48, 56, 107. That is false. The September 2015 Stipulated Order states that "the Parties met and conferred in good faith regarding Plaintiffs' proposed Consolidated Amended Complaint" and "Defendants agree to the filing of the Proposed Amended Complaint." These bad faith statements regarding the meet-and-confer process must be removed from Defendants' Answers.

Third, Defendants likewise falsely state that Plaintiffs violated the Stipulation to which all parties agreed. *See* WMG Answer paragraphs 1, 4, 6, 9, 10, 12-15, 30, 36, 44, 48, 107, 121 concerning the September 2015 Stipulation and Order; SME Answer paragraphs 1, 4, 6, 9, 10, 12-15, 23, 30, 36, 41, 44, 48, 56, 72, 73, 96, 107, 110, 112, 116, 121; UMG Answer paragraphs 1, 4, 30, 36, 41, 48, 56, 107. But there is no good faith basis to contend that Plaintiffs violated the Stipulation, and Defendants have provided no detail or description regarding the claimed violation. That Defendants agreed to Plaintiffs filing the Amended Complaint in the September 2015 Stipulated Order is indisputable.

Fourth, Defendants falsely claim that Plaintiffs violated the Court's prior Orders regarding amendment of the Complaint. *See* WMG Answer paragraphs 1, 4, 6, 9, 10, 12-15, 30, 36, 44, 48, 107, 121 regarding the March 2015 Order ("denying the addition and removal of certain named Plaintiffs from the complaint"); SME Answer paragraphs 1, 6, 9, 10, 12-15, 23, 30, 36, 41, 44, 48, 56, 72, 73, 96, 107, 110, 112, 116, 121; UMG Answer paragraphs 1, 30, 36, 41, 44, 48, 56, 107. Defendants agreed to the filing of the Amended Complaint without conditions. The September 2015 Stipulated Order, to which all parties agreed, unambiguously states that "Defendants agree to the filing of the proposed Amended Complaint." The Court granted leave, with no conditions attached: "Plaintiffs are granted leave to file their Fourth Consolidated Amended Complaint." Again, Plaintiffs have satisfied the requirements of Rule 15(a)(2) requirements that either leave of the court or a party's written consent is required to file an amended complaint. Further, Defendants admit in the September 2015 Stipulated Order that all Plaintiffs, except Andrew Edenbaum which Defendants have reserved their rights to seek discovery from, seeking removal complied with the Court's Orders by providing discovery and sitting for a deposition. See September 2015 Stipulation and Order ("Plaintiffs produced documents and appeared for deposition"). Accordingly, Defendants' false statements that Plaintiffs violated prior Orders have no good faith basis and so must be stricken.

Rule 12(f) authorizes a court to strike from a pleading "any redundant, immaterial, [or] impertinent …matter." A "redundant" matter consists of allegations that are foreign to the matter to be denied. *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005). An "impertinent" matter consists of statements that do not pertain to, and are not necessary to resolution of, the disputed issues. *Lynch v. Southampton Animal Shelter Foundation, Inc.*, 278 F.R.D. 55, 63 (E.D.N.Y. 2011). An "immaterial" matter is that which has no essential or important relationship to the claim for relief. *In re Methyl Tertiary Butyl (MTBE) Products Liability Litigation*, 402 F. Supp. 2d 434, 436 (S.D.N.Y. 2005). To prevail on their Rule 12(f), Plaintiffs must demonstrate "(1) no evidence

The Honorable Loretta A. Preska
October 20, 2015
Page **3**

in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant," *Roe v. City of New* York, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001). The request to strike the paragraphs cited above satisfies the *Roe* standard. Relatedly, sustaining Plaintiffs' Rule 12(f) motion avoids the expenditure of time and money that will arise from litigating these spurious allegations prior to trial. *See e.g., Whittlestone, Inc. v. Handi-Craft Co.*, 618 F. 3d 970, 973 (9th Cir. 2010).

It is indisputable that Plaintiffs filed their Amended Complaint **only** with the consent of each of the Defendants, and pursuant to this Court's Order **granting leave** to file. Defendants now wish to repudiate their prior consent. That issue was closed with entry of the September 2015 Stipulation and Order on Sept. 21, 2015. (Dkt. No. 318.) Consequently, Defendants' baseless allegations that Plaintiffs violated Rule 15 must be stricken.

Respectfully Submitted,

/s/Craig M. Essenmacher                                    /s/ Alexandra S. Bernay

Craig M. Essenmacher                                        Alexandra S. Bernay
Merrick S. Rayle                                            ROBBINS GELLER RUDMAN
LOVELL STEWART HALEBIAN                                     & DOWD LLP
JACOBSON LLP                                                655 West Broadway, Suite 1900
61 Broadway, Suite 501                                      San Diego, CA 92101-8498
New York, NY 10006

*Interim Co-Lead Counsel for Plaintiffs*